UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS(c) 33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590
      PETITIONER

v.

JEANETTE WILLIAMS,
FREEDOM OF INFORMATION BRANCH
DEPARTMENT OF HOMELAND SECURITY

POSTAL REGISTRY NO. 7414
7005 3110 0003 7968 ____ DK.

Case: 1:07-cv-00465
Assigned To : Unassigned
Assign. Date : 03/13/2007
Description: KEYS v. WILLIAMS et al

MANDAMUS

CASE RE-ASSIGNED
MAY 1 0 2007
TO: URBINA, J.
PMU

EMERGNECY PETITION FOR MANDAMUS COMPELLING
OFFICER OR EMPLOYEE OF THE UNITED STATES TO PERFORM
DUTY OWED TO PETITIONER, THAT IS, COMPLY WITH 2003
FREEDOM OF INFORMATION REQUEST BY SPECIAL VISITAION

AND NOW COMES, your petitioner, praying and respectfully petitioning this Honorable Court for an order granting Mandamus relief compelling Jeanette Williams to perform duty owed to petitioner by virtue of 28 USC § 1361 and the Due Process Clause of the United States Constitution.

In support, your Petitioner offers the following:

I. INTRODUCTION

(1)

This case begins with a freedon of information request dating back to June 30, 2003.

(2)

Your plaintiff has complied with the riles of information requests and agreed to assume any cost over the free 100 pages as required if the information is over 100 pages.

RECEIVED FEB 05 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS(c) 33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590
    PETITIONER

v.

JEANETTE WILLIAMS,
FREEDOM OF INFORMATION BRANCH
DEPARTMENT OF HOMELAND SECURITY

POSTAL REGISTRY NO. 7414 D.lc.
7005 3110 0003 7968

CIVIL CASE NO._____
INFORMATION REQUEST NO. 20030615
BY SPECIAL VISITATION

"WITHIN ADMIRALTY" 28 USC§§1333 or 1337

MANDAMUS

EMERGNECY PETITION FOR MANDAMUS COMPELLING
OFFICER OR EMPLOYEE OF THE UNITED STATES TO PERFORM
DUTY OWED TO PETITIONER, THAT IS, COMPLY WITH 2003
FREEDOM OF INFORMATION REQUEST BY SPECIAL VISITAION

AND NOW COMES, your petitioner, praying and respectfully petitioning this Honorable Court for an order granting Mandamus relief compelling Jeanette Williams to perform duty owed to petitioner by virtue of 28 USC § 1361 and the Due Process Clause of the United States Constitution.

In support, your Petitioner offers the following:

I. INTRODUCTION

(1)

This case begins with a freedon of information request dating back to June 30, 2003.

(2)

Your plaintiff has complied with the riles of information requests and agreed to assume any cost over the free 100 pages as required if the information is over 100 pages.

- 1 -

(3)

Petitioner Keys filed a request for expedition stating that the information was needed to perfect Court pleadings and that the public interest overcomes reasons for delay.

(4)

Keys' request were denied and continue to be denied even approaching four years of non-compliance.

(5)

Keys' has even filed a tort claim in an effort to obtain relief, it too has been Denied.

(6)

Your Petitioner is left with only two choices, (1) mandamus or (2) civil rights law suit under Bivens.

(7)

Petitioner believes mandamus relief is not only neccessary but appropriate in this case as 28 U.S.C. §1361 was designed for such instances where officer or employee has ministerial duty to perform under obligatory statute, but fails to do so.

II. CONCLUSION

(8)

The Freedom of Information provision was enacted to thwart the withholding of pertinent information maintained by government agencies regarding individuals.

(9)

Recently, the precedent signed into law a provision to revitalize and expedite Freedom of Information requests because of this very reason. Many times request go unanswered because

there is no one to enforce checks and balances.

(10)

This mandamus should issue because the duty to perform is clear. However, without accountability - this agency will continue to unreasonably delay "time - sensitive information" needed by Petitioner.

III. RULE OF LAW

Department of Air Force v. Rose, 425 U.S. 352, 48 L.Ed 2d 11, 96 S.Ct. 1592 (1976) "Disclosure, not secrecy is the dominant objective of act."

Vaughn v. Rosee, 484 F.2d 820 (D.C. Cir. 1973) Vaughn requires a detailed indexing of requesting documents and the rational for applying exemptions.

IV. APPLICATION

Applying the Supreme law of the land and this Circuit's own Vaughn precedent to the instant case your Petitioner's request for order of mandamus compelling respondents to "disclose requested information" as it has been 4 years - should issue in the interest of justice and to preserve the integrity of the judicial process.

