**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| DARREN LAMONT KEYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-0465 (AK) |
| | ) **ECF** |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

---

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, the Department of Homeland Security, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), for an order dismissing this case on mootness grounds. Alternatively, defendant seeks an order, pursuant to Federal Rule of Civil Procedure 56, granting defendant summary judgment on the grounds that no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law.

In support of this Motion, defendant respectfully submits the attached statement of material facts as to which there is no genuine dispute, a memorandum of points and authorities with exhibits, and a proposed order.

Respectfully submitted,

_/s/ Jeffrey A. Taylor_
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_/s/ Michelle N. Johnson_
MICHELLE N. JOHNSON, D.C. BAR # 491910

Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Andrea Hagen
Attorney
United States Secret Service
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|                                        |     |                      |
| -------------------------------------- | --- | -------------------- |
| DARREN LAMONT KEYS,                    | )   |                      |
|                                        | )   |                      |
|     Plaintiff,     | )   |                      |
|                                        | )   |                      |
|     v.             | )   | Civil No. 07-0465 (AK) |
|                                        | )   |                      |
| DEPARTMENT OF HOMELAND SECURITY,       | )   |                      |
|                                        | )   |                      |
|     Defendant.     | )   |                      |
|                                        | )   |                      |

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, the United States Secret Service (the "Secret Service" or "the agency"), submits this memorandum of law in support of its motion for dismissal, or alternatively, summary judgment. Plaintiff, Darren Lamont Keys ("plaintiff"), brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq.,[1] concerning a FOIA request that he submitted to the Secret Service in June 2003. Because the Agency has now released all non-exempt documents to Plaintiff, dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) because this action is now moot. Alternatively, summary judgment is required because the agency has conducted a proper search for records, has released all segregable non-exempt records to plaintiff, and has properly withheld any non-exempt records pursuant to proper FOIA exemptions.

---

[1] Initially, Plaintiff filed this action as an "Emergency Petition for Mandamus Compelling Officer or Employee of the United States to Perform Duty Owed to Petitioner, That is, Comply with 2003 Freedom of Information Request by Special Visitation." In an Order dated May 10, 2007, Judge Robertson denied Plaintiff's Emergency Petition for Mandamus. [Dckt. Entry No. 6]. In this Order, Judge Robertson dismissed the individually named defendant, Jeannette Williams, concluding that the Department of Homeland Security was solely the proper defendant. Id. Judge Robertson further held that this action should proceed as a civil action against the Department of Homeland Security pursuant to the Freedom of Information Act. Id.

**BACKGROUND**

This action concerns a request submitted by plaintiff on June 30, 2003 to the United States Secret Service pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. See Compl. ¶ 1. See also Declaration of Craig W. Ulmer dated August 13, 2007 ("Ulmer Decl.") ¶ 4, Exhibit ("Ex.") A (Plaintiff's FOIA request).[2]  Plaintiff requested "any and all records in your file regarding me . . . ."  Id.  In a letter dated July 9, 2003, the Secret Service Freedom of Information Act ("FOIA")/Privacy Act ("PA") officer acknowledged receipt of plaintiff's FOIA/PA request and requested that plaintiff provide a notarized statement attesting to his identity and his agreement to pay any fees associated with his request.  Ulmer Decl. ¶ 5; Ex. B (Letter dated July 9, 2003).   Plaintiff sent a letter dated July 22, 2003, which was received by the agency on August 18, 2003, attaching a notarized statement attesting to his identity and his agreement to pay up to $25.00 in fees.  Ulmer Decl. ¶ 6; Ex. C, (Letter from plaintiff dated July 22, 2003).  The Secret Service acknowledged receipt of plaintiff's notarized statement and his commitment to paying up to $25.00 in fees in a letter dated August 26, 2003.  Ulmer Decl. ¶ 7; Ex. D (Letter from the Secret Service dated August 26, 2003).  This August 26th letter also informed plaintiff that the Secret Service would begin a search for documents responsive to his request.  Id.

**Processing of Plaintiff's Request Pursuant to the Privacy Act**

After receipt of plaintiff's agreement to pay fees, the Secret Service began processing his request.  Ulmer Decl. ¶ 8.  The Secret Service determined that it maintained three criminal investigative files relating to plaintiff.  Id.  The agency first considered whether any of these files would be available to plaintiff pursuant to the Privacy Act.  Id.  Because each of these

---

[2]Unless otherwise indicated, all exhibits are attached to the Ulmer declaration.

files were maintained in the Secret Service's Criminal Investigative Information System, which is exempt from access under the Privacy Act, the Secret Service determined that they were not available to plaintiff under the Privacy Act.  Id.  As required under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(4) ("PA"), the agency publishes a listing of its Privacy Act Systems of Records in the federal register.  Id.  The Criminal Investigative Information System in which plaintiff's records were maintained, is exempt from the access and amendment provisions of the PA, Section 552a(d), under exemptions 552(a)(j)(2) and (k)(2).  See also 66 Fed. Reg. 45362, attached as Exhibit E to the Ulmer Declaration.  Because the files pertaining to plaintiff were not accessible to him pursuant to the PA, the agency next processed these files pursuant to the FOIA.  Ulmer Decl. ¶ 9.

**Processing of Plaintiff's Request Pursuant to the Freedom of Information Act**

**The Secret Service's Search for Responsive Documents**

The Secret Service utilized its Master Central Index ("MCI") in conducting a search for records responsive to plaintiff's request.  Id. ¶ 17.  The MCI is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications.  Id. ¶ 18.  The MCI system has been designed "to serve as the nucleus of an integrated information network that provides for all of the data and message processing needs of the Secret Service."  Id.  The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service.  Id. ¶ 19.  Individuals on whom the Secret Service maintains records are indexed when possible by name, social security number, and/or date of birth.  Id.  All field offices of the Secret Service enter information into the MCI concerning

individuals who are subjects in investigative or administrative files maintained by that office.  Id.

When searching for records responsive to plaintiff's request, his date of birth and social security number were used to confirm that any files indexed under plaintiff's name in the MCI system in fact concerned him.  Id. ¶ 17.  The MCI search conducted by the agency in response to plaintiff's request revealed that there were three field offices that each contained one file indexed to plaintiff's name -- the Baltimore, Jacksonville, and Los Angeles Field Offices of the Secret Service.  Id. ¶ 20.  As a result, the agency's FOI/PA officer requested that these field offices search their files for responsive records and to forward those records to the FOI/PA office. Id.  The Baltimore, Jacksonville, and Los Angeles field offices each forwarded the file that each office had regarding plaintiff.  Id.  All three of the files concerned criminal investigations that involved plaintiff and were deemed responsive to plaintiff's request.  Id.[3]

By letter dated July 18, 2007, the Secret Service released to plaintiff documents and information responsive to plaintiff's FOIA request.  Id. ¶ 10; see also Ex. F (Letter to plaintiff dated July 18, 2007).  In this letter, plaintiff was informed that the agency was withholding additional responsive material pursuant to various exemptions set out under the FOIA and Privacy Acts.  Id.  Plaintiff was also advised in this letter that some documents and information responsive to his request had originated with other federal agencies, and that those documents had been forwarded to those agencies for a direct response to the plaintiff.  Id.  Plaintiff was informed that

---

[3]To ensure that all possible locations were searched, the FOIA/PA office also requested that the several headquarters divisions that could also potentially be maintaining files regarding plaintiff search their offices for responsive records.  Ulmer Decl. ¶ 19.  These searches produced no additional responsive records.  Id.

279 pages of material were being withheld in their entirety.  Id.; see also Ex. F.[4]

By letter dated July 24, 2007, the Secret Service made a supplemental release to plaintiff of one document containing 23 pages being released in their entirety and two pages being withheld in their entirety pursuant to various FOIA exemptions.  Ulmer Decl. ¶ 15; see also Ex. K (Letter to plaintiff dated July 24, 2007).  Furthermore, in preparing the agency's response to plaintiff's complaint, it was determined that additional documents and information previously withheld in the Secret Service's releases to plaintiff could in fact be released to him.  Ulmer Decl. ¶ 16.  In order to ensure that plaintiff received all releaseable information, by letter dated August 13, 2007, the Secret Service released a complete set of all releaseable information to plaintiff by letter dated August 13, 2007.  Id.; see also Ex. L (Letter dated August 13, 2007).  Plaintiff was advised that the agency was withholding additional responsive information pursuant to various FOIA exepmtions.  Ulmer Decl. ¶ 16.  Plaintiff was also informed that a total of 226 pages were being withheld in full and that all of the documents withheld in full solely concerned a third party and the criminal investigation regarding that third party.  Id.

**FOIA Exemptions Applicable to the Agency's Withholdings**

**Matters Related Solely to the Internal Rules and Practices of an Agency**

Title 5 of the United States Code, section 552(b)(2), exempts from disclosure information "relating solely to the internal rules and practices of an agency."  The Secret Service

---

[4]A review of the documents found in the responsive files located information originating with several other federal agencies: the Federal Bureau of Prisons, the Court Services and Offender Supervision Agency ("CSOSA"), the Federal Bureau of Investigation ("FBI"), and the Executive Office of the United States Attorney ("EOUSA").  Id. ¶¶ 11-14.  As required pursuant to the applicable Department of Homeland Security ("DHS") regulations, see 6 C.F.R. § 5.4(c) and (d), by letters dated July 18, 2007, the Secret Service referred these materials to the appropriate agencies for a direct response to plaintiff.  Id.; see also Exs. G, H, I, and J.

cites exemption (b)(2) as justification for withholding the following information: special agent

identification numbers; computer access/identification numbers used by the Secret Service;

internal Secret Service account numbers; internal Secret Service email addresses, and the name of

a type of investigation conducted by the Secret Service that is not generally known to the public.

Ulmer Decl. ¶ 25.  This information is strictly internal to the agency and in and of itself would

appear to have no informational value to the public.  Id.  ¶ 26.  However, the release of this

information could assist those seeking to conduct criminal activity or seeking to circumvent

detection of their criminal activity.  Id.

The identification number for each Special Agent is the number which appears on

a Special Agent's commission book.  Id. ¶ 27.  This number is associated with the Special Agent's

name, and may be used to identify the Special Agent.  Id.  The number assigned to a Special Agent

could allow an individual to create the appearance of being associated with the Secret Service so

as to possibly gain improper access to Secret Service or other law enforcement information.  Id.

Knowledge of a Special Agent's identification number could also permit an individual to possibly

gain personal information concerning the agent, or to impersonate that agent.  Id.

The computer access/identification numbers, internal account numbers, and

internal email addresses which have been withheld are pieces of information that are strictly

internal with no informational value.  Id. ¶ 28.  However, the release of this information could

assist someone in hacking into a federal computer data base and gathering information from that

database.  Id.  Regarding the name of a type of investigation that was withheld, this type of

investigation assists the Secret Service in identifying those who might seek to engage in certain

criminal activity.  Id. ¶ 29.  It is not generally known that the Secret Service conducts this type of

6

investigation, and a potential offender might not have considered this possibility.  Id.  If the name

of this type of investigation were revealed, it could allow the potential offender to undermine the

investigative mission of the Secret Service by modifying his or her actions so as to avoid detection

and circumnavigate the investigative efforts of the Secret Service.  Id.  The name of the type of

investigation has also been withheld under exemption (b)(7)(E).  Id.

### Records Compiled for Law Enforcement Purposes

5 U.S.C. section 552(b)(7) provides that FOIA does not apply to "records or

information compiled for law enforcement purposes, but only to the extent that the production of

such law enforcement records or information . . . could reasonably be expected to constitute an

unwarranted invasion of personal privacy . . . [or] would disclose techniques and procedures for

law enforcement investigation . . . ."  Ulmer Decl. ¶ 23.  The Secret Service is a criminal law

enforcement and security agency created under title 18, United States Code, section 3056.  Id. ¶

24.  The files located in response to plaintiff's information request were compiled in connection

with the Secret Service's investigation of criminal charges against plaintiff.  Id.  These files were

compiled under the authority to conduct such investigations as vested in the Secret Service

pursuant to 18 U.S.C. § 3056.  Id.  As such, the records provided to plaintiff met the threshold

requirement of exemption (b)(7) of having been compiled for law enforcement purposes.  Id.

### Records or Information Compiled for Law Enforcement Purposes Which Could Reasonably be Expected to Constitute an Unwarranted Invasion of Personal Privacy

5 U.S.C. section 552(b)(7)(C) exempts from disclosure "records or information

compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to

constitute an unwarranted invasion of privacy.  This exemption protects, among other information,

the identity of law enforcement personnel and third parties referred to in files compiled for law

enforcement purposes.  Id. ¶ 30.  Exemption (b)(7)(C) is being cited to justify the withholding of the names, signatures, and telephone numbers of law enforcement personnel.  Id. ¶ 31.  The identity of federal and state law enforcement personnel referred to in a criminal investigatory file are withheld in order to avoid subjecting public servants to harassment and annoyance either in the conduct of their official duties or their private lives.  Id.

In making its determination to withhold the identities, signatures, and telephone numbers of law enforcement personnel under exemption (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the privacy rights of the individual whose names, signatures, and telephone numbers appear in the responsive documents.  Id. ¶ 32.  The Secret Service determined that there is no public interest in this information since it does not reveal anything about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency.  Id.  Moreover, the public interest is best served by the non-disclosure of such information, since disclosure could result in the personal harassment of law enforcement personnel and, by extension, a diminishment of the ability of law enforcement personnel to perform their duties.  Id.  Furthermore, the performance of law enforcement duties often entails serious intrusions into the lives of others, which creates resentment and sometimes a desire for retaliation.  Id.  As such, the Secret Service recognizes that the release of names, signatures, and telephone numbers of law enforcement personnel could facilitate such retaliation, and could also subject law enforcement personnel to unofficial questioning.  Id.

The Secret Service has also withheld the names and other identifying information concerning third parties whose names and identifying information appear on these documents, who provided information to the Secret Service in connection with a criminal investigation, and names

8

and identifying information concerning third parties who were charged with, or suspected of, criminal activity.  Id. ¶ 33.  In making its determination to withhold the names, and other identifying information such as addresses, telephone numbers, credit card and bank account numbers, and other identifying information of their parties pursuant to exemption (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the rights of third parties to personal privacy, and determined that the privacy rights of the third parties outweighed any public interest in disclosure.  Id.  The Secret Service determined that there is no public interest in the disclosure of third party names and identifying information because such information reveals nothing about the manner in which the agency conducts its activities and does not disclose any illegal activity on the agency's part.  Id.  The Secret Service considered the personally stigmatizing effect resulting from the appearance of third party names in law enforcement files.  Id.  The Secret Service also recognized that disclosure of third party information might have the effect of chilling future cooperation by third parties with law enforcement agencies.  Id.  Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.  Id.

Finally, the Secret Service considered the privacy interests of third parties who were suspected of possible criminal activity, and determined that the public interest is best served by withholding their identifying information because there is no public interest in the disclosure of their identities, and disclosure could damage the reputations of such individuals and could stigmatize individuals who were not necessarily involved in wrongdoing.  Id. ¶ 34.  Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's

interest in disclosure.[5]

**Records or Information Compiled for Law Enforcement Purposes Which Would Disclose Techniques and Procedures for Law Enforcement Investigations or Prosecutions or Would Disclose Guidelines for Law Enforcement Investigations or Prosecutions if Such Disclosure Could Reasonably be Expected to Risk <u>Circumvention of the Law</u>**

5 U.S.C. section 552(b)(7)(E) exempts from disclosure "records or information compiled for law enforcement purposes . . ." the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." Ulmer Decl. ¶ 36. The Secret Service cites exemption (b)(7)(E) to withhold the type of investigation routinely used by the Secret Service when investigating criminal counterfeiting activity. <u>Id.</u> ¶ 37. The release of this information could benefit those attempting to violate the law and avoid detection by the Secret Service. <u>Id.</u> Public disclosure that the Secret Service routinely conducts such an investigation and uses this investigative tool could nullify the future effectiveness of this investigative method. <u>Id.</u> Disclosure of this information could impede the Secret Service's efforts to investigate criminal activity in the future. <u>Id.</u>

**Segregation**

The Secret Service has made every attempt to release as much information as possible and has processed the documents to redact only the information that must be withheld. <u>Id.</u> ¶ 39. The Secret Service has made every attempt to comply with the intent of the FOIA while protecting the personal privacy of third parties and the interest of the public in the efficient and effective

---

[5]Out of the total release made to plaintiff, a total of 226 pages were withheld in their entirety because these documents solely concern a third party and the criminal investigation regarding that third party. Ulmer Decl. ¶ 16.

performance of its law enforcement agencies.  Id.  Every made has been made to provide plaintiff

with all reasonably segregable portions of the materials.  Id. ¶ 38.  No reasonably segregable non-

exempt potions of documents have been withheld from plaintiff.  Id.  A review of the responsive

documents shows that no further information can be segregated without releasing information

properly withheld under the FOIA.  Id.  Accordingly, all information withheld is exempt from

disclosure pursuant to FOIA exemptions or is not reasonably segregable because it is so

intertwined with protected material that its release would have revealed the underlying protected

material.  Id.

