IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN LAMONT KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-0465 (AK) |
| ) | **ECF** |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, the Department of Homeland Security, respectfully files this reply brief in further support of its motion to dismiss, or in the alternative, for summary judgment.

In his opposition to defendant's motion, plaintiff does not address any of defendant's substantive arguments. Indeed, plaintiff wholly fails to properly oppose defendant's motion for dismissal or summary judgment. In light of this failure, it is undisputed that defendant has demonstrated its entitlement to dismissal, or alternatively, summary judgment, and defendant's motion should be granted.

## ARGUMENT

**I.    Plaintiff Has Failed to Properly Oppose Defendant's Motion for Dismissal, Or Alternatively, Summary Judgment.**

Plaintiff has failed to properly oppose defendant's motion for summary judgment. Pursuant to Local Civil Rules 7.1(h) and 56.1,

> Every motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. <u>An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a</u>

> genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, <u>the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such fact is controverted in the statement of genuine issues filed in opposition to the motion.</u>

LCvR 7(h); <u>see also</u> LCvR 56.1 (emphasis added). Here, plaintiff has wholly failed to provide any statement of material facts in conjunction with his opposition, and he should not be excused from his non-compliance because of his <u>pro se</u> status. See, e.g., <u>Roosevelt Land, LP v. Childress</u>, No. Civ.A. 05-1292, 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) ("[D]espite some lenience accorded to pro se litigants, they nonetheless are required to comply with the Federal Rules of Civil Procedure and the court's Local Civil Rules, both of which are available on line.") (citations omitted). Accordingly, all of the facts set forth in the defendant's motion should be deemed admitted. <u>See</u> <u>Hunter v. Rice</u>, 480 F. Supp. 2d 125, 130 (D.D.C. 2007) (holding that in light of party's failure to comply with the court's local rules regarding opposing a motion for summary judgment, defendant's statement of material facts would be deemed admitted).

More significantly, plaintiff offers no substantive argument in opposition to defendant's motion. In his four-page response to defendant's motion, plaintiff asserts, without any support, that the defendant has failed to release all responsive records to plaintiff and that the information sought is not exempt from disclosure. Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss or for Summary Judgment ("Pl.'s Opp'n") ¶¶ 2-5. Plaintiff does not substantively address defendant's argument that this matter is now moot because all responsive, non-exempt records have been produced. Nor does plaintiff contest the scope of defendant's search or explain to the Court why the claimed exemptions relied upon by defendant are not applicable in this case.

Indeed, plaintiff proffers nothing, aside from his own speculation, that would warrant a finding that all non-exempt records have been released to him. Plaintiff simply cannot refute the sworn declaration of Special Agent in Charge Craig W. Ulmer by submitting unsupported and conclusory assertions. See, e.g., Center for Nat'l Security Studies v. I.N.S., No. Civ.A. 87-2068, 1990 WL 236133, at *5 (D.D.C. Dec. 19, 1990) (granting summary judgment to defendant in FOIA action where plaintiff "fail[ed] to controvert defendant's affidavits and does not raise a material factual dispute sufficient to defeat defendant's motion for summary judgment."). Accordingly, dismissal, or alternatively, summary judgment, is warranted in defendant's favor.[1]

## II.     Plaintiff's Response Seeks to Impermissibly Expand His FOIA Request.

In his opposition, plaintiff contends that he has "repeatedly requested" copies of pictures, statements, surveillance photos, bank itemized loss claims, all letters to and from the alleged victim banks, all arrest reports, all photos presented to the jury, all lease agreements, all complaints, all affidavits, all grand jury testimony, and all alleged consent forms. Pl.'s Opp'n, ¶ 2. Plaintiff also contends that he has requested the personnel files of Agent Robert Fultz, including "any complaints of misconduct, perjury, or internal investigations and complaint for falsifying documents and/or violating the rights of citizens." Id. ¶ 3. Plaintiff's allegations are belied by his

---

[1] Local Civil Rule 7.1(1) permits the Court to treat defendant's arguments as conceded based upon plaintiff's failure to provide any substantive argument addressing these arguments. Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002). Plaintiff's opposition suffers from additional defects – it was filed outside the period permitted by the local rules, LCvR 7(b), and he has failed to submit a proposed order granting the relief he seeks. LCvR 7(c).

Freedom of Information Act ("FOIA") request, attached as Exhibit A to the Declaration of Craig W. Ulmer ("Ulmer Decl."). In his request, plaintiff sought "any and all records in your file regarding me . . . ." Clearly, this request does not include much of the information plaintiff contends he is seeking, such as the personnel file of Agent Fultz, or grand jury testimony, and various affidavits and photos. Any attempt to expand the scope of his FOIA request should be rejected by the Court.[2]

Furthermore, even if additional documents were not located, plaintiff has failed to refute the agency's arguments that it conducted a proper search for responsive records based on the request submitted by plaintiff. See Trans Union LLC v. Federal Trade Comm'n, 141 F. Supp. 2d 62, 68 (D.D.C. 2001) ("[A]n agency's inability to locate every single responsive [document] does not render an otherwise diligent search unreasonable.") (citations omitted).

