IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN LAMONT KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-0465 (AK) |
| ) | **ECF** |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR COSTS AND ATTORNEY FEES

Defendant, the United States Department of Homeland Security, hereby files its opposition to plaintiff's "Motion for Costs and Attorney Fees." Despite this Court having granted defendant's motion for summary judgment, an order that plaintiff has now appealed, plaintiff has filed a motion for attorney fees and costs, which he contends is authorized "by virtue of Rule 54(d)(1) . . . ." Plaintiff's Motion for Costs and Attorney Fees ("Pl.'s Mot.") at 1. Plaintiff's motion for attorney's fees is entirely lacking in merit and should be denied.

### BACKGROUND

This lawsuit concerns a Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") request submitted by plaintiff in June 2003. Plaintiff filed his pro se complaint in this Court on March 13, 2007.[1] During the pendency of the litigation, defendant searched for and produced to

---

[1] Initially, Plaintiff filed this action as an "Emergency Petition for Mandamus Compelling Officer or Employee of the United States to Perform Duty Owed to Petitioner, that is, Comply with 2003 Freedom of Information Request by Special Visitation." In an Order dated May 10, 2007, Judge Robertson denied Plaintiff's Emergency Petition for Mandamus. [Docket Entry No. 6]. In this Order, Judge Robertson dismissed the individually named defendant, Jeannette Williams, concluding that the Department of Homeland Security was solely the proper defendant. Id. Judge Robertson further held that this action should proceed as a civil action against the

plaintiff those non-exempt documents that were responsive to plaintiff's request. See Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s Mot."), Declaration of Craig W. Ulmer dated August 13, 2007 ("Ulmer Decl.") ¶ 10. Thereafter, defendant filed a motion to dismiss, or in the alternative, for summary judgment. [Docket Entry Nos. 16 & 17]. Defendant contended that dismissal was appropriate because plaintiff had been provided with the documents he sought and thus his action had been rendered moot. Defendant's Memorandum of Law in Support of Its Motion to Dismiss or in the Alternative for Summary Judgment ("Def.'s Mem.") at 11-13. Alternatively, defendant contended that summary judgment was appropriate because defendant had properly discharged its duties under the FOIA. Id. at 14-26. Plaintiff opposed defendant's motion. [Docket Entry No. 18].

On September 26, 2007, this Court granted defendant's motion for summary judgment and denied defendant's motion to dismiss the complaint as moot. The Court held that summary judgment was appropriate because the agency had shown that a proper search had been conducted, Memorandum Opinion dated September 26, 2007 ("Mem. Op.") at 5, that the applicable exemptions had been properly invoked, id. at 6-12; and that all reasonably segregable, non-exempt documents had been provided to plaintiff. Id. at 12. Plaintiff appealed the Court's Order to the District of Columbia Circuit on October 31, 2007.[Docket Entry No. 23].

Despite the Court explicitly finding that plaintiff's opposition to defendant's motion failed to justify denying defendant's motion, plaintiff has now filed a motion seeking attorney fees and costs. According to plaintiff, he is entitled to costs because the Court granted defendant

---

Department of Homeland Security pursuant to the FOIA. Id.

summary judgment "based on the government's alleged compliance with [p]laintiff's request for relief." Id. at 3. Thus, plaintiff contends, "he apparently has prevailed as evidenced by the court's order granting summary judgment to defendant after defendants [sic] allege that they have grante[d] [the] relief requested by movant." Id. at 4. Plaintiff seeks $1,295.00 in costs. Id.

### ARGUMENT

As will be discussed further below, plaintiff is not entitled to any award of costs.[2] First, Rule 54(d), cited by plaintiff, cannot form the basis of the relief plaintiff seeks. However, even if plaintiff had cited to the proper statutory provision relating to awards of costs in FOIA actions, the facts here demonstrate that plaintiff is not a prevailing party and thus is not eligible or entitled to any award of costs. Furthermore, even if he were eligible and entitled to receive costs, plaintiff has failed to establish that the costs he seeks are reasonable. For these reasons, plaintiff's motion should be denied.

**I.   FEDERAL RULE OF CIVIL PROCEDURE 54(d) DOES NOT AUTHORIZE ATTORNEY FEES AND COSTS IN THIS ACTION.**

Plaintiff supports his request for costs with citation to Federal Rule of Civil Procedure 54(d)(1). Pursuant to Rule 54(d)(1):

> **(1) Costs Other than Attorneys' Fees.** <u>Except when express provision therefor is made either in a statute of the United States</u> or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; <u>but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.</u> Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

---

[2]Although plaintiff has titled his motion as one seeking attorney fees and costs, it appears that he only seeks costs as he appeared pro se in this matter, contends in his motion that he seeks $1,295.00 "in costs . . . [,]" and has cited to Rule 54(d)(1), which specifically governs costs other than attorney's fees. Pl.'s Mot. at 4; Fed. R. Civ. P. 54(d)(1).

