UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DARREN LAMONT KEYS**,

        Plaintiff,

v.

**DEPARTMENT OF HOMELAND SECURITY**,

        Defendant.

Civil Action No. 07-465 (AK)

## MEMORANDUM ORDER[1]

Pending before the Court is Plaintiff's Motion for Costs and Attorney Fees [24] and Defendant's Opposition thereto [25].

### I.  Background

This case arises from a Freedom of Information Act ("FOIA") request that *pro se* Plaintiff Darren Lamont Keys lodged with the United States Secret Service on June 30, 2003. (Compl. [1] ¶ 1.) Plaintiff filed a Complaint on March 13, 2007 alleging that Defendant failed to comply with its obligations under FOIA. (*See* Compl.) On September 26, 2007, this Court granted Defendant's Motion for Summary Judgment and ordered that this matter be dismissed. (*See* Mem. Op. [20] and Order [21].) Plaintiff filed the instant Motion on November 19, 2007, asking

---

[1] By consent of the parties, this case was referred to the undersigned Magistrate Judge for all purposes and trial pursuant to 28 U.S.C. § 636(c). (*See* "Consent to Proceed Before a United States Magistrate Judge for All Purposes" [13].)

the Court to award him $1,295.00 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[2]

**II.   Analysis**

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." FED. R. CIV. P. 54(d)(1) (2007). Plaintiff is not entitled to costs under this rule for two reasons. First, he is not the prevailing party because this Court granted summary judgment in favor of the government and dismissed Plaintiff's claims. (*See* Mem. Op. [20] and Order [21].) Second, Rule 54 only allows an award of costs against an agency of the United States, such as the Department of Homeland Security, "to the extent allowed by law." FED. R. CIV. P. 54(d)(1). Because FOIA contains its own provision governing cost awards, *see* 5 U.S.C. § 552(a)(4)(E), Rule 54 does not afford Plaintiff any relief. *Hoffenberg v. United States*, No. Civ. A. 05-1352, 2007 WL 2297353, at *2 (W.D. Tenn. June 18, 2007).

Section 552(a)(4)(E) provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Again, Plaintiff has not "substantially prevailed" in that this Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001) (noting that "a 'prevailing

---

[2] Although Plaintiff's motion is styled "Motion for Costs and Attorney Fees," it appears that he is only seeking costs. (*See* Pl.'s Mot. at 4.)

party' is one who has been awarded some relief by the court"). Plaintiff asserts in his Motion that he is "apparently successful," but the Court can find no theory under which that characterization would be accurate. Because Plaintiff is not the prevailing party in this litigation, he is not entitled to costs under either Rule 54 or FOIA.

**III.**     **Conclusion**

For the foregoing reasons, it is this   14th   day of December, 2007, hereby

**ORDERED** that Plaintiff's Motion for Costs and Attorney Fees is **denied**.

                                                                /s/
                                                    ALAN KAY
                                                    UNITED STATES MAGISTRATE JUDGE