IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARREN LAMONT KEYS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-465 (AK) |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO CONSOLIDATE RELATED CASES**

Pursuant to Federal Rule of Civil Procedure 42 and Local Civil Rule 40.5(d) defendant, the United States Department of Homeland Security, hereby files its Motion to Consolidate Related Cases. Defendant respectfully submits that Civil Action No. 08-726 should be consolidated with Civil Action No. 07-465 because these actions both concern the same Freedom of Information Act ("FOIA") request sent by plaintiff in June 2003 to the Department of Homeland Security.

**I.      FACTUAL BACKGROUND**

On March 13, 2007, pro se plaintff, Darren Lamont Keys, filed an "Emergency Petition for Mandamus Compelling Office or Employee of the United States to Perform Duty Owed to Petitioner, That Is, Comply with 2003 Freedom of Information Request by Special Visitation." In this complaint, plaintiff alleged that he submitted a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), "dating back to June 30, 2003" and sought an order granting mandamus requiring the agency to produce records responsive to this request. This case was assigned civil action number 07-465 and was assigned to the Honorable Ricardo M. Urbnia.

Plaintiff's request for a writ of mandamus was denied and the action was construed as one brought pursuant to the FOIA against the Department of Homeland Security. [See Docket Entry No. 6, Civ. A. No. 07-465]. Subsequently, defendant was granted summary judgment by Magistrate Judge Alan Kay, to whom the case was reassigned for all purposes by consent of the parties. Plaintiff appealed that decision and the District of Columbia Circuit has recently remanded the case to Magistrate Judge Kay for a statement of reasons for the grant of summary judgment with regard to the documents referred by the defendant to other agencies. [Order dated April 28, 2008, United States Court of Appeals Case No. 07-5364]. Magistrate Judge Kay has ordered the defendant to submit supplemental briefing concerning its referral of these documents, and defendant's brief is due June 13, 2008. [See Docket Entry No. 29, Civ. A. No. 07-465].

On March 28, 2008, plaintiff filed another pro se "Emergency Petition for Writ of Mandamus Under 28 U.S.C. § 1361 Compelling Compliance with Freedom of Information Act." This pleading concerns the identical June 2003 FOIA request at issue in Civil Action No. 07-465. In his more recent filing plaintiff states that the district court granted the defendant summary judgment as it concerns his June 2003 FOIA request "sending Keys 'back to square one.'" Plaintiff contends that he seeks mandamus relief to compel documents that were not produced by the U.S. Attorney's office in Jacksonville, which had been contacted by the Department of Homeland Security for information responsive to plaintiff's FOIA request. Plaintiff seeks an order requiring the "government's response to the Department of Homeland Security as they have tried to comply but have been precluded by U.S. Attorney's Office in

Jacksonville . . . ." Complaint at 8.[1]

II.     ARGUMENT

    A.     **Standard for Consolidating Cases.**

Federal Rule of Civil Procedure 42 provides in pertinent part:

> If actions before the court involve a common question of law or fact, the court may: . . . .
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The decision to consolidate matters lies within the Court's discretion. Judicial Watch Inc. v. Department of Energy, 207 F.R.D. 8 (D.D.C. 2002).

Pursuant to this Court's local civil rule 40.5(d), a motion to consolidate cases assigned to different judges of the Court "shall be heard and determined by the judge to whom the earlier-numbered case is assigned." LCvR 40.5(d). If consolidation is granted, "the later-numbered case shall be reassigned . . . ." Id.[2]

    B.     **Plaintiff's Recently Filed Complaint Should Be Consolidated With His Prior Action.**

Despite the existence of additional allegations concerning the grant of summary judgment to the Department of Homeland Security, plaintiff's more recent complaint and his originally

---

[1] Plaintiff's subsequent case was initially assigned to Judge Urbina; however, on May 29, 2008, the case was reassigned to Judge Huvelle by direction of the Calendar Committee with a notation indicating that the case was not related to Civil Action 07-465. [See Civ. A. No. 08-726 Docket Entry No. 8]. The basis for this determination is not provided; however, at the time plaintiff's subsequent lawsuit was filed, his prior action had already been re-assigned to Magistrate Judge Kay for all purposes.

[2] Pursuant to Local Civil Rule 40.5(b), defendant is also filing a "Notice of Related Cases" in both Civil Action No. 08-726 and Civil Action No. 07-465.

filed complaint both concern the same issue, to wit, the June 2003 FOIA request he submitted to the Secret Service.  Defendant has already been granted summary judgment as it concerns its response to plaintiff's request and the only issue remaining to be addressed is the referral of documents to certain other agencies.  Plaintiff's allegations concerning documents that were allegedly referred to the Jacksonville office of the United States Attorney's office can, and should be, addressed in the context of the supplemental briefing that has been ordered by this Court.[3]  Therefore, Civil Action No. 08-726 should be consolidated with Civil Action No. 07-465.  See, e.g., Judicial Watch, Inc., 207 F.R.D. at 8 (granting motion to consolidate FOIA actions where requests, although sent by different parties, were both directed to the same agency and concerned the same documents).

### III.    CONCLUSION

For the reasons set forth above, defendant respectfully requests that this Court consolidate plaintiff's Civil Action No. 08-726 with this pending matter.[4]

---

[3] Defendant's response to plaintiff's recently filed complaint is due on or before June 9, 2008.  In light of the supplemental briefing that has been ordered by the Court, defendant respectfully requests that its response to plaintiff's more recent complaint be extended up to and including June 13, 2008, the date by which the Court has ordered defendant to file its supplemental briefing concerning the documents that were referred to other agencies in response to plaintiff's FOIA request.

[4] Because plaintiff is incarcerated, defendant did not confer with him prior to filing this motion.  See LCvR 7(m) ("The duty to confer . . . applies to non-incarcerated parties appearing pro se.").

Dated: June 6, 2008

                                        Respectfully submitted,

                                          /s/ Jeffrey A. Taylor
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney

                                          /s/ Rudolph Contreras
                                        RUDOLPH CONTRERAS, D.C. BAR #  434122
                                        Assistant United States Attorney

                                          /s/ Michelle N. Johnson
                                        MICHELLE N. JOHNSON, D.C. BAR # 491910
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Civil Division
                                        555 4th Street, N.W. – Room E4212
                                        Washington, D.C. 20530
                                        (202) 514-7139

                                        **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of June, 2008, I caused the foregoing Motion to Consolidate Related Cases to be served on plaintiff *pro se*, postage prepaid, and addressed as follows:

Mr. Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590

                                                /s/
                                    MICHELLE N. JOHNSON
                                    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DARREN LAMONT KEYS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-465 (AK) |
| | ) | |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] ORDER

This matter having come before the Court on Defendant's Motion to Consolidate Related Cases and it appearing in the interests of justice that the motion should be granted, it is hereby

**ORDERED** that Defendant's Motion to Consolidate Related Cases is hereby **GRANTED**. And it is further

**ORDERED** that Civil Action No. 08-726 is hereby consolidated with the above-captioned matter. And it is further

**ORDERED** that defendant's time to respond to the allegations contained in plaintiff's complaint filed in Civil Action No. 08-726 is hereby extended up to and including June 13, 2008.

**SO ORDERED** on this _____ day of _____, 2008.

_____
ALAN KAY
United States Magistrate Judge