V. CASES

Weisberg v. Department of Justice, 705 F.2d 1344 (D.C. 1983) to meet its burden an agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents."

Rugiero v. U.S. Department of Justice, 257, F.3d 534 (6th Cir. 2001) statutory exceptions to the Freedom of Information

Act (FOIA) requirement that a government agency may not withhold or limit the availability of any record are to be narrowly construed, and the burden is on the agency to justify its action.

<u>Public Citizen v. Department of State</u>, 276 F.3d 634 (D.C. Cir. 2002) Agency's date-of-request policy for FOIA requests was unreasonable.

<u>Solar Resources, Ind v. United States</u>, 142 F.3d 1033 (7th Cir. 1998) Government bears the burden of justifying its decision to withhold requested information pursuant to a Freedom of Information Act (FOIA) exemption.

WHEREFORE, your Petitioner prays this Honorable Court order the following:

(1) An order granting mandamus compelling employee or officer officer of government to perform its duty to disclose pertinent information to Petitioner within 30 days;

(2) An order directing agency to provide <u>Vaughn</u> index;

(3) An order directing agency to show cause;

(4) Any other such relief this Honorable Court deems just and appropriate under the circumstances in the interest of justice and to perserve the integrity of the judicial process.

October 20, 2006
Dated

Respectfully Submitted;
without prejudice/agent

Darren Keys, Secured Party
on behalf of Darren Keys,
ENS LEGIS # 33000-037
FCI Williamsburg
P.O. BOX 340
Salters, SC  29590

- 4 -

## CERTIFICATE OF SERVICE

I, Darren Keys, hereby certify that a true and correct copy of the foregoing has been forwarded to:

United States Attorney's Office
333 Constitution Ave.
Washington, D.C.  20001

on this 20th day of October, 2006

Respectfully Submitted;
Without Prejudice

Darren Keys, Pro Se  UCC 1-207
Reg. # 33000-037
FCI Williamsburg
P.O. BOX 340
Salters, SC  29590

THE UNITED SATATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS(c) 33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

POSTAL REGISTRY NO.
7005 3110 0003 7968 6127

CIVIL CASE NO._____

BY SPECIAL VISITATION

-Against-

JEANETTE WILLIAMS,
FREEDOM OF INFORMATION BRANCH
DEPARTMENT OF HOMELAND SECURITY
_____/

"WITHIN ADMIRALTY" 28
USC §§ 1333 or 1337

MADAMUS

SUPPORTING
AFFIDAVIT OF POVERTY

Darren Lamont Keys, being duly sworn according to law, deposes and says:

1. I am the Plaintiff-Movant in the above styled action;

2. I bringthis action in good faith;

3. This Mandamus seek to compel an Employee of the United States to perform their duty owed to plaintiff by virtue of 28 USC §1361;

4. I have exhausted my administative remedies, in that, I have:

    (a) timely filed this request almost four years ago on June 30, 2003 ;

5. The(b)fimely filed a request for expedited handling;

    (c) timely filed a Tort Claim grieving the delay

5. I personally earn a total of $22.00 per month and currently, as of december 11, 2006, have a total of $22.47 in my inmate account- $15 of which is earmarked for the Fee of Notary Public and $25.00 is due for Inmate Financial Responsibility Program (IFRP) which will leave me with a negative balance and cause the B.O.P. to punish me for not having the $25.00 to pay the (IFRP);

6. I may or may not receive any funds from family ("Inconsistent Charities") as support has not been consistent and Christmas will certain add to the reasons why they don't have money to send;

7. because of my poverty, I am unable to pay the costs of this action, to give security thereafter;

8. I have been recently granted Forma Pauperis Status by U.S. Supreme Court as well as Middle District of Florida; and

9. I understand that any statement made by me in this Affidavit that is not true, correct, and complete to the best of my knowledge and beliefs will subject me to penlaties of perjury.

Dated: Decemebr 11, 2006.

NOTARY UNAVAIBLE
I DECLARE Under penalties
of Perjury under 28 USC §1746
That the Above facts are TRUE,
Correct, and Complete to the best
OF My Knowledge and Recollection.

NOATRY PUBLIC

Respectfully Submitted,
Without Prejudice
Authorized Agent

Darren Lamont Keys,
secured Party

-2-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true, correct, and complete copy of the foregoing has been forwarded to:

    United States Attroney's Office
    333 Constitution Avenue
    Washington, DC 20001

on this __11__th day of Decemeber, 2006.

    Respectfully Submitted,
    Without Prejudice
    _____
    Darren Lamont Keys,
    Authorized Representative
    F.C.I. Williamsburg
    p.o. Box 340
    Salters, SC 29590