**ARGUMENT**

## I.    DISMISSAL IS REQUIRED BECAUSE THIS ACTION IS NOW MOOT.

### A.    Standard of Review

Dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) because this

case is now moot.  See Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) ("As mootness

creates a jurisdictional defect, respondents' motion will be treated as a motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(1).").  In reviewing a motion to dismiss for lack of subject-matter

jurisdiction under Rule 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v.

Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not

required, however, to accept inferences unsupported by the facts alleged or legal conclusions that

are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C.

2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition, when

determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings

without converting the motion into one for summary judgment.  See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

  **B.**  **The Secret Service Has Fully Complied with Plaintiff's Request Warranting Dismissal on Mootness Grounds.**

  As the Supreme Court has stated, "federal courts are without power to decide questions that cannot effect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  This inability of the federal judiciary "'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" Id. (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997); City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies"); Florida Wildlife Federation v. Goldschmidt, 611 F.2d 547, 548 (5th Cir. 1980).

  The District of Columbia Circuit has strictly enforced Article III's requirements.  "Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.'  If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Fraternal Order of Police v. Rubin, 134 F. Supp. 2d 39, 41 (D.D.C. 2001).  Article III limits the federal courts to deciding "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial

process." <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968). A case becomes moot when "the issues presented are not longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Albritton v. Kantor</u>, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979).

      A case is rendered moot when the relief sought by the plaintiff has already been provided. <u>See, e.g.</u>, <u>Jean v. Dep't of Labor</u>, No. Civ.A. 89-0611, 1990 WL 51563, at *4 (D.D.C. Jan. 9, 1990) (dismissing complaint as moot where "defendants have already afforded [plaintiffs the] relief [they seek].").  Courts in this district have recognized in the context of FOIA actions that compliance by the agency moots the controversy before the Court.  <u>See</u> <u>Tijerina v. Walters</u>, 821 F.2d 789, 799 (D.C. Cir. 1987) (holding that although agency's "response may have failed to meet FOIA's mandated standards of promptness . . . ." action was moot because the "agency by now has released all nonexmpt materials the [plaintiffs] seek."); <u>Carbe v. Bureau of Alcohol, Tobacco & Firearms</u>, No. Civ.A. 03-1658, 2004 WL 2051359, at *8-9 (D.D.C. Aug. 14, 2004) (holding that FOIA actions against agencies were moot where the agencies had conducted adequate searches and had not located any responsive documents).

      The current action before this Court is now moot because the Secret Service has released all non-exempt material to Plaintiff.  Plaintiff has not yet appealed that determination.  Thus, at this juncture, there remains no live controversy to be adjudicated by the Court.  Therefore, dismissal is appropriate.  <u>See</u> <u>Tijerina</u>, 821 F.2d at 799 (holding that where agency had released all non-exempt materials sought by plaintiffs' FOIA request, plaintiffs' "claims no longer present a live controversy.").

## II.    ALTERNATIVELY, DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT HAS FULFILLED ITS DUTIES PURSUANT TO THE FOIA.

In the event that the Court concludes that this matter is not moot, summary judgment is warranted in defendant's favor.  At this juncture, defendant has conducted a proper search for documents responsive to plaintiff's request and has released to plaintiff all non-exempt, responsive documents. To the extent that documents were withheld as exempt, those exemptions were properly invoked.  Further, all reasonably segregable materials have been released to plaintiff.  For these reasons, summary judgment is warranted in defendant's favor.

### A.    Standard of Review.

In general, summary judgment is the procedural vehicle by which most FOIA actions are resolved.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.").  While the defendant has the burden of proof on all material issues related to the merits of any claimed FOIA exemptions, summary judgment is to be freely granted where there are no material facts in dispute and the agency is entitled to judgment as a matter of law.  See, e.g., Alyeska Pipeline Serv. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988); Hayden v. National Security Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979) (summary judgment appropriate in FOIA cases on the basis of affidavits).  Under the FOIA, which supplies the applicable substantive legal principles, defendant in this case bears the burden of proving three elements:

(1)    "**adequacy of the search**" -- that is, the search for responsive documents was adequate;

(2)    "**applicability of exemptions**" -- that is, the information withheld from release falls within an exemption from the FOIA's general requirement that information be released; and

14

(3)    "**reasonable segregability**" -- that is, the "reasonably segregable," non-exempt information has been disclosed after deletion of the exempt information.

See Public Employees for Environmental Responsibility v. United States Dep't of the Interior, No. Civ.A. 06-182, 2006 WL 3422484, at *8 (D.D.C. Nov. 28, 2006) (holding that agency had "met its summary judgment burden by demonstrating that it fully discharged its FOIA obligations by conducting a reasonable and adequate search for documents, properly invoking applicable FOIA exemptions, and releasing all reasonably segregable factual materials from responsive documents.") (citations omitted).  See also NYC Apparel FZE v. United States Customs & Border Protection, 484 F. Supp. 2d 77, 86 (D.D.C. 2007) ("'[A]gency entitled to summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested has been produced . . . or is wholly[, or partially] exempt [from disclosure].'") (quoting Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001).  The Secret Service has fully satisfied its obligations under the FOIA in this case.

**B.    The Agency Has Conducted A Proper Search for Records.**

In responding to a FOIA request, an agency is under a duty to conduct a good faith search for responsive records, "using methods which can be reasonably expected to produce the information requested."  Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted); Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993).

This "reasonableness" standard focuses on the method of the search, not its results.  Cleary, Gottlieb, 844 F. Supp. at 777 n.4 (citing Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)); see also Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  The search

standards under the FOIA do not require an agency to prove that all responsive documents have been located.  Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (citation omitted).  Instead, "the search need only be reasonable; it does not have to be exhaustive."  Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing Shaw v. Dep't of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)).  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  Oglesby, 920 F.2d at 68.  Nor is there a requirement that the search be perfect.  Meeropol, 790 F.2d at 956.  The fundamental question is not "'whether there might exist any other documents responsive to the request, but rather whether the *search* for those documents was *adequate*.'"  Steinberg, 23 F.3d at 551 (citation omitted).  "In demonstrating the adequacy of the search, the agency may rely on reasonably detailed, nonconclusory affidavits submitted in good faith."  Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citations omitted).

In this case, defendant made good faith efforts to search for the requested records, using methods which can be reasonably expected to produce the information requested.  As explained in the Ulmer Declaration, the agency utilized its MCI system, which provides a "system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service."  Ulmer Decl. ¶ 19.  If the Secret Service was maintaining records on plaintiff in any Secret Service office, his name should be in the MCI, along with the case number(s) of the investigative or administrative files in which he was a subject.  Id. ¶ 20.  Using plaintiff's date of birth and social security number, the agency was able to confirm whether or not any files were indexed under plaintiff's name in the MCI and in fact

16

concerned him.  Id. ¶ 17.  The MCI search for records concerning plaintiff in fact produced three

files indexed to plaintiff's name that were being maintained by three separate Secret Service Field

offices.  Id. ¶ 20.  Furthermore, to ensure that all potential offices were searched, the FOI/PA

office also requested that the several headquarters divisions that could potentially be maintaining

files regarding the plaintiff search their records for responsive files.  Id. ¶ 21.  These searches

produced no additional files regarding plaintiff.  Id.

In light of these facts, the agency has demonstrated that it conducted a proper search for

records.  It searched using the most reasonable method available, and extended its search to its

field offices and headquarters.  Ulmer Decl. ¶¶ 20, 21.  For these reasons, the agency's search was

adequate.  See, e.g., Neal v. Snow, No. Civ.A. 06-1124, 2007 WL 1169339, at *3 (D.D.C. Apr. 19,

2007) (holding that search was reasonable where, despite not locating any records, agency's

search was "reasonable" and conducted where "responsive records would likely have been

located."); Landmark Legal Foundation v. EPA, 272 F. Supp. 2d 59 (D.D.C. 2003) (holding that

agency's search was adequate where agency's search "was not confined to one office or region,

[and agency] searched all components of the agency.") (citation omitted).  Cf. Jackson v. United

States Attorney's Office, 293 F. Supp. 2d 34, 38 (D.D.C. 2003) (holding that search was

inadequate where declaration merely stated that declarant "reviewed the file" presented to him by

the USAO and failed to "explain what kind of search was conducted or [the] procedure followed

by the USAO to compile the documents which ultimately constituted the . . . file.").

### C.    The Agency has Properly Withheld Documents.

To meet its burden of demonstrating that a FOIA exemption applies, a defendant may rely

on affidavits or declarations and other evidence showing that the documents are exempt from

disclosure.  Hayden v. Nat'l Sec. Agency, 608 F.2d 1381, 1384, 1386-87 (D.C. Cir. 1979), cert.

denied, 446 U.S. 937 (1980).  Summary judgment may be granted solely on the basis of agency

affidavits or declarations if they "'afford the FOIA requester a meaningful opportunity to contest,

and the district court an adequate foundation to review, the soundness of the withholding.'"

Campbell v. Dep't of Justice, 164 F.3d 20, 30 (D.C. Cir. 1998) (citation omitted).  See also

Williams v. FBI, 69 F.3d 1155, 1159 (D.C. Cir. 1995); Hayden, 608 F.2d at 1387; Military Audit

Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

### 1.    Information was Properly Withheld Under Exemption 2

FOIA Exemption 2 "protects from mandatory disclosure records 'related solely to the

internal personnel rules and practices of an agency.'"  Long v. United States Dep't of Justice, 450

F. Supp. 2d 42, 54 (D.D.C. 2006) (quoting 5 U.S.C. 552(b)(2)).  To be encompassed within

Exemption 2, the information must "be 'used predominately for internal purposes.'"  Id. (citations

omitted).  Once this "threshold test" is met, an agency may properly withhold material pursuant to

Exemption 2 by showing "'that either (1) disclosure may risk circumvention of agency regulation,

or (2) the material relates to trivial administrative matters of no genuine public interest.'"  Id.

(citations omitted).[6]

In this instance, the agency has withheld from disclosure the following information

pursuant to Exemption 2: "[S]pecial [A]gent identification numbers, computer

access/identification numbers used by the Secret Service, internal Secret Service account numbers,

internal Secret Service email addresses, and the name of a type of investigation conducted by the

---

[6]Where disclosure of information would risk circumvention of agency regulations, the
agency is said to invoke the "high 2 Exemption," whereas disclosure of information concerning
internal records that deal with "trivial"matters is said to "fall within the 'low 2' exemption."
Long, 450 F. Supp. 2d at 54 (citations omitted).

Secret Service which is not generally known to the public." Ulmer Decl. ¶ 25. These pieces of information are strictly internal to the agency and would, standing alone, not appear to have any informational value to the public, which qualifies them for coverage under Exemption 2. See Long, 450 F. Supp. 2d at 56 (noting that the District of Columbia Circuit "has clarified that Exemption 2 broadly 'applies to material used for predominately internal purposes.'") (citations omitted). See also Ulmer Decl. ¶ 26. However, the release of this information could assist those in seeking to conduct criminal activity or seeking to avoid detection of their criminal activity. Id. See Brunetti v. F.B.I., 357 F. Supp. 2d 97, 104 (D.D.C. 2004) (holding that FBI properly invoked Exemption 2 to withhold "unique identifiers [that, because] they are used consistently across FBI records, it would be possible, with access to the numbers, to discern patterns of information associated with particular sources.").

The information that was withheld in this case properly concerned internal agency matters that courts have held is encompassed in Exemption 2. This information is strictly internal to the Secret Service and has no public value. Ulmer Decl. ¶ 25. See also Changzhou Laosan Group v. United States Customs & Border Protection Bureau, No. Civ.A. 04-1919, 2005 WL 913268, at *3 (D.D.C. Apr. 20, 2005) (holding that "[i]nformation described as 'law enforcement investigation case name,' . . . clearly falls within the 'high (b)(2) category[ and] . . . is properly withheld under Exemption 2[,]" while information such as "computer function codes, internal file numbers, [and] computer system and report identity . . . are clearly documents that are predominately internal to the agency or are sufficiently related to a personnel rule or practice, and are therefore both easily discernable and properly withheld." ) (citation omitted); Putnam v. United States Dep't of Justice, 873 F. Supp. 705, 710 (D.D.C. 1993) (holding that "Exemption 2 may properly be invoked when

the information withheld is used predominately for internal purposes and when release of the

information risks circumvention of the law[,]" and FBI properly invoked Exemption 2 to shield

"symbols and numbers by which the FBI refers to informants in its internal files [which] is a

matter [of] essentially internal significance and is of little public interest.") (citation omitted).

Because Exemption 2 was only used to withhold strictly internal pieces of information, the Secret

Service has properly invoked Exemption 2 in this instance.

### 2.    Documents Were Properly Withheld Under Exemption (7)(C)

Exemption 7(C) exempts from mandatory disclosure under the FOIA information that has

been compiled for law enforcement purposes when disclosure "could reasonably be expected to

constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C); see Nation

Magazine v. United States Customs Serv., 71 F.3d 885, 896 (D.C. Cir. 1995); SafeCard Servs.,

Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).[7]

Applying Exemption 7(C) requires a multi-step analysis.  The first step is determining

whether the information has been compiled for a "law enforcement purpose."  The term "law

enforcement purpose" includes enforcement of civil and criminal statutes, as well as those statutes

authorizing administrative (i.e., regulatory) proceedings.  Center for Nat'l Policy Review v.

Weinberger, 502 F.2d 370, 373 (D.C. Cir. 1974).  The next step is to determine if there is a privacy

---

[7]In relevant part, Exemption 7(C) provides:

> (7)  records or information compiled for law enforcement
> purposes, but only to the extent that the production of such law
> enforcement records or information . . . (C) could reasonably be
> expected to constitute an unwarranted invasion of personal
> privacy. . . .

5 U.S.C. § 552(b)(7)(C).

interest.  A privacy interest sufficient to justify application of Exemption 7(C) has been found to

exist in a wide variety of circumstances:  (1) the identities of suspects and witnesses who are

identified in agency records in connection with law enforcement investigations[8]; (2) the names of

law enforcement officers who work on criminal investigations[9] and individuals who provide

information to law enforcement authorities.[10]  All of these categories of individuals have

protectable privacy interests in their anonymity.  Once a privacy interest has been established, it

must be balanced against the public interest, if there is any, that would be served by disclosure.

Albuquerque Publishing Co. v. United States Dep't of Justice, 726 F. Supp 851, 855 (D.D.C.

1989).  The public interest in disclosure is limited to the FOIA's core purpose of "shed[ing] light

on an agency's performance of its statutory duties . . . ."  United States Dep't of Justice v.

Reporters Committee for Freedom of the Press, 489 U.S. 749,  773 (1989).

     It is difficult to demonstrate that the public interest outweighs individuals' privacy interest

when law enforcement information pertaining to individuals is sought, for there "is no reasonably

conceivable way in which the release of one individual's name . . . would allow citizens to know

'what their government is up to.'"  Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990) (citation

omitted).  See also Albuquerque Publishing Co., 726 F. Supp. at 855-56 (no public interest in

disclosure of sensitive information DEA obtained about individuals and their activities, where such

---

[8]Reporters Committee for Freedom of the Press v. United States Dep't of Justice, 816
F.2d 730, 740-41 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987),
rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S.
Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).

[9]Davis v. United States Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v.
United States Dep't of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980).

[10]Computer Prof'ls, 72 F.3d at 904; Farese v. United States. Dep't of Justice, 683 F.
Supp. 273, 275 (D.D.C. 1987).

material would not shed light on DEA's conduct with respect to the investigation).  The requester's burden is made even heavier by the requirement that the public interest be both significant and compelling in order to overcome legitimate privacy interests.  See Senate of Puerto Rico v. United States Dep't of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987); Stone v. FBI, 727 F. Supp. 662, 667-69 (D.D.C. 1990), aff'd, No. Civ.A. 90-5065, 1990 WL 134431, at *1 (D.C. Cir. Sept. 14, 1990).