**III.    Defendant is Entitled to Dismissal, or Alternatively, Summary Judgment.**

As previously argued in its opening motion, dismissal is warranted in this case because the agency has released all responsive, non-exempt materials to plaintiff. Despite plaintiff's belief to the contrary, he has presented nothing to the Court, above and beyond mere speculation, that additional responsive records exist. Dismissal is therefore required. See Tijerina v. Walters, 821

---

[2] Furthermore, as noted by defendant previously, plaintiff was advised that because some documents and information responsive to his request had originated with other agencies, those documents had been forwarded to those agencies so they could directly respond to plaintiff. Defendant's Memorandum in Support of Its Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment ("Def.'s Mem.") at 4; Ulmer Decl. ¶¶ 11-14 (noting that materials were referred to the Federal Bureau of Prisons, the Court Services and Offender Supervision Agency, the Federal Bureau of Investigation, and the Executive Office of United States Attorneys). Thus, it is possible that there are additional responsive materials possessed by these agencies. This does not alter the conclusion that defendant has fully searched its files for responsive records and has released all such non-exempt records to plaintiff.

F.2d 789, 799 (D.C. Cir. 1987) ("holding that although agency's "response may have failed to meet FOIA's mandated standards of promptness . . . ." action was moot because the "agency by now has released all nonexempt materials the [plaintiffs] seek.").[3]

Alternatively, summary judgment is appropriate at this juncture. First, the agency has conducted a proper search for records responsive to plaintiff's request. Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s Mot."), Ulmer Decl. ¶¶ 18-21. Second, the agency has properly withheld non-exempt information based on legitimate exemptions. Id. ¶¶ 25-29 (Exemption 2); ¶¶ 23-24, 30-35 (Exemption 7(C)); ¶¶ 23-24, 36-37 (Exemption 7(E)). Third, all reasonably segregable material has been released to plaintiff. Id. ¶¶ 16, 38. In fact, the only materials that were withheld fully deal <u>solely</u> with a third party. Id. ¶ 16.

---

[3]Plaintiff contends that the Court should order that defendant provide all withheld documents to the Court for an in camera inspection. Pl.'s Opp'n ¶ 7. However, because plaintiff has failed to shed any doubt on defendant's declaration, he has failed to show that such review is warranted in this action. See Carter v. United States Dep't of Commerce, 830 F.2d 388, 393 (D.C. Cir. 1987) (holding that in camera review was not warranted where there were no "conclusory assertions of privilege or evidence of bad faith . . . ."); Taylor v. United States Dep't of Justice, 257 F. Supp. 2d 101, 115 (D.D.C. 2003) ("Because the agency in this case has provided the Court with sufficient justification for its claimed exemption, the Court finds that no *in camera* review is warranted); Krikorian v. Dep't of State, No. Civ.A. 88-3419, 1990 WL 236108, at *6 (D.D.C. Dec. 19, 1990) (noting that despite "awkward position" FOIA requester may be in without being privy to withheld documents, summary judgment was still warranted because plaintiff had been "unable to put into question the facial adequacy of the defendant's affidavits or offer proof of the agency's bad faith.").

To the extent that plaintiff contends that defendant's alleged "eleventh-hour" release of documents indicates bad faith, that contention has been rejected by the appellate court in this circuit. See Goland v. C.I.A., 607 F.2d 339, 355 (D.C. Cir. 1978) (holding that agency's failure to timely release documents and for delaying release of documents could not "be said to indicate an absence of bad faith."); Moayedi v. United States Customs & Border Protection, No. Civ.A. 06-1082, 2007 WL 2601408, at *4 (D.D.C. Sept. 11, 2007) ("[W]hile the agency's untimeliness in responding to the plaintiff's request is remiss, the Circuit Court has found that an agency's dilatoriness, standing alone, in responding to a FOIA request is not evidence of bad faith.") (citations omitted).

Plaintiff fails to substantively refute any of the agency's arguments concerning these issues. Accordingly, the Court should enter judgment in favor of the defendant because the agency has fully discharged its obligations under the FOIA.  See, e.g., Public Employees for Environmental Responsibility v. United States Dep't of the Interior, No. Civ.A. 06-182, 2006 WL 3422484, at *8 (D.D.C. Nov. 28, 2006) (holding that agency had "met its summary judgment burden by demonstrating that it fully discharged its FOIA obligations by conducting a reasonable and adequate search for documents, properly invoking applicable FOIA exemptions, and releasing all reasonably segregable factual materials from responsive documents.").

## CONCLUSION

For the reasons set forth above and those asserted in defendant's motion for dismissal, or alternatively, summary judgment, defendant respectfully requests that the complaint in this matter be dismissed, or alternatively, that summary judgment be entered in defendant's favor.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530

                                        (202) 514-7139

                                     COUNSEL FOR DEFENDANT

Of Counsel:

Andrea Hagen
Attorney
United States Secret Service
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Defendant's Reply in Further Support of its Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, were mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590

on this 17th day of September 2007.

                                       /s/
                        MICHELLE N. JOHNSON