3

Fed. R. Civ. P. 54(d)(1) (emphasis added).

Clearly the plain words of the rule indicate that awards of costs pursuant to Rule 54(d) are only authorized when there is not an express provision for such costs in another statute. Here, the FOIA expressly provides for such an award, see 5 U.S.C. § 552(a)(4)(E), and therefore Rule 54(d) does not afford plaintiff the relief he seeks. See Hoffenberg v. United States, No. Civ.A. 05-1352, 2007 WL 2297353, at *2 (W.D. Tenn. June 18, 2007) ("As FOIA contains its own 'specific provision' for awarding litigation costs, the Court finds that Rule 54(d)(1) does not apply.") (citation omitted).[3]

## II.    FOIA DOES NOT AFFORD PLAINTIFF LITIGATION COSTS IN THIS ACTION.

If plaintiff is entitled to an award of costs, he must seek such an award in accordance with FOIA, 5 U.S.C. § 552(a)(4)(E). Pursuant to that provision, a plaintiff "is eligible for fees if [he] has substantially prevailed on the merits of [his] claim." Judicial Watch, Inc. v. United States Dep't of Commerce, 470 F.3d 363, 368 (D.C. Cir. 2006) (citation omitted); see also 5 U.S.C. § 552(a)(4)(E)  ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.").

In determining whether plaintiff can recover his litigation costs, the Court employs a two-

---

[3]The lone case cited by plaintiff, Long v. United States Internal Revenue Service, 932 F.2d 1309 (9th Cir. 1991), relied upon FOIA, not Rule 54(d)(1), to grant attorney fees in that FOIA litigation. Id. at 1313. However, the Long decision is not of much use to the Court here as it was decided prior to the Supreme Court's decision in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603 (2001) and endorsed the "catalyst" theory of recovery, see infra at 6, that was rejected by the Buckhannon court. Compare Long, 932 F.2d at 1313 with Buckhannon, 532 U.S. at 605.

part inquiry. First, the Court "must determine whether the claimant is eligible for [costs]." Summers v. United States Dep't of Justice, 477 F. Supp. 2d 56, 62 (D.D.C. 2007), motion for reconsideration denied, No. Civ.A. 98-1837, 2007 WL 2111049 (D.D.C. July 23, 2007). Second, the court must decide whether "the plaintiff is 'entitled' to an award of . . . costs." Id. Plaintiff here cannot satisfy either of these requirements.

      **A.**      **Plaintiff is Not Eligible to Recover His Costs.**

To be eligible for the recovery of costs under FOIA, plaintiff must show that he "substantially prevailed" in his action. 5 U.S.C. § 552(a)(4)(E). The Supreme Court's decision in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603-04 (2001) defined the term "prevailing party" as one "who has been awarded some relief by the court . . . ." either by virtue of a judgment on the merits or a "settlement agreement[ ] enforced through a consent agreement . . . ." The District of Columbia Circuit has explicitly held that Buckhannon's holding applies to cases in which litigants seek fees pursuant to the FOIA. See Oil, Chemical & Atomic Workers Int'l Union v. Department of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002) ("OCAW") ("We therefore hold that in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree.") (citing Buckhannon, 532 U.S. at 603).

Plaintiff here has not substantially prevailed in this litigation. Plaintiff contends that he has "apparently . . . prevailed as evidenced by the court's granting summary judgment to defendant after defendants [sic] allege they have grante[d] relief requested by movant." Pl.'s Mot. at 4. Plaintiff's statement apparently refers to the fact that, after filing his lawsuit,

5

defendant responded to plaintiff's FOIA request. However, "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change[,]" to render a plaintiff a prevailing party. Buckhannon, 532 U.S. at 605. Indeed, Buckhannon expressly rejected the "catalyst theory" whereby "[s]o long as the 'litigation substantially caused the requested records to be released,' the FOIA plaintiff could recover attorney's fees even though the district court had not rendered a judgment in the plaintiff's favor." OCAW, 288 F.3d at 454; Buckhannon, 532 U.S. at 605. Thus, plaintiff's theory, which posits that he is a prevailing party because his litigation was the cause of the defendant's release of records, has been explicitly rejected by both the Supreme Court and the District of Columbia Circuit.

Presented with facts virtually identical to the facts in this case, the court in Hoffenberg concluded that the pro se plaintiff was not a prevailing party under the FOIA. 2007 WL 2297353, at *2. There, the plaintiff filed a FOIA action against the Internal Revenue Service ("IRS"). Id. at *1. Subsequently, the IRS produced the documents requested by plaintiff without any court intervention. Id. The court thereafter partially granted the IRS' motion for summary judgment, deferring the issue of plaintiff's request for attorney's fees. Id. In concluding that there had not been "the requisite 'material alteration of the legal relationship of the parties' . . . ." as required by Buckhannon, the court noted:

> The Court did not rule on the merits of [p]laintiff's allegations or take any action whatsoever to compel the IRS to produce the documents requested. The information requested by the [p]laintiff was provided voluntarily by the IRS. Therefore, [p]laintiff is not eligible for an award of costs under FOIA.