Each step of the Exemption 7(C) analysis is met here.  First, the withheld information was compiled for a law enforcement purpose.  The Secret Service is a criminal law enforcement and security agency created pursuant to 18 U.S.C. section 3056.  Ulmer Decl. ¶ 24.  The files located in response to plaintiff's request were compiled in connection with the Secret Service's investigation of criminal charges against plaintiff.  Id.  These files were complied in accordance with the Secret Service's authority to conduct investigations pursuant to 18 U.S.C. section 3056.  Id.  Next, the individuals whose personal information was withheld have a privacy interest in the non-release of that information.  Courts have routinely recognized that withholding information such as the names of witnesses, their home and business addresses and their telephone numbers are properly protectable under Exemption 7(C).  See, e.g., SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991); Congressional News Syndicate v. Dep't of Justice, 438 F. Supp. 538, 541 (D.D.C. 1977) ("an individual whose name surfaces in connection with an investigation may, without more, become the subject of rumor and innuendo").  In this case, Exemption 7(C) was invoked by the agency to protect precisely this information: names, signatures, telephone numbers of law enforcement personnel, and the identity of federal and state law enforcement personnel.  Ulmer Decl. ¶ 31.[11]

---

[11]As previously stated, the only documents withheld in their entirety concerned a third party and the criminal investigation regarding that third party.  Ulmer Decl. ¶ 16.

Finally, there is no public interest in the release of this information. The information withheld does not reveal anything about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency. Id. ¶ 32. Withholding such information traditionally has been protected by courts because release would reveal nothing about the operations and activities of the government and could invade well-recognized privacy interests. See, e.g., Manna v. United States Dep't of Justice, 51 F.3d 1158, 1166 (3d Cir. 1995), cert. denied, 516 U.S. 975 (1995); Jones v. FBI, 41 F.3d 238, 246-47 (6th Cir. 1994). The same result is warranted here. In short, the Secret Service properly applied Exemption 7(C).

### 3.    Information Was Properly Withheld Under Exemption (7)(E)

Exemption 7(E) protects "records or information compiled for law enforcement purposes" but only to the extent that the release of these records or information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . . ." 5 U.S.C. § 552(b)(7)(E).

The Secret Service is a law enforcement and security agency created under 18 U.S.C. § 3056. Ulmer Decl. ¶ 24. All of the files located in response to plaintiff's FOIA request were compiled in connection with the Secret Service's investigation of criminal charges against plaintiff. Id. These files were compiled pursuant to the authority to conduct investigations that is vested in the Secret Service pursuant to 18 U.S.C. § 3056. Id. Accordingly, these records meet the threshold requirement of exemption 7(E) as they were compiled for law enforcement purposes. The Secret Service has invoked Exemption 7(E) to withhold the type of investigation routinely used by the Secret Service when investigating criminal counterfeiting activity. Ulmer Decl. ¶ 37.

23

Publicly disclosing the fact that the Secret Service routinely conducts this type of an investigation and uses this investigative tool "could nullify the future effectiveness of this investigative method[,] . . . [and] could impede the Secret Service's efforts to investigate criminal activity in the future." Id.

The Secret Service has properly relied upon Exemption 7(E) to withhold this information because disclosing its investigation types and methods is precisely the type of information this exemption was designed to protect from disclosure. See, e.g., Brunetti, 357 F. Supp. 2d at 108 (holding that FBI properly relied on Exemption 7(E) to redact information ranking "investigative techniques."); Judicial Watch Inc. v. FBI, No. Civ.A. 00-745, 2001 WL 35612541, at *9 (D.D.C. Apr. 20, 2001) (holding that Exemption 7(E) was properly withheld to protect "the identities of two types of records concerning prison inmates which are often checked by FBI special agents[,]" where release of these identities could enable "prison inmates [to] be able to alter their activities thus hindering the effectiveness of this technique."); Atkins v. United States Dep't of Justice, No. Civ.A. 88-0842, 1990 WL 319989, at *4 (D.D.C. Feb. 26, 1990) (holding that the DEA properly invoked Exemption 7(E) to withhold "longstanding, successfully proven techniques and procedures . . . not commonly known to the public.") (internal quotation marks and citation omitted). Exemption 7(E) has been properly invoked in this instance.[12]

**D.    All Reasonably Segregable Material Has Been Released.**

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. §

---

[12]The Secret Service also relies upon Exemption 2 in withholding this information. See supra, at 17-18.

24

552(b); Mead Data Central, Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). The agency must provide a "detailed justification" to demonstrate that all reasonably segregable information has been released, id. at 261, and show "with reasonable specificity" why protected information cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).

Here, the Secret Service has met its segregability obligation. The Government can meet its burden of demonstrating that all reasonable segregable information has been released by means of affidavits or declarations. See, e.g., Armstrong, 97 F.3d at 578 (affirming district court's finding that the agency had met its burden on the "reasonable segregability" issue, court stated: "The government affidavits provided here show with "reasonable specificity" why the documents cannot be further segregated."); see Quinon v. Federal Bureau of Investigation, 86 F.3d 1222, 1227 (D.C. Cir.1996); Mead Data Central, 566 F.2d at 261. Here, the agency has set forth in its sworn declaration that all of the records responsive plaintiff's FOIA request have been reviewed carefully, and "[n]o reasonably segregable non-exempt portions of documents have been withheld from plaintiff." Ulmer Decl. ¶ 28.

Second, the agency's release of documents with appropriate redactions demonstrates that the Secret Service reviewed all records carefully and determined what portions could be released and what portions needed to be withheld. Aside from the redacted materials, 226 pages were withheld in their entirety because they solely concerned a third party and the criminal investigation that third party. Ulmer Decl. ¶ 16; Ex. L. Where possible, however, the agency has redacted exempted materials and, according to Mr. Ulmer's declaration, "[a] review of the responsive documents shows that no further information can be segregated without releasing information

25

properly withheld under the FOIA." Ulmer Decl. ¶ 38. In short, the Secret Service expressly

considered the segregability issue and properly concluded that no additional information could be

released without compromising information protected by FOIA Exemptions2, 7(C) and 7(E).

Defendant has met its burden of demonstrating that it released all reasonably segregable, non-

exempt information.

## CONCLUSION

For the reasons set forth above, Defendant requests that this action be dismissed because

Plaintiff has received the relief he sought in this Court. Alternatively, Defendant requests that

summary judgment be entered in its favor and that Plaintiff's complaint be dismissed with

prejudice.

Respectfully submitted,


____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___/s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


___/s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Andrea Hagen
Attorney
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Motion to Dismiss the Complaint, or in the

Alternative, for Summary Judgment, and all supporting materials in support of the motion, were

mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590


on this  17th  day of August 2007.


_____
                    /s/
                    MICHELLE N. JOHNSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

DARREN LAMONT KEYS,                          )
                                             )
                  Plaintiff,                 )
                                             )
         v.                                  )         Civil No. 07-0465 (AK)
                                             )         **ECF**
DEPARTMENT OF HOMELAND SECURITY,             )
                                             )
                  Defendant.                 )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), defendant, the United States Secret Service (the "Secret Service" or "the agency"), respectfully submits this statement of material facts as to which there is no genuine issue in support of its Motion for Summary Judgment.

1.      On June 30, 2003,  the United States Secret Service ("the Secret Service") received an undated request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., from Mr. Darren Lamont Keys.  Declaration of Craig W. Ulmer dated August 13, 2007 ("Ulmer Decl.") ¶ 4, Exhibit ("Ex.") A (Plaintiff's FOIA request);[1] Compl. ¶ 1.[2] In this request, plaintiff asked the Secret Service for "any and all records in your file regarding me . . . ." Id.

2.      By letter dated July 9, 2003, the Secret Service Freedom of Information Act ("FOIA")/Privacy Act ("PA") officer acknowledged receipt of plaintiff's FOIA/PA request and requested that plaintiff provide a notarized statement attesting to his identity and his agreement to pay any fees associated with his request.  Ulmer Decl. ¶ 5; Ex. B (Letter dated July 9, 2003).

_____

[1]Unless otherwise indicated, all exhibits are attached to the Ulmer declaration.

[2]References to "Compl." are to the federal complaint plaintiff has filed in this Court.

3.       On August 18, 2003, the Secret Service received a letter dated July 22, 2003 from plaintiff to which he attached a notarized statement attesting to his identity and his agreement to pay up to $25.00 in fees.  Ulmer Decl. ¶ 6; Ex. C, (Letter from plaintiff dated July 22, 2003).  The Secret Service acknowledged receipt of plaintiff's notarized statement and his commitment to paying up to $25.00 in fees in a letter dated August 26, 2003.  Ulmer Decl. ¶ 7; Ex. D (Letter from the Secret Service dated August 26, 2003).  This August 26th letter also informed plaintiff that the Secret Service would begin a search for documents responsive to his request.  Id.

**Processing of Plaintiff's Request Pursuant to the Privacy Act**

4.       After receipt of plaintiff's agreement to pay fees, the Secret Service began processing his request.  Ulmer Decl. ¶ 8.  The Secret Service determined that it maintained three criminal investigative files relating to plaintiff.  Id.  The agency first considered whether any of these files would be available to plaintiff pursuant to the Privacy Act.  Id.  Because each of these files were maintained in the Secret Service's Criminal Investigative Information System, which is exempt from access under the Privacy Act, the Secret Service determined that they were not available to plaintiff under the Privacy Act.  Id.

5.       As required under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(4) ("PA"), the agency publishes a listing of its Privacy Act Systems of Records in the federal register.  Id.  The Criminal Investigative Information System in which plaintiff's records were maintained, is exempt from the access and amendment provisions of the PA, Section 552a(d), under exemptions 552(a)(j)(2) and (k)(2).  See also 66 Fed. Reg. 45362, attached as Exhibit E to the Ulmer Declaration.

6.       Because the files pertaining to plaintiff were not accessible to him pursuant to the

PA, the agency next processed these files pursuant to the FOIA.  Ulmer Decl. ¶ 9.

**Processing of Plaintiff's Request Pursuant to the Freedom of Information Act**

**The Secret Service's Search for Responsive Documents**

7.      In conducting a search for records responsive to plaintiff's FOIA request, the agency utilized the Secret Service Master Central Index ("MCI").  Id. ¶ 17.  The MCI is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications.  Id. ¶ 18.  The MCI system has been designed "to serve as the nucleus of an integrated information network that provides for all of the data and message processing needs of the Secret Service."  Id.

8.      The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service.  Id. ¶ 19.  Individuals on whom the Secret Service maintains records are indexed when possible by name, social security number, and/or date of birth.  Id.  All field offices of the Secret Service enter information into the MCI concerning individuals who are subjects in investigative or administrative files maintained by that office.  Id.

9.      When searching for records responsive to plaintiff's request, his date of birth and social security number were used to confirm that any files indexed under plaintiff's name in the MCI system in fact concerned him.  Id. ¶ 17.  The MCI search conducted by the agency in response to plaintiff's request revealed that there were three files indexed to plaintiff's name.  Id. ¶ 20.  The Jacksonville, Baltimore, and Los Angeles Field Offices of the Secret Service each had one file.  Id.  As a result, the agency's FOI/PA office asked that these field offices search their

files for responsive records and to forward those records to the FOI/PA office.  Id.  The

Jacksonville, Baltimore, and Los Angeles field offices each forwarded the file that each office

had regarding plaintiff.  Id.  All three of the files concerned criminal investigations that involved

plaintiff and were deemed responsive to plaintiff's request.  Id.

10.     To ensure that all possible locations were searched, the FOIA/PA office also

requested that the several headquarters divisions that could also potentially be maintaining files

regarding plaintiff search their offices for responsive records.  Id. ¶ 19.  These searches produced

no additional responsive records.  Id.

11.     By letter dated July 18, 2007, the Secret Service released to plaintiff documents

and information responsive to plaintiff's FOIA request.  Id. ¶ 10.  In this letter, plaintiff was

informed that the agency was withholding additional responsive material pursuant to various

exemptions set out under the FOIA and Privacy Act.  Id.  Plaintiff was also advised in this letter

that some documents and information responsive to his request had originated with other federal

agencies, and that those documents had been forwarded to those agencies for a direct response to

the plaintiff.  Id.  Plaintiff was informed that 279 pages of material were being withheld in their

entirety.  Id.; see also Ex. F (Letter to plaintiff dated July 18, 2007).

12.     A review of the documents found in the responsive files located information

originating with the Federal Bureau of Prisons.  Id. ¶ 11.  As required pursuant to the applicable

DHS regulations, see 6 C.F.R. § 5.4(c) and (d), by letter dated July 18, 2007, the Secret Service

referred this material to the Federal Bureau of Prisons for a direct response to plaintiff.  Id.; see

also Ex. G (Letter to Federal Bureau of Prisons dated July 18, 2007).

13.     A review of the documents found in the responsive files also located information

originating with the Court Services and Offender Supervision Agency ("CSOSA").  Ulmer Decl.

¶ 12.  As required pursuant to the applicable DHS regulations, see 6 C.F.R. § 5.4(c) and (d), by

letter dated July 18, 2007, the Secret Service referred this material to CSOSA for a direct

response to the plaintiff.  Id.; see also Ex. H (Letter to CSOSA dated July 18, 2007).

14.     A review of the documents found in the responsive files also located information

originating with the Federal Bureau of Investigation ("FBI").  Ulmer Decl. ¶ 13.  As required

pursuant to the applicable DHS regulations, see 6 C.F.R. § 5.4(c) and (d), by letter dated July 18,

2007, the Secret Service referred this material to the FBI for a direct response to the plaintiff.

Id.; see also Ex. I (Letter to the FBI dated July 18, 2007).

15.     A review of the documents found in the responsive files also located information

originating with the Executive Office of the United States Attorney ("EOUSA").  Ulmer Decl. ¶

14.  As required pursuant to the applicable DHS regulations, see 6 C.F.R. § 5.4(c) and (d), by

letter dated July 18, 2007, the Secret Service referred this material to EOUSA for a direct

response to the plaintiff.  Id.; see also Ex. J (Letter to EOUSA dated July 18, 2007).

16.     By letter dated July 24, 2007, the Secret Service made a supplemental release to

plaintiff of additional material responsive to his request.  Ulmer Decl. ¶ 15; see also Ex. K

(Letter to plaintiff dated July 24, 2007).  Plaintiff was informed that one document was being

released with 23 pages being released in their entirety and 2 pages being withheld in their

entirety pursuant to various exemptions under FOIA.  Ex. K.

17.     In preparing this declaration, it was determined that additional documents and

information previously withheld in the Secret Service's releases to plaintiff could in fact be

released to him.  Ulmer Decl. ¶ 16.  In order to ensure that plaintiff received all releaseable

information, by letter dated August 13, 2007, the Secret Service released a complete set of all

releaseable information to plaintiff.  Id.; see also Ex. L (Letter dated August 13, 2007).  Plaintiff

was advised that the agency was withholding additional responsive information pursuant to

various FOIA exepmtions.  Ulmer Decl. ¶ 16.  Plaintiff was also informed that a total of 226

pages were being withheld in full and that all of the documents withheld in full solely concerned

a third party and the criminal investigation regarding that third party.  Id.

**FOIA Exemptions Applicable to the Agency's Withholdings**

**Records Compiled for Law Enforcement Purposes**

18.    5 U.S.C. section 552(b)(7) provides that FOIA does not apply to "records or

information compiled for law enforcement purposes, but only to the extent that the production of

such law enforcement records or information . . . could reasonably be expected to constitute an

unwarranted invasion of personal privacy . . . [or] would disclose techniques and procedures for

law enforcement investigation . . . ."  Ulmer Decl. ¶ 23.

19.    The Secret Service is a criminal law enforcement and security agency created

under title 18, United States Code, section 3056.  Id. ¶ 24.  The files located in response to

plaintiff's information request were compiled in connection with the Secret Service's

investigation of criminal charges against plaintiff.  Id.  These files were compiled under the

authority to conduct such investigations as vested in the Secret Service pursuant to 18 U.S.C. §

3056.  As such, the records provided to plaintiff met the threshold requirement of exemption

(b)(7) of having been compiled for law enforcement purposes.

**Matters Related Solely to the Internal Rules and Practices of an Agency**

20.    Title 5 of the United States Code, section 552(b)(2) exempts from disclosure

6

information "relating solely to the internal rules and practices of an agency." The Secret Service

cites exemption (b)(2) as justification for withholding the following information: special agent

identification numbers; computer access/identification numbers used by the Secret Service;

internal Secret Service account numbers; internal Secret Service email addresses, and the name

of a type of investigation conducted by the Secret Service that is not generally known to the

public. Ulmer Decl. ¶ 25. This information is strictly internal to the agency and in and of itself

would appear to have no informational value to the public. Id. ¶ 26. However, the release of

this information could assist those seeking to conduct criminal activity or seeking to circumvent

detection of their criminal activity. Id.