Id. at *2.

As in Hoffenberg, in this case, defendant's voluntary release of records to plaintiff did not serve to transform plaintiff into a prevailing party. Plaintiff was not afforded any relief by the Court and notably, this Court granted the defendant summary judgment. As the court noted in OCAW, "Buckhannon clearly instructs that we are not to analyze 'the defendant's subjective motivations in changing its conduct . . . Instead, we are to look for some form of 'judicial relief,' and it is clear that the [plaintiff] received none." 288 F.3d at 459. Plaintiff here is not a prevailing party and therefore is not eligible to receive his litigation costs.

**B.    PLAINTIFF IS NOT ENTITLED TO FEES UNDER THE FOIA.**

Even if plaintiff could show that he is eligible to receive costs, he cannot establish that he is entitled to such an award. See Judicial Watch, Inc., 470 F.3d at 369 ("Eligibility for fees does not necessarily mean that a party is entitled to attorney fees under FOIA.") (citations omitted). Rather, in determining whether a prevailing party is entitled to receive attorney fees, the Court must assess four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." Id. (citation and internal quotation marks omitted). The plaintiff's "overall success on the merits" is another consideration that the Court should consider "in determining the reasonableness of a fee award." Id. (citations omitted).

In this case, assuming that plaintiff could establish he had substantially prevailed on the merits of his lawsuit, he cannot establish an entitlement to attorney fees. First, there was no public benefit that was gained by virtue of plaintiff's request, which sought "any and all records regarding . . . ." himself. Def.'s Mot., Ex. A. See, e.g., Northwestern Univ. v. United States Dep't of Agriculture, 403 F. Supp. 2d 83, 87 (D.D.C. 2005) (in determining that plaintiff was not

entitled to fees in relation to his FOIA request, court noted that first factor in the entitlement analysis weighed against granting fees where "the limited information provided by the plaintiff indicates that the agency investigations only deal with activities specific to the plaintiff."). Similarly, "because the information is likely to be only of benefit to the plaintiff, . . . the second and third factors also show that plaintiff is not entitled to attorneys' fees and costs." Id. (footnote and citations omitted). Finally, the last factor, the reasonableness of the agency's withholdings, clearly weighs against the grant of costs to plaintiff because the Court here explicitly found that the agency's withholdings were justified under the applicable FOIA exemptions. Mem. Op., at 6-12. See Summers v. United States Dep't of Justice, 477 F. Supp. 2d at 63 ("Although these factors must be balanced, failure to satisfy the fourth element may foreclose a claim for attorney fees.") (citing Chesapeake Bay Foundation v. United States Dep't of Agriculture, 11 F.3d 211, 216-17 (D.C. Cir. 1993). For these reasons, plaintiff is not entitled to receive any costs he may have incurred in this action.

### III.   PLAINTIFF HAS FAILED TO ESTABLISH THAT THE COSTS HE SEEKS ARE REASONABLE.

Finally, even if plaintiff could establish both his eligibility and entitlement to an award of costs, he has failed to submit any bill of costs to the court "for its scrutiny of the reasonableness . . . ." of the costs he seeks. Judicial Watch, Inc., 470 F. 3d at 369 (citation and internal quotation marks omitted). Notably, plaintiff has proceeded pro se in this matter, and his motion to proceed in forma pauperis was granted, which required plaintiff to submit only $9.29 in monthly payments from his prison account to proceed with this action. [Docket Entry No. 4]. In light of this fact, and in the absence of any documentation substantiating his request for costs, plaintiff

has wholly failed to justify his entitlement to costs in the amount of $1,295.00.  See Summers, 477 F. Supp. 2d at 63 ("A FOIA litigant entitled to an award of attorney's fees and costs only recover[s] the fees and costs incurred in the litigation.") (citation omitted).

## CONCLUSION

For the reasons set forth above, defendant requests that the Court deny plaintiff's "Motion for Attorney Fees and Costs."

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 30, 2007, I caused the foregoing Opposition to Plaintiff's Motion for Costs and Attorney Fees to be served on plaintiff *pro se*, postage prepaid, and addressed as follows:

Mr. Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

/s/
MICHELLE N. JOHNSON
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN LAMONT KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-0465 (AK) |
| ) | **ECF** |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on Plaintiff's Motion for Costs and Attorney Fees, Defendant's response in opposition to the motion, and Plaintiff's reply, if any, it is hereby

**ORDERED** that plaintiff's motion is denied.

**SO ORDERED** on this ____ day of _____, 200___.

_____
ALAN KAY
United States Magistrate Judge