     21.     The identification number for each Special Agent is the number which appears on

a Special Agent's commission book. Id. ¶ 27. This number is associated with the Special

Agent's name, and may be used to identify the Special Agent. Id. The number assigned to a

Special Agent could allow an individual to create the appearance of being associated with the

Secret Service so as to possibly gain improper access to Secret Service or other law enforcement

information. Id. Knowledge of a Special Agent's identification number could also permit an

individual to possibly gain personal information concerning the agent, or to impersonate that

agent. Id.

     22.     The computer access/identification numbers, internal account numbers, and

internal email addresses which have been withheld are pieces of information that are strictly

internal with no informational value. Id. ¶ 28. However, the release of this information could

assist someone in hacking into a federal computer data base and gathering information from that

database. Id.

7

23.     Regarding the name of a type of investigation that was withheld, this type of investigation assists the Secret Service in identifying those who might seek to engage in certain criminal activity.  Id. ¶ 29.  It is not generally known that the Secret Service conducts this type of investigation, and a potential offender might not have considered this possibility.  Id.  If the name of this type of investigation were revealed, it could allow the potential offender to undermine the investigative mission of the Secret Service by modifying his or her actions so as to avoid detection and circumnavigate the investigative efforts of the Secret Service.  Id.  The name of the type of investigation has also been withheld under exemption (b)(7)(E).  Id.

**Records or Information Compiled for Law Enforcement Purposes Which Could Reasonably be Expected to Constitute an Unwarranted Invasion of Personal Privacy**

24.     5 U.S.C. section 552(b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of privacy.  This exemption protects, among other information, the identity of law enforcement personnel and third parties referred to in files compiled for law enforcement purposes.  Id. ¶ 30.

25.     Exemption (b)(7)(C) is being cited to justify the withholding of the names, signatures, and telephone numbers of law enforcement personnel.  Id. ¶ 31.  The identity of federal and state law enforcement personnel referred to in a criminal investigatory file are withheld in order to avoid subjecting public servants to harassment and annoyance either in the conduct of their official duties or their private lives.  Id.

26.     In making its determination to withhold the identities, signatures, and telephone numbers of law enforcement personnel under exemption (b)(7)(C), the Secret Service balanced

the public's interest in disclosure against the privacy rights of the individual whose names,

signatures, and telephone numbers appear in the responsive documents. Id. ¶ 32. The Secret

Service determined that there is no public interest in this information since it does not reveal

anything about the manner in which the agency conducts its activities and does not disclose any

illegal activity on the part of the agency. Id. Moreover, the public interest is best served by the

non-disclosure of such information, since disclosure could result in the personal harassment of

law enforcement personnel and, by extension, a diminishment of the ability of law enforcement

personnel to perform their duties. Id. Furthermore, the performance of law enforcement duties

often entails serious intrusions into the lives of others, which creates resentment and sometimes a

desire for retaliation. Id. As such, the Secret Service recognizes that the release of names,

signatures, and telephone numbers of law enforcement personnel could facilitate such retaliation,

and could also subject law enforcement personnel to unofficial questioning. Id.

     27.    The Secret Service has also withheld the names and other identifying information

concerning third parties whose names and identifying information appear on these documents,

who provided information to the Secret Service in connection with a criminal investigation, and

names and identifying information concerning third parties who were charged with, or suspected

of, criminal activity. Id. ¶ 33. In making its determination to withhold the names, and other

identifying information such as addresses, telephone numbers, credit card and bank account

numbers, and other identifying information of their parties pursuant to exemption (b)(7)(C), the

Secret Service balanced the public's interest in disclosure against the rights of third parties to

personal privacy, and determined that the privacy rights of the third parties outweighed any

public interest in disclosure. Id. The Secret Service determined that there is no public interest in

the disclosure of third party names and identifying information because such information reveals nothing about the manner in which the agency conducts its activities and does not disclose any illegal activity on the agency's part.  Id.  The Secret Service considered the personally stigmatizing effect resulting from the appearance of third party names in law enforcement files. Id.  The Secret Service also recognized that disclosure of third party information might have the effect of chilling future cooperation by third parties with law enforcement agencies.  Id.  Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.  Id.

28.      Finally, the Secret Service considered the privacy interests of third parties who were suspected of possible criminal activity, and determined that the public interest is best served by withholding their identifying information because there is no public interest in the disclosure of their identities, and disclosure could damage the reputations of such individuals and could stigmatize individuals who were not necessarily involved in wrongdoing.  Id. ¶ 34.  Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.

   **Records or Information Compiled for Law Enforcement Purposes Which Would
   Disclose Techniques and Procedures for Law Enforcement Investigations or
   Prosecutions or Would Disclose Guidelines for Law Enforcement Investigations or
   Prosecutions if Such Disclosure Could Reasonably be Expected to Risk
   Circumvention of the Law**

29.      5 U.S.C. section 552(b)(7)(E) exempts from disclosure "records or information compiled for law enforcement purposes . . ." the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be

10

expected to risk circumvention of the law."  Ulmer Decl. ¶ 36.

30.     The Secret Service cites exemption (b)(7)(E) to withhold the type of investigation routinely used by the Secret Service when investigating criminal counterfeiting activity.  Id. ¶ 37.  The release of this information could benefit those attempting to violate the law and avoid detection by the Secret Service.  Id.  Public disclosure that the Secret Service routinely conducts such an investigation and uses this investigative tool could nullify the future effectiveness of this investigative method.  Id.  Disclosure of this information could impede the Secret Service's efforts to investigate criminal activity in the future.  Id.

**Segregation**

31.     Every made has been made to provide plaintiff with all reasonably segregable portions of the materials.  Id. ¶ 38.  No reasonably segregable non-exempt potions of documents have been withheld from plaintiff.  Id.  A review of the responsive documents shows that no further information can be segregated without releasing information properly withheld under the FOIA.  Id.  Accordingly, all information withheld is exempt from disclosure pursuant to FOIA exemptions or is not reasonably segregable because it is so intertwined with protected material that its release would have revealed the underlying protected material.  Id.

32.     The Secret Service has made every attempt to release as much information as possible and has processed the documents to redact only the information that must be withheld.  Id. ¶ 39.  The Secret Service has made every attempt to comply with the intent of the FOIA while protecting the personal privacy of third parties and the interest of the public in the efficient and effective performance of its law enforcement agencies.  Id.

Respectfully submitted,


   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT


Of Counsel:

Andrea Hagen
Attorney
United States Secret Service
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| LAMONT DARREN KEYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-0465 (RMU) |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, et al. | ) |
| | ) |
| Defendants. | ) |

---

### DECLARATION OF CRAIG W. ULMER
### SPECIAL AGENT IN CHARGE, CAPITOL HILL
### AND INTERAGENCY LIAISON AND
### FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
### UNITED STATES SECRET SERVICE

I, Craig Ulmer, hereby make the following declaration:

1.      I am the Special Agent in Charge of the Capitol Hill and Interagency Liaison and Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret Service (hereinafter Secret Service), Department of Homeland Security (DHS) (formerly a bureau within the Department of the Treasury). I have been assigned as the Secret Service FOI/PA Officer since August 6, 2007, and have been employed with the Secret Service as a Special Agent (GS-1811) since April 28, 1985. My predecessor was Kathy J. Lyerly.

2.      DHS regulations, title 6, Code of Federal Regulations, section 5.4, and Appendix A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as to whether to grant FOIA requests for Secret Service records (68 FR 4056, 4058, and 4069).

DHS regulations, title 6, Code of Federal Regulations, section 5.22, and Appendix A, II(I)(3) (68

FR 4056, 4065, and 4069) likewise vest authority in the FOI/PA Officer, Secret Service, to make

initial determinations as to whether to grant requests for access to Secret Service records made

under the Privacy Act of 1974, title 5 of the United States Code, section 552a ("Privacy Act").

### Receipt and Processing of Plaintiff's Request

3.      As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA and

Privacy Act request to the Secret Service. Under my direction, the files of the Secret Service

FOI/PA Office have been searched for all records pertinent to this litigation. A chronological

description of the correspondence in this matter and the processing of plaintiff's information

request is set forth below.

4.      By an undated letter to the Secret Service, which was received by the Secret

Service on June 30, 2003, the plaintiff requested "your file regarding me." A copy of this letter is

attached as Exhibit A.

5.      By letter dated July 9, 2003, the Secret Service FOI/PA Officer acknowledged

receipt of plaintiff's FOIA/Privacy Act request and requested that plaintiff provide a notarized

statement attesting to his identity and firm agreement to pay fees. A copy of this letter is attached

as Exhibit B.

6.      By letter dated July 22, 2003, and received by the Secret Service on

August 18, 2003, plaintiff forwarded to the Secret Service a notarized statement attesting to his

identity and his agreement to pay up to $ 25 in fees. A copy of this letter is attached as

Exhibit C.

2

7.    By letter dated August 26, 2003, the Secret Service FOI/PA Officer acknowledged receipt of the notarized statement and agreement to pay fees. Plaintiff was also informed that the Secret Service would now conduct a search for records responsive to his request. A copy of this letter is attached as Exhibit D.

8.    After receipt of this agreement to pay fees, the Secret Service FOI/PA office processed the plaintiff's request. The Secret Service initially determined it maintained three criminal investigative files relating to plaintiff. The Secret Service first considered whether any of these files would be available to the plaintiff under the Privacy Act. The Secret Service determined that these files were maintained in the Secret Service Criminal Investigative Information System which is exempt from access under the Privacy Act. As required under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(4), the Secret Service publishes in the Federal Register a listing of its Privacy Act Systems of Records. The Privacy Act System of Records in which these files indexed under plaintiff's name is located is the Criminal Investigative Information System. This system is exempt from the access and amendment provisions of the Privacy Act, Section 552a(d), under exemptions 552a(j)(2) and (k)(2). See 66FR 45362, a copy of which is attached as Exhbit E. Therefore, these files are not available to the plaintiff under the Privacy Act.

9.    As these files were not available to the plaintiff under the Privacy Act, the same files were then processed under the FOIA.

10.    By letter dated July 18, 2007, the Secret Service released to plaintiff pursuant to the FOIA documents and information responsive to his information access request. Through this letter plaintiff was advised that the Secret Service was withholding additional responsive material pursuant to various exemptions set out under the FOIA and the Privacy Acts. Through

3

this letter plaintiff was also advised that some documents and information responsive to this request had originated with other federal agencies, and that these documents had been forwarded to those agencies for direct response to the plaintiff. Plaintiff was also informed that 279 pages of material were being withheld in their entirety. A copy of this letter, without enclosures, is attached as Exhibit F.

11.    A review of documents found in the responsive files located information originating with the Federal Bureau of Prisons. As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 18, 2007, the Secret Service referred this material to the Federal Bureau of Prisons for direct response to the plaintiff. A copy of this letter, without enclosures, is attached as Exhibit G.

12.    A review of documents found in the responsive files also located information originating with the Court Services and Offender Supervision Agency. As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 18, 2007, the Secret Service referred this material to the Court Services and Offender Supervision Agency for direct response to the plaintiff. A copy of this letter, without enclosures, is attached as Exhibit H.

13.    A review of documents found in the responsive files also located information originating with the Federal Bureau of Investigation (FBI). As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c)and (d)), by letter dated July 18, 1007, the Secret Service referred this material to the FBI for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit I.

14.    A review of documents found in the responsive files also located information

originating with the Executive Office of United States Attorney (EOUSA). As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 18, 2007, the Secret Service referred this material to EOUSA for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit J.

15.    By letter dated July 24, 2007, the Secret Service made a supplemental release to plaintiff pursuant to the FOIA of additional material responsive to his information access request. Through this letter plaintiff was advised that the Secret Service was withholding additional responsive material pursuant to various exemptions set out under the FOIA. Plaintiff was also informed that 2 pages were being withheld in their entirety. A copy of this letter, without enclosures, is attached as Exhibit K.

16.    In preparation of this declaration, it was determined that additional documents and information previously withheld in the Secret Service's releases to plaintiff could be released to plaintiff. In order to ensure that plaintiff received all releaseable information, by letter dated August 13, 2007, the Secret Service made a release to the plaintiff of a complete set of all releasable information responsive to plaintiff's information access request. Through this letter plaintiff was advised that the Secret Service was withholding additional responsive material pursuant to various exemptions set out under the FOIA. Plaintiff was also informed that a total of 226 pages were being withheld in full and that all of these withheld in full documents deal solely with a third party and the criminal investigation regarding that third party. A copy of this letter, without enclosures, is attached as Exhibit L.

## Search for Responsive Records

17.     Based on the plaintiff's request for records concerning him that was received by the Secret Service on June 30, 2003, the Secret Service conducted a search for responsive records. First, a search was conducted for information indexed under the plaintiff's name in the Secret Service Master Central Index (MCI). Date of birth and social security were used to confirm that any files indexed under plaintiff's name in the MCI system in fact concerned the plaintiff.

18.     The MCI is an on-line computer system used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications. This system has been designated to serve as the nucleus of an integrated information network that provides for all of the data and message processing needs of the Secret Service.

19.     The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals on whom the Secret Service maintains records are indexed when possible on MCI by name, social security number, and/or date of birth. All field offices of the Secret Service enter into the MCI individuals who are subjects in investigative or administrative files maintained by that office.

20.     If the Secret Service was maintaining records on the plaintiff in any Secret Service office, his name should be in MCI along with the case number(s) of the investigative or administrative file(s) in which he was a subject. The MCI search for records concerning the plaintiff produced three files indexed to plaintiff's name that were being maintained by the

6

Jacksonville, Baltimore, and Los Angeles Field Offices of the Secret Service (one each). As a result, the FOI/PA Office asked the these offices to search their files for records responsive to plaintiff's request and forward all records they were maintaining on the plaintiff. The Baltimore, Jacksonville, and Los Angeles Field Offices each forwarded to the FOI/PA Office their file that office was maintaining regarding the plaintiff. All three files dealt with criminal investigations involving the plaintiff. All three files were considered to be responsive to plaintiff's request.

21.     To ensure that all potential offices were searched, the FOI/PA Office also requested that the several headquarters divisions that could potentially be maintaining files regarding the plaintiff search their records for responsive records. This search produced no additional files regarding the plaintiff.

22.     Based on the searches described above, the FOI/PA Office has conducted searches reasonably likely to produce records responsive to plaintiff's request for investigative records concerning him.

### 5 U.S.C. 552(b)(7): Records or Information Compiled for Law Enforcement Purposes

23.     Title 5, United States Code, section 552(b)(7) provides that the FOIA does not apply to "records or information complied for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy, ... [or] would disclose techniques and procedures for law enforcement investigation if such disclosure ...."

24.     The Secret Service is a criminal law enforcement and security agency created

under title 18, United States Code, section 3056. The files located in response to plaintiff's information request were compiled in connection with the Secret Service's investigation of criminal charges against the plaintiff. These files were compiled under the authority to conduct such investigations as vested in the Secret Service under 18 U.S.C.§ 3056. As such, these records meet the threshold requirement of exemption (b)(7) of having been compiled for law enforcement purposes.

   **(1)**   **Matter Related Solely to the Internal Rules and Practices of an Agency**

   25.  Title 5 of the United States Code, section 552(b)(2) exempts from disclosure information "relating solely to the internal rules and practices of an agency." The Secret Service cites exemption (b)(2) as justification for withholding the following pieces of information: special agent identification numbers; computer access/identification numbers used by the Secret Service, internal Secret Service account numbers, internal Secret Service email addresses, and the name of a type of investigation conducted by the Secret Service which is not generally known to the public.

   26.  These pieces of information are strictly internal and in and of themselves would appear to have no informational value to the public. The release of these pieces of information, however, could assist those seeking to conduct criminal activity or seeking to circumvent detection of their criminal activity.

   27.  The identification number for each Special Agent is the number which appears on a special agent's commission book. This number is associated with the special agent's name, and may be used to identify the special agent. The number assigned to a special agent could allow an individual to create the appearance of association with the Secret Service so as to possibly gain improper access to Secret Service or other law enforcement information. Knowledge of a special

agent's identification number could also allow an individual to possibly gain personal information concerning the special agent, or to impersonate that special agent.

28.     The computer access/identification numbers, internal account numbers, and internal email addresses which have been withheld are pieces of information which are strictly internal with no informational value. The release of this information, however, could assist someone in hacking into a federal computer data base and gathering information from that data base.

29.     In regard to the name of a type of investigation which is being withheld, this type of investigation assists the Secret Service in identifying those who might seek to engage in certain criminal activity. It is not generally known that the Secret Service conducts this type of investigation, and a potential offender might not have considered this possibility. If the name of this type of investigation were revealed, it could allow the potential offender to undermine the investigative mission of the Secret Service by modifying his or her actions so as to avoid detection and circumnavigate the investigative efforts of the Secret Service. The name of the type of investigation has also been withheld under exemption (b)(7)(E).

### (2)     5 U.S.C. (b)(7)(C): Records or Information Compiled for Law Enforcement Purposes Which Could Reasonably be Expected to Constitute an Unwarranted Invasion of Personal Privacy

30.     5 U.S.C. § 552(b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This exemption protects, among other information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes.

31.    Exemption (b)(7)(C) is being cited to justify the withholding of the names, signatures, and telephone numbers of law enforcement personnel. The identity of federal and state law enforcement personnel referred in a criminal investigatory file are withheld in order to avoid subjecting public servants to harassment and annoyance either in the conduct of their official duties or their private lives.

32.    In making its determination to withhold the identities, signatures, and telephone numbers of law enforcement personnel under exemption (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the privacy rights of the individual whose names, signatures, and telephone numbers appears in responsive documents. The Secret Service determined that there is no public interest in this information since this information does not reveal anything about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency. Moreover, the public interest is best served by the non-disclosure of such information, since disclosure could result in the personal harassment of law enforcement personnel and, by extension, a diminishment of the ability of law enforcement personnel to perform their duties. Furthermore, the performance of law enforcement duties often entails serious intrusions into the lives of others, which creates resentment and sometimes a desire for retaliation. As such, the Secret Service recognizes that the release of the names, signatures, and telephone numbers of law enforcement personnel could facilitate such retaliation. The release of this information could also subject law enforcement personnel to unofficial questioning.

33.    The Secret Service has also withheld under exemption (b)(7)(C) names and other identifying information concerning third parties whose names and identifying information appear on these documents, who provided information to the Secret Service in connection with a criminal

10

investigation, and names and identifying information concerning third parties who were charged with, or suspected of, criminal activity.  In making its determination to withhold the names and other identifying information such as addresses, telephone numbers, credit card and bank account numbers, and other identifying information of third parties under exemption (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the rights of third parties to personal privacy, and determined that the privacy rights of third parties outweighed any public interest in disclosure. The Secret Service determined that there is no public interest in the disclosure of third party names and identifying information, because such information reveals nothing about the manner in which the agency conducts its activities and does not disclose any illegal activity on the part of the agency. The Secret Service considered the potentially stigmatizing effect resulting from the appearance of third party names in law enforcement files.  The Secret Service also recognized that disclosure of third party information might have the effect of chilling future cooperation by third parties with law enforcement agencies.  Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.

34.    Finally, the Secret Service considered the privacy interests of third parties who were suspected of possible criminal activity, and determined that the public interest is best served by withholding their identifying information because there is no public interest in the disclosure of their identities, and disclosure could damage the reputations of such  individuals, and could stigmatize individuals who were not necessarily involved in wrongdoing. Given these factors, the Secret Service determined that the privacy rights of third parties outweighs the public's interest in disclosure.

35.    In this case, this exemption has been applied to the names and other identifying

information of Secret Service personnel and third parties in these documents.

     **(3)**     **5 U.S.C.§ 552 (b)(7)(E): Records or Information Compiled for Law Enforcement Purposes Which Would Disclose Techniques and Procedures for Law Enforcement Investigations or Prosecutions, or Would Disclose Guidelines for Law Enforcement Investigations or Prosecutions if Such Disclosure Could Reasonably Be Expected to Risk Circumvention of the Law**

    36.    5 U.S.C. § 552(b)(7)(E) exempts from disclosure "records or information compiled for law enforcement purposes" the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

    37.    The Secret Service cites exemption (b)(7)(E) to withhold the type of investigation routinely used by the Secret Service when investigating criminal counterfeiting activity. The release of this information could benefit those attempting to violate the law and avoid detection by the Secret Service. Public disclosure that the Secret Service routinely conducts such an investigation and uses this investigative tool could nullify the future effectiveness of this investigative method. Disclosure of such information could impede the Secret Service's efforts to investigate criminal activity in the future.

### Segregation

    38.    Every effort has been made to provide plaintiff with all reasonably segregable portions of the material requested. No reasonably segregable non-exempt portions of documents have been withheld from the plaintiff. A review of the responsive documents shows that no further information can be segregated without releasing information properly withheld under the FOIA.

Accordingly, all information withheld is exempt from disclosure pursuant to the FOIA exemption or is not reasonably segregable because it is so intertwined that protected material segregation is not possible or its release would have revealed the underlying protected material.

### Conclusion

39.    The Secret Service has made every attempt to release as much information as possible and has processed the documents to redact only the information which must be withheld. The Secret Service has made every attempt to comply with the intent of the FOIA, while protecting the personal privacy of third parties, and the interest of the general public in the efficient and effective performance of its law enforcement agencies.

I declare under penalty of perjury that the foregoing is true and correct.

_AUGUST 13, 2007_
Date

Craig W. Ulmer
Special Agent in Charge,
Liaison Division, Office of Government and Public Affairs
and Freedom of Information and Privacy Acts Officer
United States Secret Service

14

**EXHIBIT A**

WARREN LAMONT KEYS
C.I. Loretto P.O. Box 1000 Loretto Pa. 15940-1000 R/N 33000-037 N02

U.S. SECRET SERVICE

Eljay B. Bowron, Director
1800 G. Street
Washington DC 20223
202-435-5700
Fax 202-435-5246

Dear Sir,

I am writing to you in a desparate attempt to obtain copies of the case files in your possession as I have sent two seperate requests to the Jacksonville Field Office , only to have them retuned without a response as I believe they have moved to another location.

Please forward any and all records in your file regarding me to the address listed above . I have included my identifying info. in the attached Freedom of Information Act pursuant to TITLE 5 $$ 552 & 552a.

I thank you in advance for your time and prompt response in this matter. I remain , Of course,

Respectfully ,

Darren L. Keys

PRIVACY ACTS OFFICER

# EXHIBIT B

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
950 H Street, N.W., Suite 3000
Washington, D.C. 20223

Darren L. Keys
Reg. No. 33000-037
F. C. I. Loretto
P. O. Box 1000
Loretto, Pennsylvania 15940-1000

JUL  9 2003

File Number:    20030615

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on June 30, 2003, for information pertaining to yourself.

The following checked items apply to your request:

☐    Your request constitutes a third party request, and without a properly notarized release from each individual, we can neither confirm nor deny the existence of investigatory information pertaining to the person named in your request.

☐    Your request is too broad in scope, or did not specifically identify the records which you are seeking. Records must be described in reasonably sufficient detail to enable Secret Service employees who are familiar with the subject area to locate records without placing an unreasonable burden upon the component agency. Whenever possible, a request should include specific information about each record sought, such as the date, title or name, author, recipients, and subject matter of the record. The Freedom of Information Act does not require an agency to either create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records.

☐    In view of the fact that you have stated that the subject of your request is deceased, we require some type of affirmation of his/her death, such as a copy of a death certificate or an obituary column. This is required in order to protect the privacy rights of third parties who are the subject of such requests. Without the above affirmation of death, we can neither confirm nor deny the existence of information pertaining to the person named in your request.

☐    In order to facilitate our searching procedures, please furnish your complete name, date of birth, place of birth, and any additional identifying data, which would assist us in locating records responsive to your request. In the case of a third party request, please furnish the aforementioned information for the third party.

☒    The Secret Service requires that an individual seeking access to personal records through the mail, must provide a written request which includes an original signature in the form of a notarized statement attesting to their identity or a statement of declaration added 28 USC 1746. The official certification of an individual's identity is necessary to ensure that an individual's file is not sent to an unauthorized third party. An individual's request for information pertaining to himself/herself is processed under both the Freedom of Information and Privacy Acts to afford maximum access to records.

☐    Your request did not include a firm agreement to pay for costs that may be incurred in filling your FOIA request. As a commercial use requester, you are assessed charges which recover the full direct cost of searching, reviewing, and duplicating the records sought. Duplication fees are assessed at the cost of $.10 per page. In addition, we may recover the cost of searching for and reviewing records, even if there is ultimately no disclosure or records.

☐    Your correspondence did not include a firm agreement to pay for costs that may be incurred in filling your FOIA request. Please refer to the enclosed Department of Homeland Security regulations [6 CFR, Chapter 1, Part 5, Subpart A] implementing certain provisions of the Freedom of Information Act of 1986, relating to the proper form for making a Freedom of Information Act request. Please note that there are certain elements, which must be present, including that requesters state how the documents requested will be used. This information is necessary to establish your category of requester and to establish your eligibility for a fee waiver or reduced fees, if requested. If you decide to request a fee waiver, you must state the justification for such request. If you make a FOIA request, it shall be considered an agreement by you to pay all applicable fees charged under Section 5.11 up to $25.00, unless you seek a waiver of fees. When making a request you may specify a willingness to pay a greater or lesser amount. In addition, we may recover the cost of searching for and reviewing records, even if there is ultimately no disclosure or records.

☒    Your correspondence did not include a firm agreement to pay for duplication costs that may be incurred in filling your FOIA/PA request. An individual's request for information pertaining to himself/herself is processed under both the Freedom of Information and Privacy Acts to afford maximum access to records. Under the Privacy Act, individuals are charged only duplication fees with the first 100 pages provided at no cost. Duplication fees over 100 pages are assessed at the cost of $.10 per page. If you make a Privacy Act request for access to records, it shall be considered an agreement by you to pay all applicable fees charged under §5.29, up to $25.00. When making a request, you may specify a willingness to pay a greater or lesser amount. To assist you in preparing a proper request, we are enclosing a copy of that portion of the Department of Homeland Security regulations [6 CFR, Chapter 1, Part 5, Subpart B] implementing certain provisions of the Privacy Act of 1974, relating to the proper form for making a Privacy Act request.

☐    Other:

This is not a denial of your request. Upon receipt of a perfected request, a search of files will be conducted. You will then be advised as to the status of your request.

Please use the file number indicated above in all correspondence with this office. Please note that failure to respond within 60 days of the above date will result in the administrative closure of your file.

Sincerely,

*Margaret M. Mannix*

Margaret M. Mannix
SAIC
Freedom of Information &
Privacy Acts Officer

Enclosure(s):

☒    Homeland Security Freedom of Information and Privacy Act Guidelines

BCC:   Official File (177.060/177.070)
       Chron. File
       Subject File    **SUBJECT FILE**

MM/Mannix/ag   7/8/2003

# EXHIBIT C

DARREN LAMONT KEYS REG. NO. 33000-037
FEDERAL CORRECTIONS INSTITUTION
P.O. BOX 1000
LORETTO PA. 15940-1000

Department of Homeland Security
United States Secret Service
Freedom of Information and Privacy Branch
950 H Street, N.W. Suite 3000
Washington D.C. 20223

File Number: 2003615

July 22, 2003

Dear FIOA/PA Officer:Jeanette Williams

This letter is Statement of Declaration Pursuant to 28 U.S.C. 1746.
that I under penalties of perjury,I am the true DARREN LAMONT KEYS
and have attached FOIA/PA request for fulfillment by your agency.

Also per your written request, I am hereby formally AGREEING to
pay for duplication costs that may be incurred in filling my
request. I understand that I may receive the first 100 pages at
no charge and subsequent pages are $.10¢ per page under $ 5.29,
up to $ 25.00.

I believe I have satisfied the necessary requirements to have
my request processed and possibly expedited. Please forward any and
all files , papers , pictures, documents, etc. to me at the above
address. I remain , of course,

Respectfully Yours,

DARREN LAMONT KEYS

Daniel Norris   Case Manager
Authorized by the Act of
July 27, 1955, to administer
oaths (18 USC 4004).

**EXHIBIT D**

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
950 H Street, N.W., Suite 3000
Washington, D.C. 20223

AUG 26 2003

Darren Lamont Keys
Reg. No. 33000-037
Federal Corrections Institution
P. O. Box 1000
Loretto, PA 15940-1000

File Number: 20030615

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on August 18, 2003, for information pertaining to yourself.

A search for files responsive to your request is being conducted. When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

Sincerely,

Margaret M. Mannix
SAIC
Freedom of Information &
Privacy Acts Officer

BCC:    Official File (177.060/177.070)
        Chron. File
        Subject File   **SUBJECT FILE**

# EXHIBIT E

FEDERAL REGISTER
Vol. 66, No. 167

Notices

DEPARTMENT OF THE TREASURY
United States Secret Service

Privacy Act of 1974, as Amended; System of Records

66 FR 45362

DATE: Tuesday, August 28, 2001

ACTION: Notice of systems of records.

------------------------------------------------------------------------
To view the next page, type .np* TRANSMIT.
To view a specific page, transmit p* and the page number, e.g. p*1
------------------------------------------------------------------------

[*45362]

   SUMMARY: In accordance with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a, the U.S. Secret Service, Treasury, is publishing its Privacy Act systems of records.

SUPPLEMENTARY INFORMATION: Pursuant to the Privacy Act of 1974 (5 U.S.C. 552a) and the Office of Management and Budget (OMB), Circular No. A-130, the U.S. Secret Service has completed a review of its Privacy Act systems of records notices to identify changes that will more accurately describe these records.

   Treasury/USSS.002-Chief Counsel Record System, required minor modifications to the "Records Source Categories."

   Treasury/USSS.005-Freedom of Information Request System has been incorporated into the Treasury-wide notice entitled "DO.150-Freedom of Information Act/Privacy Act Request Records." The system of records notice was deleted from the Service's inventory of Privacy Act notices on December 3, 1999, at 64 FR 67966.

   Other changes throughout the systems notice are editorial in nature and consist principally of changes to the "System Locations" and "System Manager(s) Address."

   Systems Covered by This Notice: This notice covers all systems of records adopted by the U.S. Secret Service up to June 1, 2001.

   The systems notices are reprinted in their entirety following the Table of Contents.

   Dated: August 16, 2001.

W. Earl Wright, Jr.,

Chief Management and Administrative Programs Officer.

Table of Contents

USSS.001-Administrative Information System

USSS.002-Chief Counsel Record System

USSS.003-Criminal Investigation Information System

USSS.004-Financial Management Information System

USSS.006-Non-Criminal Investigation System

USSS.007-Protection System

USSS.008-Public Affairs Record System

USSS.009-Training Information System    [*45363]

United States Secret Service

Treasury/USSS.001

SYSTEM NAME:

   Administrative Information System-Treasury/USSS.

SYSTEM LOCATION:

   (a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A, listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223; (c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780; (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue of the Stars, Century City, CA 90067; (l) Bush Protective Division, U.S. Secret Service, P.O. Box 79797, Houston, Texas 77279-9797; (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, D.C. 20502.

Categories of INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who are now or were Secret Service employees; (b) Individuals, contractors, and vendors, etc., who are presently doing or previously did business with the Secret Service; (c) Claimants against the Secret Service under the Federal Tort Claims Act and the Military Personnel and Federal Employees Claims Act.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information on issuance of Secret Service equipment and accountable government property; (b) Records containing procurement negotiations, contracts, agreements, etc., with the Secret Service; (c) Records containing information on past, present, and future administrative correspondence with individuals, contractors, vendors, etc., who have or plan to enter into contractual agreements with the Secret Service; (d) Records on vehicle accidents, injuries, fatalities.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

Title 40 and 41 of the U.S. Code, and other rules and regulations where applicable; 5 U.S.C. 301; 44 U.S.C. 3101.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

(1) Disclosure of information to the Department of Treasury, GAO, OMB, GSA, the Department of Justice and other Federal, state, and local government agencies regarding purchases, contracts, and anticipated purchases and contracts of the Secret Service; (2) To provide administrative services for the Secret Service and maintain administrative records as required by law; (3) To use in the adjudication of any claim for or against the Secret Service; (4) Disclosure to individuals, contractors, vendors, etc., for the purpose of inquiries relating to or confirmation of orders and purchases; (5) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records are contained in file jackets and portions of the information are stored electronically at Headquarters.

RETRIEVABILITY:

Records may be retrieved by name and/or number.

SAFEGUARDS:

(1) File jackets and electronic data at Headquarters are located in locked rooms which are secured by alarms and other internal security devices with guards on duty on an around the clock basis. Access is available only to employees responsible for records management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (2) The file jackets in Secret Service field offices are located in locked

file cabinets or in locked rooms when Secret Service employees are not on duty. Access to the system is limited to employees of the Secret Service holding top secret security clearances.

RETENTION AND DISPOSAL:

The file jackets and electronic data are retained in accordance with mandatory National Archives Records Administration (NARA), General Records Schedules 3, 4, 8, 10, 11, 13, & 23. Disposal is by burning, shredding, and/or electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Director, Office of Administration, U.S. Secret Service, 950 H St., NW, Suite 8250, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Requests for information contained in this system should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Individuals who are presently or were Secret Service employees; (b) Individuals, corporations, companies, contractors, etc., previously engaged or presently engaged in business with the Secret Service; (c) Claimants.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

None.

Treasury/USSS.002

SYSTEM NAME:

Chief Counsel Record System-Treasury/USSS.

SYSTEM LOCATION:

Office of Chief Counsel, United States Secret Service, 950 H St., NW, Washington, DC 20223.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who have filed administrative claims; (b) Individuals involved in litigation against the U.S. Secret Service; (c) Individuals who have filed a petition regarding forfeiture; (d) Employees, former employees or applicants who have filed equal employment opportunity claims against the U.S. Secret Service; (e) Employees or former employees who have appealed disciplinary actions taken against them  [*45364]   by the U.S. Secret Service to the Merit System Protection Board.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Copies of administrative claims filed against the Secret Service or employees of the U.S. Secret Service and responses thereto; (b) Any type of legal document, including but not limited to complaints, summaries, affidavits, litigation reports, motions, subpoenas and any other court filing or administrative filing or evidence; (c) Records concerning requests for information regarding the use of reproductions of obligations of the United States including bonds, checks, coins, coupons, currencies (U.S. and foreign), fractional notes, postage stamps (U.S. and foreign), postal money orders, and postmarks.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056; 28 U.S.C. 2672 (Federal Tort Claims Act); 18 U.S.C. 471-509.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

(1) Administrative claims may be routinely sent to Department of Justice attorneys to assist them in litigation involving the Secret Service; (2) Legal records and litigation reports may be sent to Department of Justice attorneys to assist them in the preparation for litigation; (3) Records indicating a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, may be referred to the appropriate Federal, state, local or foreign agency charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, rule, regulation or order issued pursuant thereto; (4) Disclosures to opposing counsel, a court magistrate or administrative tribunal in the course of a legal proceeding, and disclosures to opposing counsel in the course of discovery proceedings for the purpose of, enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto; (5) Disclosures to Federal, state or local agencies maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit; (6) Disclosures to a Federal agency in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter; (7) Disclosure to a student participating in a Secret Service

student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

 Records are contained in file jackets.

RETRIEVABILITY:

 This System is indexed chronologically for administrative claims and requests for information regarding reproductions. Access to the physical files containing litigation records is by name.

SAFEGUARDS:

 The file jackets are secured in a locked room with guards on duty on an around-the-clock basis. Access to the records is available only to employees responsible for record management and operational employees who have a need for such information, each of whom holds a top secret security clearance.

RETENTION AND DISPOSAL:

 (1) Closed litigation case files are retained for a period of 5 years; (2) Administrative claims, and requests for information are disposed of at varying intervals in accordance with the records retention schedule approved by the National Archives and Records Administration. Any disposal is by shredding and/or burning.

SYSTEM MANAGER(S) AND ADDRESS:

 Chief Counsel, U.S. Secret Service, 950 H St., NW, Suite 9200, Washington, DC 20223.

NOTIFICATION PROCEDURE:

 Individuals who wish to present a request as to whether the system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

 Requests for information contained in this System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

 See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Administrative claims are filed by those individuals who believe that they have a claim against the U.S. Secret Service; (b) Individuals who are involved in legal proceedings against the U.S. Secret Service. All litigation reports are initiated by Office of Chief Counsel, U.S. Secret Service. Information may be received from courts, administrative bodies, other federal or state agencies and private parties or entities who have information concerning a legal matter involving the U.S. Secret Service, and (c) Requests for information regarding the use of reproductions from Secret Service field offices, the general public, and from professional organizations; other Federal agencies, and Federal, State and local courts.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

   None.

Treasury/USSS.003

SYSTEM NAME:

   Criminal Investigation Information System-Treasury/USSS.

SYSTEM LOCATION:

   (a) United States Secret Service, (Headquarters) 950 H St., NW, Washington, DC 20223; (b) Components of this System are geographically dispersed throughout Secret Service field offices. (See United States Secret Service Appendix A listing the addresses of Secret Service field offices.)

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

   (a) Individuals who have been or are currently the subject of a criminal investigation by the U.S. Secret Service in connection with the performance by that agency of its authorized criminal investigative functions; (b) Individuals who are payees, registered owners or endorsers of stolen or lost obligations and other securities of the United States; (c) Individuals who are witnesses, complainants, informants, suspects, defendants, fugitives, released prisoners, correspondents, organized crime figures, and victims of crimes who have been identified by the Secret    [*45365]    Service in the conduct of criminal investigations or by information supplied by other law enforcement agencies, government units, and the general public.

CATEGORIES OF RECORDS IN THE SYSTEM:

   (a) Records containing information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status; (b) Records containing information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; (c) Records containing reports identifiable with an individual compiled at various stages of the process of enforcement of criminal laws from arrest or indictment through release from supervision; (d) Records containing investigatory material compiled for law enforcement purposes, including but not limited to, handwriting exemplars; laboratory analyses of inks and papers; handwriting analyses; petitions for the remission of forfeitures;

notice of non-receipt of Treasury drafts; affidavits of forged endorsements; opinions of the examiner of questioned documents; reports or opinions from the examination of computer evidence; reports or opinions from the examination of altered cellular telephones; certificates by owners of U.S. registered securities concerning forged requests for payments or assignments; applications for relief on account of loss, theft, or destruction of U.S. Savings Bonds or checks; photographic reproductions of obligations and other securities of the United States; contraband items; claims against the United States for the proceeds of government checks and bonds; and reports necessary for the settlement of check and bond claims; names and telephone numbers of persons intercepted by electronic, mechanical, or other device under the provisions of Title 18 U.S.C., Section 2510 et.seq. compiled during the lawful course of a criminal or civil investigation.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

   18 U.S.C. 3056.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

   (1) Disclosure to Federal, state, and local government agencies foreign or domestic, having prosecutive and civil law enforcement functions for use by attorneys, magistrates, and judges, parole or probation authorities and other law enforcement authorities for the purpose of developing a criminal or civil investigation, prosecuting, sentencing, or determining the parole and probation status of criminal offenders or suspected criminal offenders; (2) Disclosure to personnel of other Federal, state and local law enforcement agencies, foreign or domestic, for the purpose of developing information on subjects involved in Secret Service criminal investigations and assisting other law enforcement agencies in the investigation and prosecution of violations of the criminal laws which those agencies are responsible for enforcing; (3) Disclosure to personnel of Federal, state, and local governmental agencies, where such disclosure is considered reasonably necessary for the purpose of furthering Secret Service efforts to investigate the activities of and apprehend criminal offenders and suspected criminal offenders; (4) Disclosure to personnel of Federal, state, and local governmental agencies, foreign and domestic, where there is a showing of reasonable necessity to obtain such information to accomplish a valid law enforcement purpose; (5) Disclosure to employees and officials of financial and commercial business firms and to private individuals of identifying information pertaining to actual or suspected criminal offenders where such disclosure is considered reasonably necessary for the purpose of furthering Secret Service efforts to investigate the activities of and apprehend criminal offenders and suspected criminal offenders; (6) Records maintained in this System indicating a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, may be disclosed to the appropriate agency, whether Federal, state, local or foreign, charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation or order issued pursuant thereto; (7) Disclosures in the course of presenting evidence to a court, magistrate or administrative tribunal and disclosures to opposing counsel in the course of discovery proceedings for the purpose of enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular

program statute, or by regulation, rule or order issued pursuant thereto; (8) Disclosures to Federal, state or local agencies maintaining civil, criminal or other pertinent information or enforcement information relevant to an agency decision concerning the hiring or retention of an employee, or the issuance of a license, grant or other benefit; (9) Disclosures to a Federal, state or local agency in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter; (10) Disclosures of information relating to criminal and civil proceedings to the news media in accordance with the guidelines contained in 28 CFR 50.2; (11) Disclosure in connection with the utilization by the Secret Service of the Northern Virginia Regional Identification System for the storage and retrieval of fingerprint information maintained by the Secret Service; (12) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

   All records comprising this system are contained in file jackets, computerized data systems, microfilm and microfiche. Portions of the indices and information contained in the records are maintained in electronic storage media located at Headquarters.

RETRIEVABILITY:

   This system is indexed by name, address, vehicle license number, and/or telephone number, and is retrieved through computer search of magnetic media indices both at Headquarters and in the field offices. Additionally, subjects are retrievable from the computerized files by physical description. Access to the physical files containing records is by case number.

SAFEGUARDS:

   (1) At Headquarters, the file jackets containing the records are secured by alarms, and other internal security devices, in locked rooms with guards on duty on an around-the-clock basis.    [*45366]    Access to the records is available only to employees responsible for records management and operational employees with a "need to know," each of whom has a top secret security clearance; (2) In field offices the file jackets are located in locked filing cabinets and when Secret Service employees are not on duty, in locked rooms. Access to the system is controlled and limited to employees of the Secret Service holding top secret security clearances.

RETENTION AND DISPOSAL:

   (1) All Judicial cases, 20 years; (2) Non-judicial criminal investigative cases (except non-judicial check and bond cases), 10 years; (3) Non-judicial check claim and bond forgery cases, 5 years; (4) Administrative files of an investigatory nature, 5 years; (5) All other files and records the disposition

of which is not otherwise specified, 5 years; (6) Investigations for other districts, 2 years; (7) Receipts vary with the case file to which they pertain; (8) Investigation Control Forms, varies; (9) Arrest History Forms, Indefinite; (10) Headquarters Criminal Investigative case files, 30 years; indices and microfilm copies are retained for an indefinite period; (11) Consensual and non-consensual interception indices, 10 years or when investigative use no longer exists, whichever is longer; (12) Fingerprint and photograph files, at varying intervals in accordance with record retention schedules approved by the National Archives and Records Administration. Disposal is by burning, shredding, maceration, and pulping, and/or electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

   Assistant Director, Office of Investigations, U.S. Secret Service, 950 H St., NW, Suite 8900, Washington, DC 20223.

NOTIFICATION PROCEDURE:

   In accordance with the provisions of 5 U.S.C. 552a (j) and (k), the Director of the U.S. Secret Service has exempted this System from compliance with the provisions of 5 U.S.C. 552a (e)(4)(G).

RECORD ACCESS PROCEDURES:

   In accordance with the provisions of 5 U.S.C. 552a (j) and (k), the Director of the U.S. Secret Service has exempted this System from compliance with the provisions of 5 U.S.C. 552a (e)(4)(H).

CONTESTING RECORD PROCEDURES:

   See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

   In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from compliance with the provisions of 5 U.S.C. 552a (e)(4)(I).

EXEMPTIONS CLAIMED FOR THE SYSTEM:

   This system is exempt from 5 U.S.C. 552a (c)(3), (c)(4), (d), (e)(1), (e)(4)(G), (e)(4)(H), and (e)(4)(I), of the Privacy Act pursuant to 5 U.S.C. 552a (j)(2) and (k)(2). See 31 CFR 1.36.

Treasury/USSS.004

System name:

   Financial Management Information System-Treasury/USSS.

SYSTEM LOCATION:

   (a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A,

listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223;(c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780. (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue Of the Stars, Century City, CA 90067, (l) Bush Protective Division, U. S. Secret Service P.O. Box 79797, Houston, Texas 77279-9797, (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, DC 20502.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who are now, or were previously, Secret Service employees; (b) Individuals, contractors, vendors, etc., who are presently doing business with or previously did business with the Secret Service; (c) Individuals who are involved in or were previously involved in tort claims with the Secret Service; (d) Individuals who are now or previously were involved in payments (accounts receivable) with the Secret Service; (e) Individuals who have been recipients of awards.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information compiled for the purpose of pay, travel, property damage, expenses incurred other than travel, and retirement annuities and taxes; (b) Records containing information of accounts receivable and payable, involving Secret Service employees and other persons; (c) Records containing information of tort claims dealing with Secret Service property, concerning payment and accounts receivable; (d) Records containing information on the expenditures, anticipated expenditures, and budget studies of the Secret Service; (e) Time and attendance records.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

31 U.S.C. 68, 484, 952, and 1801 through 1806, and 5 U.S.C. 5514, and 21 U.S.C. 2415.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses of the records contained in this System are as follows: (1) Disclosure to the Internal Revenue Service, U.S. Treasury, GAO, OPM and other Federal agencies dealing with the payment and collection of monies concerning Secret Service employees; (2) disclosure to the Internal Revenue Service, U.S. Treasury Department, OPM, GAO, and other Federal agencies dealing with the payment, collection and audit of monies concerning persons who have financial dealings with the Secret Service; (3) To establish and maintain a means of

gaining statistical information needed to answer inquiries from other Federal, state, and local governments and Congress; (4) To establish a reporting system to Treasury, OMB, GAO, and Congress concerning Secret Service expenditures; (5) To establish a means of payments to contractors and vendors for purchases made by Secret Service; (6) Disclosure to other Federal agencies to effect inter-agency salary offset and to affect inter-agency administrative offset; (7) Disclosures to debt collection agencies for debt collection services; (8) Disclosures of current mailing addresses obtained from the Internal Revenue Service, which have become a part of this system, to consumer reporting agencies to obtain credit reports and to debt collection agencies for collection services; (9) Disclosures to appropriate  [*45367]  Federal, State, or foreign agencies responsible for investigating or prosecution of the violation of, or for enforcing or implementing, a statute, rule, regulation, order or license; (10) Disclosures to a Federal, state, or local agency, maintaining civil, criminal or other relevant enforcement information or other pertinent information, which has requested information relevant to or necessary to the requesting agency's or the bureau's hiring or retention of an employee, or issuance of a security clearance, license, contract, grant, or other benefit; (11) Disclosures to a court, magistrate, or administrative tribunal in the course of presenting evidence, including disclosures to opposing counsel or witnesses in the course of civil discovery, litigation, settlement negotiations, in response to a subpoena, or in connection with criminal law proceedings; (12) Disclosures to foreign governments in accordance with formal or informal international agreements; (13) Disclosures to a congressional office in response to an inquiry made at the request of the individual to whom the record pertains; (14) Disclosures to the news media in accordance with guidelines contained in 28 CFR 50.2 which relate to an agency's functions relating to civil and criminal proceedings; (15) Disclosure to third parties during the course of an investigation to the extent necessary to obtain information pertinent to the investigation; (16) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

DISCLOSURES TO CONSUMER REPORTING AGENCIES:

    Disclosures pursuant to 5 U.S.C. 552a(b)(12) may be made from this system to consumer reporting agencies as defined in the Debt Collection of 1982 (31 U.S.C. 3701 (a)(3) or the Fair Credit Reporting Act [15 U.S.C. 1681a(f)].

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

    All records are contained in files, and/or microfiche. The information contained in this System is stored in computers maintained at Headquarters.

RETRIEVABILITY:

    This System is indexed by name and/or number at Headquarters and by name only in field offices, resident offices and protective divisions. Access is by name and/or number.

SAFEGUARDS:

(1) The file jackets, and computers are secured by alarms and other internal security devices in locked rooms with guards on duty on a 24-hour basis; (2) Access to the records is available only to employees responsible for records management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (3) The file jackets are located in locked rooms when Secret Service employees are not on duty. Access is limited to employees holding top secret security clearances.

RETENTION AND DISPOSAL:

(1) Financial Management Division's automated accounting systems, foreign disbursement file, and paid files are retained for six years and three months; (2) Accounts receivable systems are maintained for six years and three months unless they are not liquidated; (3) Systems for holiday, overtime, and other pay adjustments, enter on duty information, resignations, retirements, reassignments, etc., are disposed of at varying intervals in accordance with records retention schedules approved by the National Archives Record Administration (NARA); (4) Records on personnel are retained in accordance with mandatory National Archives and Records Administration General Records Schedules 2, 5, 6, and 7. Disposal of records is by burning, mulching, shredding, or electronic deletion.

SYSTEM MANAGER(s) AND ADDRESS:

Assistant Director, Office of Administration, 950 H St., NW, Suite 8250, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains a record pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Request for information contained in this System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Individuals who are presently or were previously Secret Service employees; (b) Individuals who are presently or were service contractors or suppliers with the Secret Service; (c) Individuals who are presently or were previously involved in tort claims with the Secret Service; (d) Individuals who are presently or were previously involved in collections and disbursements with the Secret Service; (e) Internal Revenue Service; (f) Surviving spouse of deceased personnel.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

None.

Treasury/USSS.006

SYSTEM NAME:

Non-Criminal Investigation Information System-Treasury/USSS.

SYSTEM LOCATION:

System location: (a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A, listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223; (c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780. (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue Of the Stars, Century City, CA 90067, (l) Bush Protective Division, U. S. Secret Service P.O. Box 79797, Houston, Texas 77279-9797, (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, DC 20502, (n) WAVES Center, Old Executive Office Building, Rm. 065, Washington, DC 20502.    [*45368]

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Individuals who are applicants for employment with the U.S. Secret Service and other bureaus of the Department of the Treasury; (b) Individuals who are employees of the U.S. Secret Service and other bureaus of the Department of the Treasury holding security clearances granting access to classified documents and records; (c) Individuals who have filed administrative claims with the Secret Service and other bureaus of the Department of the Treasury under the Federal Tort Claims Act or who have been involved in automobile accidents or other incidents involving employees of the Secret Service and other bureaus of the Department of the Treasury resulting in tort claims against such individuals; (d) Individuals involved in investigations required in the administration of the Government Losses in Shipment Act, the Gold Reserve Act, and the Silver Purchase Act; (e) Individuals who are employees of the Secret Service and other bureaus of the Department of the Treasury who have been accused of misconduct in the performance of their duties, or who have been the subject of a complaint involving the performance of their official functions; (f) Individuals who are the subject of investigations or supply information to investigative agents conducting special investigations relating to the performance by the Secret Service of its statutory and regulatory functions.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Record containing investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or access to classified information; (b) Records containing investigatory material compiled for law enforcement purposes, including but not limited to, reports of investigators relating to claims under the Federal Tort Claims Act, Government Losses in Shipment Act, the Gold Reserve Act and the Silver Purchase Act, and employee misconduct or malfeasance; (c) Records containing reports or statement of investigators, witnesses, complainants, claimants and correspondents associated with identifiable individuals.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056, Executive Order 10450 and Treasury Order 102-18 (revised March, 1985); and Treasury Order 173-1.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses of the records contained in this System are as follows: (1) Disclosure to the Department of Justice and other Federal agencies for administrative, civil, or other legal proceedings to be used by personnel officials, attorneys, administrative law officers, and judges; (2) Disclosure to personnel of other Federal, state and local governmental agencies, foreign and domestic, for the purpose of developing or confirming information on individuals involved in non-criminal investigations conducted by the Secret Service; (3) Disclosure to personnel of private institutions and to private individuals for the purpose of confirming and/or determining suitability, eligibility, or qualifications for Federal civilian employment or access to classified information; and for the purposes of furthering the efforts of the Secret Service to investigate the activities of individuals related to or involved in non-criminal civil and administrative investigations; (4) Disclosure to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for the purpose of determining suitability, eligibility, or qualifications for employment with or access to classified information in such other agency or instrumentality; (5) Records maintained indicating a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, may be referred to the appropriate agency, whether Federal, state, local or foreign, charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation or order issued pursuant thereto; (6) Disclosures in the course of presenting evidence to a court, magistrate or administrative tribunal and disclosures to opposing counsel in the course of discovery proceedings for the purpose of enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto; (7) Disclosures to Federal, state or local agencies maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit, to the extent that the information is relevant and necessary to the requesting agencies' decision on the matter; (8) Disclosures of information relating to civil proceedings to

the news media in accordance with the guidelines contained in 28 CFR 50.2; (9) Disclosure to Federal, state, or local government agencies for the purpose of developing a relevant ongoing civil, criminal, or background investigation; (10) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records comprising this system are contained in file jackets, computerized data systems, microfilm, and microfiche. Portions of the information are maintained in on-line computer data files located at Headquarters.

RETRIEVABILITY:

This System is indexed alphabetically by name in Headquarters, Office of Inspection, and in field offices and retrieved through manual search of index cards and/or through computer search of magnetic media. Access to the physical files is by case number obtained from the name indices.

SAFEGUARDS:

(1) The file jackets, indices and magnetic media are secured by alarms and other internal security devices in locked rooms with guards on duty on an around-the-clock basis. Access to the records is available only to employees responsible for record management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (2) The file jackets field offices are located in locked filing cabinets and when employees are not on duty, in locked rooms. Access to the system is limited to employees holding top secret security clearances.

RETENTION AND DISPOSAL:

The retention schedule is as follows: (1) All judicial case records are retained for a period of 30 years; (2) Applicant security and background investigation records of Secret Service employees are retained for 20 years after retirement or separation of the employee from Secret Service employment; (3) Applicant    [*45369]    investigation records relating to employees of Bureaus of the Treasury Department other than the Secret Service, are retained for 20 years; (4) All other records, the disposition of which are not otherwise specified, are retained. No destruction authorized. Magnetic media indices are retained for an indefinite period of time. Disposal: Disposal of records is by burning, shredding, maceration, pulping, and electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Directors, Office of Investigation and Office of Inspection, 950 H St., NW, Washington, DC 20223.

Notification procedure:

The Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a (e)(4)(G).

Record access procedures:

The Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a (e)(4)(H).

Contesting record procedures:

See "Record access procedures" above.

Record source categories:

The Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a (e)(4)(I).

Exemptions claimed for the system:

This system is exempt from 5 U.S.C. 552a (c)(3), (d), (e)(4)(G), (e)(4)(H), (e)(4)(I) and (f) of the Privacy Act pursuant to 5 U.S.C. 552a (j)(2) and (k)(2). See 31 CFR 1.36.

Treasury/USSS.007

System name:

Protection Information System-Treasury/USSS.

System location:

(a) U.S. Secret Service (Headquarters), 950 H St. NW, Washington, DC 20223. Components of this System are geographically dispersed throughout U.S. Secret Service field offices. (See below, United States Secret Service, Appendix A, listing the addresses of Secret Service offices.) (b) U.S. Secret Service Uniformed Division, 1111 18th St., NW, Washington, DC 20223; (c) Presidential Protective Division, U.S. Secret Service, Room 10, Old Executive Office Building, 17th and Pennsylvania Ave., NW, Washington, DC 20502; (d) Vice Presidential Protective Division, U.S. Secret Service, Old Executive Office Building, Room 295, Washington, DC 20502; (e) Dignitary Protective Division, U.S. Secret Service, 950 H St., NW, Washington, DC 20223; (f) Special Services Division, U.S. Secret Service, Anacostia Naval Annex, Building 411, 245 Murray Drive, Washington, DC 20373; (g) Johnson Protective Division, U.S. Secret Service, P.O. Box 927, Stonewall, TX 78671; (h) Ford Protective Division, U.S. Secret Service, P.O. Box 955, Rancho Mirage, CA 92270-955; (i) Technical Security Division, U.S. Secret Service, 1709 New York Avenue, NW., Washington, DC 20006; (j) Carter Protective Division, U.S. Secret Service, P.O. Box 308, Plains, GA 31780. (k) Reagan Protective Division, U.S. Secret Service, 2121 Avenue Of the Stars, Century City, CA 90067, (l) Bush Protective Division, U. S. Secret Service P.O. Box 79797, Houston, Texas 77279-9797, (m) White House Security Branch, U.S. Secret Service, Old Executive Office Building, Rm. 23, Washington, DC 20502, (n) WAVES Center, Old Executive Office Building, Rm. 065, Washington, DC 20502

Categories of individuals covered by the system:

(a) Individuals who have been or are currently the subject of a criminal investigation by the U.S. Secret Service or another law enforcement agency for the violation of certain criminal statutes relating to the protection of persons or the security of properties; (b) Individuals who are the subjects of investigative records and reports supplied to the Secret Service by Federal, state, and local law enforcement agencies, foreign or domestic, other non-law enforcement governmental agencies, or private institutions and individuals; (c) Individuals who are the subjects of non-criminal protective and background investigations by the Secret Service and other law enforcement agencies where the evaluation of such individuals, in accordance with criteria established by the Secret Service, indicates a need for such investigations; (d) Individuals who are granted ingress and egress to areas secured by the Secret Service, or to areas in close proximity to persons protected by the Secret Service, including but not limited to invitees, passholders, tradesmen, and law enforcement, maintenance or service personnel; (e) Individuals who have attempted or solicited unauthorized entry into areas secured by the Secret Service; individuals who have sought an audience or contact with persons protected by the Secret Service or who have been involved in incidents or events which relate to the protective functions of the Secret Service; (f) Individuals who are witnesses, protectees, suspects, complainants, informants, defendants, fugitives, released prisoners, and correspondents who have been identified by the Secret Service or from information supplied by other law enforcement agencies, governmental units, private institutions, and members of the general public in connection with the performance by the Secret Service of its authorized protective functions.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records containing information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrest, the nature and disposition of criminal charges, sentencing, confinement, release, and parole or probation status; (b) Records containing information compiled for the purpose of a criminal investigation, including reports of informants and investigators, which are associated with an identifiable individual; (c) Records containing reports relative to an individual compiled at various stages of the process of enforcement of certain criminal laws from arrest or indictment through release from supervision; (d) Records containing information supplied by other Federal, state, and local law enforcement agencies, foreign or domestic, other non-law enforcement governmental agencies, private institutions and persons concerning individuals who, because of their activities, personality traits, criminal or mental history, or history of social deviancy, may be of interest to the Secret Service in connection with the performance by that agency of its protective functions; (e) Records containing information compiled for the purpose of identifying and evaluating individuals who may constitute a threat to the safety of persons or security of areas protected by the Secret Service; (f) Records containing information compiled for the purpose of background investigations of individuals, including but not limited to, passholders, tradesmen, maintenance or service personnel who have access to areas secured by or who may be in close proximity to persons protected by the Secret Service.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

The protective authority is contained in 18 U.S.C. 3056 and Section 1 of Public Law 90-331, (18 U.S.C. 871; 18 U.S.C. 1751). The protective and

security authority of the U.S. Secret Service Uniformed Division is contained in 3 U.S.C. 202.   [*45370]

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses are as follows: (1) Disclosure to the Department of Justice and other Federal, state, and local governmental agencies having a prosecutive function for the use of attorneys, magistrates, and judges; and parole and probation authorities for the purpose of prosecuting, sentencing, and determining the parole and probation status of criminal offenders or suspected criminal offenders; and for civil and other proceedings involving Secret Service Protective functions; (2) Disclosure to personnel of other Federal, state and local law enforcement agencies, foreign or domestic, for the purpose of developing information on subjects involved in Secret Service protective investigations and evaluations and for the purpose of protective intelligence briefings of personnel of other law enforcement and governmental agencies assisting the U.S. Secret Service in the performance of its protective functions; (3) Disclosure to personnel of Federal, state, and local governmental agencies, foreign or domestic, where such disclosures are considered reasonably necessary for the purpose of furthering Secret Service efforts to investigate the activities of those persons considered to be of protective interest; (4) Disclosure to personnel of Federal, state, and local law enforcement agencies and other governmental agencies, foreign or domestic, where there is a showing of a reasonable need to accomplish a valid enforcement purpose; (5) Disclosure to personnel of private institutions and to private individuals of identifying information pertaining to actual or suspected criminal offenders or other individuals considered to be of protective interest for the purpose of furthering Secret Service efforts to evaluate the danger such individuals pose to persons protected by that agency; (6) Records indicating a violation or potential violation of law, whether civil, criminal, or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule, or order issued pursuant thereto, may be disclosed to the appropriate agency, whether Federal, state, local or foreign, charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation, or order issued pursuant thereto; (7) Disclosures in the course of presenting evidence to a court, magistrate or administrative tribunal and disclosures to opposing counsel in the course of discovery proceedings for the purpose of enforcing, or prosecuting, a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto; (8) Disclosures and/or responses to Federal, state or local agencies maintaining civil, criminal or other relevant law enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the issuance of a contract, grant or other benefit, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter; (9) Disclosures of information relating to criminal and civil proceedings to the news media in accordance with the guidelines contained in 28 CFR 50.2; (10) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND

DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

   All records are contained in file jackets, microfilm, or microfiche. Portions of the information contained in the records are maintained in on-line computer data files located at Headquarters and in the Old Executive Office Building.

RETRIEVABILITY:

   This System is indexed by case number and other case related data in master and magnetic media indices. Access to the physical files is by case number, both at Headquarters and the field offices.

SAFEGUARDS:

   (1) The file jackets and magnetic media are secured in locked rooms secured by alarms and other internal security devices with guards on duty on a twenty four hour basis. Access to the records is available only to employees responsible for record management and operational employees who have a need for such information, each of whom holds a top secret security clearance; (2) The file jackets in field offices are located in locked filing cabinets and in locked and alarmed rooms when employees are not on duty. Access to the system is limited to employees of the Secret Service holding top secret security clearances.

RETENTION AND DISPOSAL:

   The retention schedule for records is as follows: (1) All judicial case records are retained for a period of 30 years. In cases where periodic checkups are conducted in protective intelligence cases, the retention period is computed from the date of the final check-up. (2) All other protective intelligence case records including protective surveys and non-judicial protective intelligence cases are routinely retained for a period of five years; (3) Disposal of records contained in this System is by burning or shredding.

SYSTEM MANAGER(s) AND ADDRESS:

   Assistant Director, Office of Protective Research, Assistant Director Protective Operations, U.S. Secret Service, 950 H St., NW, Washington, DC 20223.

NOTIFICATION PROCEDURE:

   In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a(e)(4)(G).

RECORD ACCESS PROCEDURES:

   In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a(e)(4)(H).

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

In accordance with the provisions of 5 U.S.C. 552a (j) and (k) the Director of the U.S. Secret Service has exempted this System from the provisions of 5 U.S.C. 552a(e)(4)(I).

EXEMPTIONS CLAIMED FOR THE SYSTEM:

This system is exempt from 5 U.S.C. 552a (c)(2), (c)(3), (c)(4), (d), (e)(3), (e)(4)(G), (e)(4)(H), (e)(4)(I), (e)(5), (e)(8), (f) and (g) of the Privacy Act pursuant to 5 U.S.C. 552a (j)(2), (k)(2) and (k)(3). See 31 CFR 1.36.

Treasury/USSS.008

SYSTEM NAME:

Public Affairs Record System-Treasury/USSS.

SYSTEM LOCATION:

U.S. Secret Service, 950 H St., NW, Washington, DC 20223.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

(a) Persons who are private citizens who correspond requesting information relating to the Secret Service; (b) Persons who are members of the news [*45371] media, authors and publishers requesting information about the Secret Service; (c) Members of Congress who make inquiries with the Secret Service; (d) Persons who are recipients of the Secret Service Honor Award, who have received recognition from or assisted the Secret Service.

CATEGORIES OF RECORDS IN THE SYSTEM:

(a) Records of inquiries received from the general public, the communication media and the press relative to Secret Service activities; (b) Records of awards presented by the Secret Service; (c) Records of Congressional inquiries and correspondence.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056 and Treasury Department Order Number 173-3, dated October 29, 1965.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

The routine uses are as follows: (1) Disclosures and/or responses to members of Congress and/or the general public. (2) Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records comprising this System are maintained in file jackets.

RETRIEVABILTY:

Records are filed alphabetically and chronologically.

SAFEGUARDS:

The records are secured in locked filing cabinets and/or in locked rooms, with guards on duty on a twenty four hour basis. Access is available only to employees responsible for management of the system and operational employees who have a need for such information, each of whom holds a top secret security clearance.

RETENTION AND DISPOSAL:

Records in this system are maintained in accordance with mandatory General Services Administration, Records Schedule 14, Items 1-7. Disposal of records is by burning, shredding, and electronic deletion.

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Director, Office of Government Liaison and Public Affairs, U.S. Secret Service, 950 H St., NW, Suite 8400, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Requests for information contained in the System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) The general public, the news media and members of Congress who correspond with the Secret Service; (b) Persons who have received awards or honors from the Secret Service.

EXCEPTIONS CLAIMED FOR THE SYSTEM:

None.

66 FR 45362, *45371                           PAGE    61

Treasury/USSS.009

SYSTEM NAME:

Training Information System-Treasury/USSS.

SYSTEM LOCATION:

James J. Rowley Training Center, Laurel, MD 20708.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

Individuals who are now or were Secret Service employees and officers of the U.S. Secret Service Uniformed Division.

CATEGORIES OF RECORDS IN THE SYSTEM:

Records containing the type and dates of training programs of the U.S. Secret Service employees, officers of the U.S. Secret Service Uniformed Division including course control documents and lesson plans for classes conducted by the Office of Human Resources and Training.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

18 U.S.C. 3056.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

Disclosure to a student participating in a Secret Service student volunteer program, where such disclosure is necessary to further the efforts of the Secret Service, otherwise, disclosures are not made outside of the Agency.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records are maintained on cards and in a computer database.

RETRIEVABILITY:

Records are filed alphabetically.

SAFEGUARDS:

Records are secured in locked rooms with alarms when employees are not on duty. Access is available only to employees responsible for management of the records and operational employees who have a need for such information, each of whom holds a top secret security clearance.

RETENTION AND DISPOSAL:

Records are currently disposed of at varying intervals in accordance with record retention schedules approved by the National Archives and Records

Administration (NARA).

SYSTEM MANAGER(S) AND ADDRESS:

Assistant Director, Office of Human Resources and Training, U.S. Secret Service, 950 H St., Suite 8600, NW, Washington, DC 20223.

NOTIFICATION PROCEDURE:

Individuals who wish to present a request as to whether this system contains records pertaining to them should address inquiries to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW., Suite 3000, Washington, DC 20223.

RECORD ACCESS PROCEDURES:

Requests for information contained in the System should be addressed to: Freedom of Information and Privacy Acts Officer, U.S. Secret Service, 950 H St., NW, Suite 3000, Washington, DC 20223.

CONTESTING RECORD PROCEDURES:

See "Record access procedures" above.

RECORD SOURCE CATEGORIES:

(a) Individuals who are now or were Secret Service employees, officers of the U.S. Secret Service Uniformed Division, (b) Individuals from other Federal, state and local law enforcement agencies.

EXCEPTIONS CLAIMED FOR THE SYSTEM:

None.

USSS Appendix A

U.S. Secret Service field offices and resident offices:

Great Washington Professional Building, 441 Wolf Ledges Parkway, Akron, OH 44311

Compass Bank Building, 505 Marquette    [*45372]    Street, NW, Suite 1700, Albuquerque, NM 87102

6100 Rockside Woods Blvd., Room 440, Cleveland, OH 44131-2334. Equitable Building, P.O. Box 54407, Atlanta, GA 30308

Ventnor Professional Campus, 6601 Ventnor Ave., Suite 501, Ventnor City, NJ 08406

Federal Office Building, 300 East 8th Street, Suite 972, Austin, TX 78701

100 S. Charles Street, 11th Floor, Baltimore, MD 21201

125 East John W. Carpenter Fwy, Suite #300, Irving, TX 75062

Daniel Bldg., 15 South 20th St., Suite 1125, Birmingham, AL 35233

Thomas P. O'Neill, Jr. Federal Bldg., 10 Causeway Street, Suite 791, Boston, MA 02222-1080

610 Main St., Suite 300, Buffalo, NY 14202

BB&T Square, 300 Summers Start, Suite 910, Charleston, WV 25301

One Fairview Center, 6302 Fairview Rd., Suite 400, Charlotte, NC 28210

Gateway IV Building, 300 Riverside Plaza, Suite 1200 North, Chicago, IL 60606

John Weld Peck Federal Building, 550 Main Street, Room 6118, Cincinnati, OH 45202

6100 Rockside Woods Blvd., Suite 440, Cleveland, OH 44131

Strom Thurmond Federal Bldg., 1835 Assembly Street, Suite 1425, Columbia, SC 29201

500 South Front Street, Suite 800, Columbus, OH 43215

125 East John W. Carpenter, Suite 300, Irving, TX 75062

1660 Lincoln Street, Suite 1430, Denver, CO 80264

Patrick V. McNamara Building, Suite 1000, 477 Michigan Avenue, Detroit, MI 48226

Mesa One Building, 4849 North Mesa, Suite 210, El Paso, TX 79912

330 Ionia Ave., NW, Suite 302, Grand Rapids, MI 49503-2350

301 North Main Street, Greenville, SC 29601

300 Ala Moana Boulevard; Room 6-210, P.O. Box 50046, Honolulu, HI 96850

602 Sawyer St., Suite 500, Houston, TX 77007

Federal Building, 575 N. Pennsylvania Street, Suite 211, Indianapolis, IN 46204

Federal Bldg., 100 West Capitol Street, Suite 840, Jackson, MS 39269

7820 Arlington Expressway, Suite 500, Jacksonville, FL 32211

JFK International Airport, Bldg.#75, Room 246, Jamaica, NY 11430

1150 Grand Avenue, Suite 510, Kansas City, MO 64106

P.O. Box 16027, Federal Station, Las Vegas, NV 89101

111 Center Street, Suite 1700, Little Rock, AR 72201

RoyBal Federal Bldg., 17th Fl., 255 E. Temple Street, Los Angeles, CA 90012

377 Federal Building, 600 Dr. Martin Luther King, Jr., Place, Louisville, KY 40202

35 Pinelawn Road, Suite 216E, Melville, NY 11747

5350 Poplar Ave., Suite 204, Memphis, TN 38119

8375 Northwest 53rd Street, Suite 100, Miami, FL 33166

572 Federal Courthouse, 517 E. Wisconsin Ave., Milwaukee, WI 53202

U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415

182 Saint Francis Street, Suite 200, Mobile, AL 32501

U.S. Courthouse 658, 801 Broadway Street, Nashville, TN 37203

Headquarters Plaza-West Tower, Suite 700, One Speedwell Ave., Morristown, NJ 07960

P.O. Box 45, New Haven, CT 06501

Hale Boggs Federal Building, 501 Magazine St., Room 807, New Orleans, LA 70130

7 World Trade Center, 9th Fl., New York, NY 10048-1901

Federal Building, Suite 640, 200 Granby Street, Norfolk, VA 23510

Lakepointe Towers, Suite 650, 4013 NW Expressway, Oklahoma City, OK 73116

2707 North 108th Street, Suite 301, Omaha, NE 68164

135 W. Central Blvd., Suite 670, Orlando, FL 32801

7236 Federal Building, 600 Arch Street, Philadelphia, PA 19106-1676

3200 North Central Ave., Suite 1450, Phoenix, AZ 85012

William S. Moorehead Federal Bldg., 1000 Liberty Avenue, Room 1611, Pittsburgh, PA 15222

The Federal Center, 380 Westminster St., Suite 343, Providence, RI 02903

4407 Bland Road, Suite 210, Raleigh, NC 27609

Main St Centre, 600 East Main Street, Suite 1910, Richmond, VA 23219

4371 Latham St., Suite 203, Riverside, CA 92501

501 I Street, Suite 9-5000, Sacramento, CA 95814

301 E Genesee, Suite 200, Saginaw, MI 48607

111 South 10th Street, St. Louis, MO 63102

American Plaza II, 57 West 200 South, Suite 450, Salt Lake City, UT 84101

727 E. Durango Blvd.,Room B410, Federal Building, San Antonio, TX 78206

550 West C St., Suite 660, San Diego, CA 92101

345 Spear St., Suite 530, San Francisco, CA 94105

U.S. Courthouse and Federal Building, 280 South 1st St., Suite 2050, San Jose, CA 95113

200 W. Santa Ana Blvd., Suite 500, Santa Ana, CA 92701

915 Second Ave., Room 806, Seattle, WA 98174

601 W. Riverside Avenue, Suite 1340, Spokane, WA 99201

400 West Monroe, Suite 301, Springfield, IL 62704

501 East Polk St., Room 1101, Tampa, FL 33602

402 East State Street, Trenton, NJ 08608

1050 Connecticut Ave., NW, Suite 1000, Washington, DC 20036

Suite 800, 505 South Flagler Drive, West Palm Beach, FL 33401

140 Grand St., Suite 300, White Plains, NY 10601

920 King Street, Suite 414, Wilmington, DE 19801

American Embassy/USSS-Bangkok Box 64, APO AP 96546

U.S. Embassy-Bogota, Unit 5146, APO AA 34038

American Embassy, Bonn, PSC 117, Box 300, APO AE 09080

U.S. Consulate, Montreal, P.O. Box 847, Champlain, NY 12919-0847

American Embassy/USSS-London, England PSC 801, Box 64, FPO AE 09498-4064

1510 FD Roosevelt Ave., Suite 3B, Guaynabo, PR 00968

United States Consulate General, PSC 59, Milan, APO AE 09624

American Embassy, Nicosia, PSC 815, FPO AE 09836

American Embassy/USSS-Manila, Philippines PSC 500 Box 12 FPO AP 96515

American Embassy/USSS-Paris, PSC 116, Box D306, APO AE 09777-5000

American Embassy/USSS-Rome, Italy PSC 59, Box 62, USSS, APO AE 09624

U.S. Consulate General, PSC 464, Box 25, FPO AP 96521-0006

66 FR 45362, *45372

U.S. Embassy, P.O. Box 5000, Ogdensburg, NY 13669

PCS 120, Box 3000, APO AE 09265

PSC 77 (USSS), APO AE 09721

Department of State, 9300 Pretoria Place, Washington, DC 20521

U.S. Consulate, Vancover, P.O. Box 5002, Point Roberts, WA 98281

[FR Doc. 01-21653 Filed 8-27-01; 8:45 am]

BILLING CODE 4810-42-P

# EXHIBIT F



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

JUL 1 8 2007

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Darren Keys - #33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

File Number: 20030615

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States
Secret Service on June 30, 2003, for information pertaining to yourself.

Enclosed are copies of documents from Secret Service records. The referenced material was considered under both the
Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States
Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions
cited are marked below.

In addition, approximately 279 page(s) were withheld in their entirety. An enclosure to this letter explains the
exemptions in more detail.

☒ If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

| | | |
|---|---|---|
| ☐ (b) (1) | ☐ (b) (2) | ☐ (b) (3) Statute: |
| ☐ (b) (4) | ☐ (b) (5) | ☐ (b) (6)    ☐ (b) (7) (A) |
| ☒ (b) (7) (C) | ☐ (b) (7) (D) | ☒ (b) (7) (E)    ☐ (b) (7) (F) |
| | | ☐ (b) (7) (B)    ☐ (b) (8) |

### Section 552a (Privacy Act)

| | | | |
|---|---|---|---|
| ☐ (d) (5) | ☒ (j) (2) | ☐ (k) (1) | ☐ (k) (2)    ☐ (k) (3)    ☐ (k) (5)    ☐ (k) (6) |

The following checked item(s) also apply to your request:

☒ Some documents originated with another government agency(s). These documents were referred to that agency(s)
for review and direct response to you.

☐ _____ page(s) of documents in our files contain information furnished to the Secret Service by another government
agency(s). You will be advised directly by the Secret Service regarding the releasability of this information following
our consultation with the other agency(s).

☐ Other:

☐ Fees:

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Peter Schurla
Acting Special Agent In Charge
Acting Freedom of Information &
Privacy Acts Officer

Enclosure:   FOIA and Privacy Act Exemption List
BCC:    Official File (177.060/177.070)
        Chron. File
        Subject File **SUBJECT FILE**
        EOUSA
        FBI
        FBOP
        US PRETRIAL
        USMS

PSchurla/ 6/20/2007

DOCUMENT2

# EXHIBIT G

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

JUL 1 8 2007

Federal Bureau of Prisons
Wanda M. Hunt, Chief, FOIA Section
FOIA/Privacy Act Requests
HOLC Building, Room 841
Washington, D.C. 20534

Requester:        Darren Keys

File Number:    20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester.  If applicable, please advise us if the classification of your documents is changed so that we may amend our files.  We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester.  If applicable, please advise us if the classification of your documents is changed so that we may amend our files.  We will advise the requester that your agency will respond directly regarding this matter.  Some of the documents contain deletions made by the USSS.  The appropriate exemption appears adjacent to the redacted information.  Please advise the requester they may appeal these denials by writing to:  Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency.  Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed.  Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency.  Please process this information [bracketed in red] and respond directly to the requester.  The remaining portions of the USSS documents have been processed and may be released by your agency.  The requester has been provided a duplicate of these documents excluding the information which originated within your agency.  In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838.  Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

_[signature]_
/s/ Schuria
Acting Special Agent in Charge
Acting Freedom of Information and Privacy Acts Branch

EXHIBIT H

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

JUL 18 2007

Court Services & Offender Supervision Agency
Renee Barley, FOIA Officer
633 Indiana Avenue, Suite 1254
Washington, D.C.
20004-2902

Requester:          Darren Keys

File Number:      20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒  Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐  Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐  USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐  USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒  Please furnish us a copy of your final response to the requester regarding these documents.

☐  Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Kevin Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Enclosure(s)

EXHIBIT I

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

JUL 1 8 2007

Federal Bureau of Investigation
David M. Hardy, Chief/Record
Information Dissemination Section
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

Requester:          Darren Keys

File Number:        20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒   Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☒   Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐   USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐   USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒   Please furnish us a copy of your final response to the requester regarding these documents.

☐   Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Peter Scharia
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Enclosure(s)

# EXHIBIT J

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

JUL 1 8 2007

Executive Office for United States Attorneys
William G. Stewart, II, Acting Assistant Director
FOIA/Privacy Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530-0001

Requester:    Darren Keys

File Number:    20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☒    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Peter Schuria
Acting Special Agent/In Charge
Freedom of Information and Privacy Acts Branch

Enclosure(s)

EXHIBIT K



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Darren Keys - #33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, S.C. 29590

File Number:  2003615                                          JUL  2 4 2007

Dear Requester:

Reference is made to your Freedom of Information Act request for information pertaining to yourself.

Attached is a supplemental response which resulted from the aforementioned.

One document consisting of 25 pages.  23 pages have been partially released.  2 Pages have been withheld in their entirety.  The exempted material is being withheld pursuant to the following Freedom of Information Act of Title 5, USC, Section 552 (b)(2) related solely to the internal personnel rules and practices of an agency; (b)(7)(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; and (b)(7)(E) would disclose techniques and procedures for law enforcement investigations or prosecutions.

If you disagree with our determination, you have the right of administrative appeal by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

Sincerely,

Peter Schurla
Acting Special Agent In Charge
Acting Freedom of Information &
Privacy Acts Officer

Enclosure: FOIA and Privacy Act Exemption List

BCC:   Official File (177.060/177.070)
        Chron. File
        Subject File **SUBJECT FILE**

7/24/2007

DOCUMENT3

# EXHIBIT L



DEPARTMENT OF HOMELAND SECURITY
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

AUG 13 2007

Freedom of Information and Privacy Acts Branch
Communications Center
245 Murray Lane, SW
Building T-5
Washington, D.C. 20223

Darren Keys – #33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

File Number: 20030615

Dear Requester:

Reference is made to the above referenced Freedom of Information and/or Privacy Acts request for information pertaining to yourself.

In order to insure that you have received a complete set of releasable information, enclosed please find a copy of all records found to be responsive to your request. This release includes all documents found to be responsive to your request. The referenced material was considered under both the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, we have withheld 226 pages in their entirety. These pages solely deal with a third party.

☒  If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

| | | |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(2) | ☐ (b)(3) Statute: |
| ☐ (b)(4) | ☐ (b)(5) | |
| ☒ (b)(7)(C) | ☒ (b)(6) | ☒ (b)(7)(A) |
| | ☐ (b)(7)(D) | ☐ (b)(7)(E) |

☐ (b)(7)(B)
☐ (b)(7)(F)
☐ (b)(8)

### Section 552a (Privacy Act)

| | | | | |
|---|---|---|---|---|
| ☐ (d)(5) | ☒ (j)(2) | ☐ (k)(1) | ☒ (k)(2) | ☐ (k)(3) | ☐ (k)(5) | ☐ (k)(6) |

This is our final response. You have exhausted your Administrative Remedies regarding this case. If you are dissatisfied with our response, you may seek judicial review in the District Court in the district where the complainant resides, has a principal place of business, or in which the agency records are situated, or in the District of Columbia.

Sincerely,

Craig W. Ulmer
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

DARREN LAMONT KEYS,         )
                            )
          Plaintiff,       )
                            )
          v.             )     Civil No. 07-0465 (AK)
                            )     **ECF**
DEPARTMENT OF HOMELAND SECURITY,  )
                            )
          Defendant.    )
                            )

---

**PROPOSED ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**

      This matter having come before the Court on Defendant's Motion for Summary Judgment,

it is hereby

      **ORDERED** that Defendant's motion is granted.  It is further

      **ORDERED** that judgment is entered in favor of the defendant.


      **SO ORDERED** on this _____ day of _____, 200___.


                         _____
                         ALAN KAY
                         UNITED STATES MAGISTRATE JUDGE