### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____

**DARREN LAMONT KEYS,**        )
                              )
       Plaintiff,        )
                              )
       v.        )        **Civil No. 07-0465 (AK)**
                              )
**DEPARTMENT OF HOMELAND SECURITY,** )
                              )
       Defendant.        )
                              )
_____)


### DEFENDANT'S BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS ORDERED BY THE COURT

Pursuant to the Court's Order dated May 28, 2008, defendant, the Department of Homeland Security, respectfully files this brief setting forth the process it followed regarding the referral of documents that were responsive to plaintiff's Freedom of Information Act Request to the agencies from where the documents originated.  In support of this brief, defendant respectfully submits the attached memorandum of points and authorities with exhibits and the attached declarations with exhibits.

Respectfully submitted,


    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office

Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Andrea Hagen
Attorney
United States Secret Service
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**DARREN LAMONT KEYS,**                      )
                                             )
              Plaintiff,                      )
                                             )
       v.                                     )        **Civil No. 07-0465 (AK)**
                                             )
**DEPARTMENT OF HOMELAND SECURITY,** )
                                             )
              Defendant.                      )
_____)

**<u>DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT AS ORDERED BY THE COURT</u>**

      Defendant, the Department of Homeland Security, submits this supplemental

memorandum of law in support of its motion for summary judgment.  As further discussed

below, dismissal and/or summary judgment is warranted in this case because the Secret Service

properly referred documents responsive to plaintiff's request to the agencies from where the

documents originated and those agencies have each separately and appropriately responded to

plaintiff's request.

<u>**INTRODUCTION**</u>

      Plaintiff, Darren Lamont Keys ("plaintiff"), filed this action pursuant to the Freedom of

Information Act, 5 U.S.C. § 552 <u>et</u> <u>seq.</u>, ("FOIA") concerning a FOIA request that he submitted

to the United States Secret Service (the "Secret Service" or "USSS") in June 2003.  On

December 14, 2007, this Court granted defendant's motion for summary judgment.  Plaintiff

appealed this determination to the Court of Appeals for the District of Columbia Circuit.

Defendant then filed a motion for summary affirmance.  On its own motion, the appellate court

ordered that the "record be remanded to the district court for a statement of reasons for the grant

of summary judgment with regard to the documents referred by the appellee to other agencies for processing under the Freedom of Information Act."  United States Court of Appeals for the District of Columbia Circuit Order dated April 28, 2008.  Thereafter, this Court issued an order requiring defendant to provide "additional evidence regarding the referral procedure employed in this case, including, but not limited to, whether this procedure complies with McGehee [v. CIA, 697 F.2d 1095 (D.C. Cir. 1983)]."  Order dated May 28, 2008, Docket Entry No. 29.

As will be further discussed infra, defendant properly referred documents responsive to plaintiff's FOIA request to the agencies from which the documents originated and each of those agencies has properly responded to plaintiff at this juncture.  Accordingly dismissal, or alternatively summary judgment, is warranted as it concerns the referred documents.

## FACTUAL BACKGROUND

### A.    The Secret Service's Referral of Documents Responsive to Plaintiff's FOIA Request.

During its search for documents responsive to plaintiff's FOIA request, the Secret Service located some documents containing information that had originated with other federal agencies. Second Declaration of Craig W. Ulmer ("2d Ulmer Decl.") ¶ 4.  As required pursuant to applicable Department of Homeland Security ("DHS") regulations, 6 C.F.R. § 5.4(c) and (d), these documents were referred to the agency or component that was best able to determine to determine whether this information should be released to plaintiff.  2d Ulmer Decl. ¶ 4.

Pursuant to 6 C.F.R. § 5.4(c), the originating agency is ordinarily presumed to be in the best position to determine whether to disclose the information.  Id.  In addition, because the responsive records contain information relating to a law enforcement investigation, pursuant to 6

2

C.F.R. § 5.4(d), the Secret Service is required to refer to or consult with the originating

component or agency responsible for responding to the request.  Id.  In this case, the Secret

Service determined that the information and documents at issue would be best handled by the

originating agencies.  Id.  Consequently documents responsive to plaintiff's access request that

contained information originating with other federal agencies were referred to the entity from

where the Secret Service believed the information had originated.  Id.

By letter dated July 18, 2007, the Secret Service referred material responsive to plaintiff's

FOIA request to the United States Marshals Service ("USMS" or "Marshals Service") for a direct

response to plaintiff.  Id. ¶ 5.  A copy of this letter is attached as Exhibit ("Ex.") A to the 2d

Ulmer Declaration.  On August 2, 2007, the Marshals Service advised the Secret Service that, by

letter dated July 23, 2007, the Marshals Service had responded to plaintiff regarding the

responsive documents that had been referred to it.  Id.; 2d Ulmer Decl., Ex. B.

By letter dated July 18, 2007, the Secret Service referred material responsive to plaintiff's

FOIA request that originated with the Executive Office of United States Attorneys ("EOUSA")

to that agency for a direct response to plaintiff.  2d Ulmer Decl. ¶ 6.  By letter dated July 31,

2007, EOUSA provided the Secret Service with a copy of its response to plaintiff with regard to

those documents that were responsive to plaintiff's request.  Id.; see also 2d Ulmer Decl., Ex. C.

By letter dated July 18, 2007, the Secret Service referred responsive material that

originated with the Federal Bureau of Investigation ("FBI") to that agency for a direct response to

plaintiff.  2d Ulmer Decl. ¶ 7.  By letter dated August 10, 2007, the FBI responded to plaintiff.

Id.  A copy of a facsimile, dated June 9, 2008, providing the Secret Service with this enclosure is

attached as Ex. D to the 2d Ulmer Declaration.

By letter dated July 18, 2007, the Secret Service referred ten pages of responsive material that had originated with the Federal Bureau of Prisons ("BOP").  2d Ulmer Decl. ¶ 8.  By facsimile on June 26, 2008, BOP provided the Secret Service with a signed copy of its response to plaintiff dated June 24, 2008, regarding seven pages of the responsive material.  Id.; see also 2d Ulmer Decl., Ex. E.  By facsimile on June 26, 2008, BOP provided the Secret Service with a copy of its response, dated that same date, to plaintiff regarding the remaining three pages that had been referred to BOP.  2d Ulmer Decl. ¶ 8; 2d Ulmer Decl., Ex. F.

By letter dated July 18, 2007, the Secret Service referred material responsive to plaintiff's request that was believed to have originated with the Court Services and Offender Supervision Agency ("CSOSA") for a direct response to plaintiff.  2d Ulmer Decl. ¶ 9.  CSOSA returned this material to the Secret Service on June 4, 2008, and informed the Secret Service that this material did not originate with CSOSA.  Id.  These documents were subsequently referred to BOP on June 9, 2008.  Id.  BOP informed the Secret Service on June 23, 2008 that these documents were not BOP documents and that BOP was not the proper entity to address these documents.  Id.

Consequently, by email dated June 23, 2008, the Secret Service referred these documents to the United States Probation and Pretrial Services Agency.  Id.  The United States Probation and Pretrial Services Agency directly responded to plaintiff in a letter dated June 25, 2008.  Id.; 2d Ulmer Decl., Ex. G.

      **B.**    **Documents Processed by the USMS**

On July 20, 2007, the USMS received from the USSS six pages of information consisting of a one-page USSS report, undated, and a five-page psychological evaluation addressed to United States Magistrate Judge Howard Snyder dated September 24, 2001.  Declaration of

William E. Bordley ("Bordley Decl.") ¶ 2.  This document was located by USSS during its

processing of plaintiff's FOIA request to that agency.  Id.

The USSS report contained information provided to the USSS by the USMS and the

psychological evaluation was conducted in the USMS office in Jacksonville, Florida, per Judge

Synder's order.  Id.  The documents were referred to the USMS for a disclosure determination

and direct response to plaintiff pursuant to 28 C.F.R. § 16.4(c).  See Ex. A (USSS referral to

USMS).  By letter dated July 23, 2007, the USMS released the six pages of documents to

plaintiff with limited information withheld pursuant to Exemption 7(C) of the FOIA.  Bordley

Decl. ¶ 3.

The USMS asserted Exemption 7(C) to withhold only the name of a federal law

enforcement officer, the names of doctors, doctors' employees, and third-party individuals

associated with the plaintiff.  Id.  These redactions were applied to four pages of a five-page letter

prepared by the psychologist.  Id.  No redactions were made on the fifth page of the letter or the

one page USSS report.  Id.  The six pages of documents referred by USSS are records maintained

by the USMS in the Prisoner Processing and Population Management/Prisoner Tracking System

("PPM/PTS"), JUSTICE/USM-005 system of records.  Id. ¶ 4.  Records maintained in this

system are compiled for law enforcement purposes in connection with the USMS' receipt,

processing, transportation and custody of prisoners.  See Fed. R. Crim. Proc. 4, 18 U.S.C. §

4086, 28 U.S.C. § 566, and 28 C.F.R. § 0.111(j) and (k).  Bordley Decl. ¶ 4.  As such, this system

of records is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. §

552a(j)(2).  See 28 C.F.R. § 16.10(a), (q).  Therefore, the six pages of documents were processed

pursuant to the FOIA, 5 U.S.C. § 552.  Bordley Decl. ¶ 4.

Exemption 7(C) of the FOIA allows an agency to withhold records or information compiled for law enforcement purposes to the extent that the production of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7). This exemption was applied to withhold only the name of a federal law enforcement officer, the names of doctors, doctors' employees, and the names of plaintiff's associates. Bordley Decl. ¶ 5; Ex. B (Letter to plaintiff dated July 23, 2007). No other information was withheld and USMS released all reasonably segregable information to plaintiff. Bordley Decl. ¶ 3. Plaintiff presented no public interest that warranted the disclosure of the identities of federal law enforcement officers with whom he may or may not have come into contact with while in USMS custody and the USMS could not discern any legitimate public interest that would be served by disclosing this information. Id. ¶ 6. To the contrary, to release the identities of law enforcement personnel could subject these individuals to unwarranted public attention, harassment, and annoyance, and would thereby impair the effectiveness of these employees in carrying out their official duties. Id. Therefore, the public interest weighs in favor of non-disclosure to foster the privacy and the efficient performance of official duties regarding the receipt, processing, transportation and custody of prisoners. Id. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Id.

Similarly, the release of the names of doctors, employees of doctors, and associates of the plaintiff could expose those individuals to unnecessary public attention, criticism, harassment and possible danger to their life or physical safety for cooperating in a law enforcement activity and/or for being mentioned in connection with an official criminal investigation. Id. ¶ 7.

6

Further, plaintiff provided no information concerning how disclosure of this information would meet the basic purpose of FOIA, i.e., to shed light on an agency's performance of its statutory duties; nor can USMS discern any such public interest that would outweigh the privacy interests of these individuals.  Id.  Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, could reasonably be expected to constitute an unwarranted invasion of personal privacy in light of the fact that no legitimate public interest would be served by disclosure.  Id.

In summary, the six pages of documents referred by USSS to USMS for a disclosure determination were released to plaintiff, as described above, with limited information redacted pursuant to Exemption 7(C).  Id. ¶ 8.  All non-exempt portions of the responsive documents have been segregated and released to plaintiff.  Id.

## C.    **Documents Processed by the EOUSA**

### **FOIA No. 04-300**

On January 29, 2004, the EOUSA received a letter dated January 16, 2004 from Mr. Keys for documents pertaining to himself.  Declaration of John F. Boseker ("Boseker Decl.") ¶ 6; see also Boseker Decl. Ex. A (FOIA Request dated January 16, 2004).  By letter dated February 11, 2004, EOUSA notified Mr. Keys of the deficiency in his request, i.e., the need to provide EOUSA with the particular location within the U.S. Attorney's offices throughout the country that he wished to have searched.  Boseker Decl. ¶ 7.  Until such information was received, plaintiff was not deemed to have submitted a valid request.  Id.  Plaintiff was provided with notice of his right to appeal this determination within 60 days to the Office of Information and Privacy ("OIP").  Id.; see also Ex. B (Letter dated February 11, 2004).  Plaintiff never provided EOUSA with the location to be searched, nor appealed the determination to OIP.  Boseker Decl.

¶ 8.

**FOIA No. 07-1300**

On April 19, 2008, EOUSA received a letter dated April 5, 2007, from plaintiff in which

he requested specific information (i.e., oath of office, bond information) on Assistant United

States Attorney Kathleen O'Malley, U.S. Attorney's Office for the Middle District of Florida,

and a list of all of the attorneys in that office who were "empowered and authorized to appear

before the Grand Jury in the Middle District of Florida at Jacksonville Florida, from 2000-2004."

Boseker Decl. ¶ 9; see also Ex. C (FOIA Request dated April 5, 2007).

By letter dated May 11, 2007, EOUSA notified plaintiff that it had received his request

and assigned it FOIA file number 07-1300, and was proceeding to search for the requested

information.  Boseker Decl. ¶ 10; see also Ex. D (Letter dated May 11, 2007).  On June 21, 2007,

EOUSA notified plaintiff that it was providing him with a full release of records (two pages)

located as a result of the aforesaid search.  Boseker Decl. ¶ 11.  Mr. Keys was notified of his right

to appeal this determination within 60 days to the OIP.  Id.; see also Ex. E (Letter dated June 21,

2007).  No appeal has been filed of this EOUSA determination.  Boseker Decl. ¶ 12.

**FOIA No. 07-2311-R**

On July 23, 2007, EOUSA received a referral from the USSS of documents responsive to

a July 22, 2003 request made directly to USSS by plaintiff.  Boseker Decl. ¶ 13; Ex. F.  By letter

dated July 31, 2007, EOUSA notified plaintiff that it had processed the referred

records, was releasing two pages in part, and was withholding four pages in their entirety

pursuant to 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e),

(b)(5) (b)(7)(C), and Privacy Act, 5 U.S.C. § 552a(j)(2).  Boseker Decl. ¶ 14. Plaintiff was

provided with his right to appeal this determination within 60 days to the OIP.  Id.; see also Ex.

G (Letter to plaintiff dated July 31, 2007).  No appeal has been filed of EOUSA's determination

prior to plaintiff's initiation of this lawsuit.  Boseker Decl. ¶ 15.

 Each step in the handling of plaintiff's FOIA requests and referral have been entirely

consistent with EOUSA and United States Attorneys Office ("USAO") procedures adopted to

ensure an equitable response to all persons seeking access to records pursuant to FOIA/PA.  Id. ¶

16.

## D.   Documents Processed by the FBI

By letter dated July 18, 2007, the USSS referred 7 pages of documents to the FBI

Headquarters ("FBIHQ") for its review and direct response to plaintiff.  Declaration of David M.

Hardy ("Hardy Decl.") ¶ 4.  See also Hardy Decl., Ex. A (Letter dated July 18, 2007).

 By letter dated August 10, 2007, FBIHQ provided plaintiff its response regarding the

referred documents.  Hardy Decl. ¶ 5; see also Hardy Decl., Ex. B.  Of the seven pages

processed, the FBI released six pages in full and one page contained a single exemption pursuant

to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2) and FOIA Exemptions 6 and 7(C), 5

U.S.C. § 552(b)(6) and (b)(7)(C).  Id.  Upon further review, FBIHQ determined that the single

exemption withheld by the FBI was in fact an alias used by plaintiff and should be released.

Hardy Decl. ¶ 6.  By letter dated June 10, 2008, FBIHQ released all FBI information to the

plaintiff.  Id.; see also Ex. C (Letter dated June 10, 2008).  Thus, all pages referred to the FBI

have been released to plaintiff in their entirety.  Id.

## E.   Documents Processed by the BOP

On July 20, 2007, the BOP FOIA section received several documents referred from the

USSS.  Declaration of Wm E. Baumgartel ("Baumgartel Decl.") ¶ 3.  These records were found

to have originated with the BOP and were referred for a release determination to be made directly

to plaintiff.  Id.  The referred material was catalogued as BOP FOIA Request Number 2007-

08236.  Id.  The materials referred to the BOP consist of a August 12, 2002, letter from Warden

Art F. Beeler to District Judge Ralph W. Nimmons, and a July 31, 2002 Forensic Evaluation of

Darren Lamont Keys.  Id.  This request was processed and a release determination made on June

24, 2008.  Id.  A true and accurate copy of the response letter to BOP FOIA Request Number

2007-08236 is provided as Ex. 1.

On June 9, 2008, the USSS provided additional records to the BOP FOIA section

regarding plaintiff.  Baumgartel Decl. ¶ 4.  These records consist of a December 14, 2001 fax

from the United States Pretrial Services to the USSS.  Id.  Included with this fax was a

Presentence Report ("PSR") for Mr. Keys and a September 5, 2001 memorandum from United

States Probation and Pretrial Services to United States District Judge Catherine C. Blake entitled

"Notice of Violation – Warrant Requested."  Id.  Since these documents were not provided by or

originated within the BOP, BOP cannot make a release determination concerning these records.

Id.  However, as outlined below, plaintiff can request and review his PSR at the facility where he

is currently incarcerated.  Id.

The BOP has a policy which expressly and categorically prohibits inmates from

possessing or receiving copies of their PSRs or the Statement of Reasons ("SOR") portion of

their Judgment in a Criminal Case.  Id. ¶ 5.  This prohibition is addressed by Program Statement

1351.05, Release of Information, section 12(a)(2)(d).  Id.  A true and accurate copy of the

relevant portions from this policy are provided as Ex. 2 to the Baumgartel Declaration.  In

relevant part, this policy states:

> Federal Presentence Reports (PSR) and Statements of Reasons
> (SOR) from Judgment in Criminal Cases. For safety and security
> reasons, inmates are prohibited from obtaining or possessing
> photocopies of their PSRs, SORs, or other equivalent non-U.S.
> Code sentencing documents (e.g., D.C., state, foreign, military, etc.).
> Inmates violating this provision are subject to disciplinary action.

This policy was adopted by the BOP as a safety measure due to the nature of the

information sometimes contained in the PSRs and SORs of certain inmates. Baumgartel Decl. ¶

6. Prior to adoption of this policy, inmates would often request to see copies of another inmate's

PSR or SOR to determine their assistance to the government, financial resources, or community

affiliations. Id. Additionally, inmates have been noted as using these documents to identify

government informants, gang members, former law enforcement officials, or pedophiles. Id. All

of these affiliations may endanger the safety and life of the inmate should they become known

within the general prison population. Id.

Despite the prohibition against inmates obtaining and possessing copies of their

PSR or SOR, when an inmate makes a FOIA/PA request for these documents they are afforded

access to the records and an opportunity to personally review these documents. Id. ¶ 7.

Specifically, inmates may request to review their PSR or SOR simply by submitting a request to

their Unit Team. Id. They are in turn afforded a reasonable opportunity to review these

documents and make any necessary hand written notes concerning the information contained

therein. Id. Should an inmate require submission of their PSR to a court, the BOP has also

implemented procedures to ensure this is accomplished pursuant to the inmate's request. Id.

11

F.    **Documents Referred to the United States Probation and Pretrial Services Agency.**

By e-mail dated June 23, 2008, the Secret Service referred two documents that originated with the United States Probation and Pretrial Services Agency to that agency.  2d Ulmer Decl. ¶ 9.  The United States Probation and Pretrial Services Agency ("USPPSA") directly responded to plaintiff by letter dated June 25, 2008.  2d Ulmer Decl., Ex. G (Letter dated June 25, 2008).  In this letter, the agency informed plaintiff that two documents - plaintiff's PSR and a memo to the court regarding plaintiff's violation of supervision – had been referred to the agency.  Id.  However, because the courts are excluded from FOIA and the PA, plaintiff was informed that the agency would not release the documents to him.  Id.  Plaintiff was also informed that the policy of the BOP also prohibits inmates from possessing or receiving copies of their PSR while in custody.  Id.  However, inmates are permitted to review their PSR at the facility where they are incarcerated.  Id.; see also Baumgartel Decl. ¶ 7.

Based on USPPSA's June 25, 2008 letter to plaintiff, the Secret Service determined that it would need to directly respond to plaintiff's FOIA request as it concerned these documents.  2d Ulmer Decl. ¶ 10.  Therefore, pursuant to applicable regulations, the Secret Service, after consultation with USPPSA, determined that the four page memorandum to the Court dated September 5, 2001, and the one page facsimile transmittal sheet could be released to plaintiff.  Id.  These documents were released to plaintiff by letter dated July 3, 2008.  Id.; see also Ex. H (Letter dated July 3, 2008).  The name of a Secret Service employee found on the facsimile transmittal sheet has been withheld pursuant to 5 U.S.C. § 552(b)(7)(C) as information in law enforcement records the disclosure of which could reasonably be expected to constitute an

12

unwarranted invasion of personal privacy.  2d Ulmer Decl. ¶ 10.  Plaintiff's PSR was not

released as there is a BOP policy that prohibits inmates from possessing or receiving copies of

their PSRS.  Id.; see also Baumgartel Decl. ¶ 7.

## STANDARD OF REVIEW

In general, summary judgment is the procedural vehicle by which most FOIA actions are

resolved.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases

should be handled on motions for summary judgment, once the documents in issue are properly

identified.").  While the defendant has the burden of proof on all material issues related to the

merits of any claimed FOIA exemptions, summary judgment is to be freely granted where there

are no material facts in dispute and the agency is entitled to judgment as a matter of law.  See,

e.g., Alyeska Pipeline Serv. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988); Hayden v. National

Security Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979) (summary judgment appropriate in

FOIA cases on the basis of affidavits).

Here, where the agency that has received a FOIA request that encompasses documents

that originated with other agencies, it has the "responsibility for processing the request."

McGehee v. C.I.A., 697 F.2d 1095, 1110 (D.C. Cir. 1983).  The agency must demonstrate the

"nature of the referral procedure" and the "advantages gained by referring each of the documents

. . . ."  Id.  In this case, the USSS employed a proper referral system that resulted in the release of

the documents plaintiff sought.  Furthermore, any information that was withheld by the agencies

to which documents were referred was justified under the applicable FOIA exemptions.

## ARGUMENT

**I.      The Secret Service Properly Referred Documents to the Originating Agencies.**

DHS regulations, Title 6, Code of Federal Regulations, Section 5.4 and Appendix A, II(I)(3), vest authority in the FOI/PA Officer of the Secret Service to make initial determinations regarding whether to grant FOIA requests for Secret Service records.  2d Ulmer Decl. ¶ 2. Applicable DHS regulations set forth a referral procedure for documents originating from other agencies.  Id. ¶ 4.  Specifically, 6 C.F.R. section 5.4(c) provides that when the DHS component receives a request for a record in its possession "it shall determine whether another component, or another agency of the Federal Government, is better able to determine whether the record is exempt from disclosure under the FOIA, and, if so, whether it should be disclosed as a matter of administrative discretion."  If the receiving component determines it is in the best position to process the record in response to a request, it "shall do so."  Id.  If however, the receiving component determines that it is not best able to process the record, then it shall either:

> (1) Respond to the request regarding that record, after consulting with the component or agency best able to determine whether to disclose it and with any other component or agency that has a substantial interest in it; or
>
> (2) Refer the responsibility for responding to the request regarding that record to the component best able to determine whether to disclose it, or to another agency that originated the record (but only if that agency is subject to the FOIA).  Ordinarily, the component or agency that originated a record will be presumed to be best able to determine whether to disclose it.

6 C.F.R. § 5.4(c)(1)-(2).  See also 2d Ulmer Decl. ¶ 4 ("Under 6 C.F.R. § 5.4(c), the originating agency ordinarily is presumed to be the best able to determine whether to disclose the information.").  In addition, as it concerns responsive records relating to a law enforcement

14

investigation, pursuant to 6 C.F.R. section 5.4(d), the USSS "is required to refer to the originating agency or component responsible for responding to the request with respect to information originating from that agency or consult with the originating agency."  2d Ulmer Decl. ¶4; see also 6 C.F.R. § 5.4(d).  In this case, the Secret Service "determined that the information and documents at issue would be best handled by the originating agencies."  2d Ulmer Decl. ¶ 4.

"Agencies cannot simply refer documents to other agencies as a matter of course but must show that the procedure is reasonable under the circumstances."  Sussman v. United States Marshals Service, 494 F.3d 1106, 1118 (D.C. Cir. 2007) (citing McGehee v. Central Intelligence Agency, 697 F.2d 1095, 1110 (D.C. Cir. 1983)).  Referral of documents to the agencies from which the documents originated in not per se unreasonable.  Sussman, 494 F.3d at 1118. "McGehee's admonition that the agency receiving the initial request 'cannot simply refuse to act on the ground that the documents originated elsewhere' . . . indeed imposes a duty on that agency, but that agency may acquit itself through a referral, provided the referral does not lead to improper withholding under the McGehee test."  Id. (citing Peralta v. U.S. Attorney's Office, 136 F.3d 169, 175-176 (D.C. Cir. 1998) (emphasis added).

In this case, the Secret Service, relying upon its referral procedure set forth in 6 C.F.R. section 5.4, determined that the information and documents at issue would be best handled by the originating agencies and therefore referred documents to five separate agencies: the USMS, EOUSA, the FBI, the BOP, and the United States Probation and Pretrial Services Agency.  2d Ulmer Decl.  ¶¶ 4-9.  Each of those agencies processed plaintiff's request and no documents have been "improperly" withheld.  As it concerns the USPPSA, when Secret Service learned that this

agency was exempt from the FOIA, the Secret Service determined it would need to directly respond to plaintiff's FOIA request concerning these documents and, after consultation with the USPPA, released documents to plaintiff.  Id. ¶ 10.  For this reason, the Secret Service is entitled to summary judgment as it concerns the documents referred to other agencies.  See McGehee, 697 F.2d at 1110 ("[A] system adopted by an agency for dealing with documents of a particular kind constitutes 'withholding' of those documents if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them.").

## II.     The Originating Agencies Properly Responded to Plaintiff's FOIA Request.

### A.      USMS Has Properly Processed Plaintiff's FOIA Request.

On July 20, 2007, the USMS received six pages of information consisting of a one-page, undated, Secret Service report and a five-page psychological evaluation addressed to United States Magistrate Judge Howard Snyder, dated September 24, 2001, that were located during the Secret Service's processing of plaintiff's request.  Bordley Decl. ¶ 2.  The Secret Service report contained information that the USMS had provided to the Secret Service and the psychological evaluation was conducted in the USMS office in Jacksonville, Florida, per the order of Judge Synder.  Id.  These documents were referred to the USMS for a disclosure determination and direct response to plaintiff in accordance with 28 C.F.R. section 16.4(c).  Id.

By letter dated July 23, 2007, the USMS released the six pages of documents to plaintiff with limited information redacted and withheld pursuant to Exemption 7(C) of the FOIA.  Id. ¶ 3. The USMS asserted Exemption 7(C) to withhold the name of a federal law enforcement officer, the names of doctors, doctors' employees, and third-party individuals associated with plaintiff.

16

Id.  These redactions were applied to four pages of a five-page letter prepared by the

psychologist.  Id.  No redactions were made on the fifth page of the letter or the one page Secret

Service report.  Id.  No further information was withheld and USMS released all reasonably

segregable information to plaintiff.  Id.; see also Bordley Decl., Ex. B.[1]

Exemption 7(C) exempts from mandatory disclosure under the FOIA information that has

been compiled for law enforcement purposes when disclosure "could reasonably be expected to

constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C); see Nation

Magazine v. United States Customs Serv., 71 F.3d 885, 896 (D.C. Cir. 1995); SafeCard Servs.,

Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).[2]  Applying Exemption 7(C) requires a multi-

step analysis.  The first step is determining whether the information has been compiled for a "law

enforcement purpose."  The term "law enforcement purpose" includes enforcement of civil and

criminal statutes, as well as those statutes authorizing administrative (i.e., regulatory)

proceedings.  Center for Nat'l Policy Review v. Weinberger, 502 F.2d 370, 373 (D.C. Cir. 1974).

---

[1]The six pages of documents referred by the Secret Service are records maintained by the
USMS in the Prisoner Processing and Population Management/Prisoner Tracking System
("PPM/PTS"), JUSTICE/USM-005 system of record.  Bordley Decl. ¶ 4.  Records in this system
are compiled for law enforcement purposes in connection with USMS' receipt, processing,
transportation and custody of prisoners.  Id.; see also Fed. R. Crim. Proc. 4; 18 U.S.C. § 4086; 28
U.S.C. § 566; and 28 C.F.R. § 0.111(j) and (k).  Because this system of records is exempt from
the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2), the USMS processed
the six pages of documents pursuant to the FOIA.  Bordley Decl. ¶ 4.

[2]In relevant part, Exemption 7(C) provides:

(7)  records or information compiled for law enforcement purposes,
but only to the extent that the production of such law enforcement
records or information . . . (C) could reasonably be expected to
constitute an unwarranted invasion of personal privacy. . . .

5 U.S.C. § 552(b)(7)(C).

17

The next step is to determine if there is a privacy interest. A privacy interest sufficient to justify application of Exemption 7(C) has been found to exist in a wide variety of circumstances: (1) the identities of suspects and witnesses who are identified in agency records in connection with law enforcement investigations[3]; (2) the names of law enforcement officers who work on criminal investigations[4] and individuals who provide information to law enforcement authorities.[5] All of these categories of individuals have protectable privacy interests in their anonymity. Once a privacy interest has been established, it must be balanced against the public interest, if there is any, that would be served by disclosure. Albuquerque Publishing Co. v. United States Dep't of Justice, 726 F. Supp 851, 855 (D.D.C. 1989). The public interest in disclosure is limited to the FOIA's core purpose of "shed[ing] light on an agency's performance of its statutory duties . . . ." United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989).

The information at issue here readily satisfies the criteria for withholding under Exemption 7(C). First, the records were compiled for law enforcement purposes in connection with the USMS' receipt, processing, transportation and custody of prisoners. Bordley Decl. ¶ 4. Second, the redacted information consisted only of the name of a federal law enforcement

---

[3]Reporters Committee for Freedom of the Press v. United States Dep't of Justice, 816 F.2d 730, 740-41 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).

[4]Dep't of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980 Davis v. United States Dep't of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. United States).

[5]Computer Prof'ls, 72 F.3d at 904; Farese v. United States. Dep't of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987).

officer, the names of doctors and their employees and the names of plaintiff's associates.  Id.  ¶ 5.

Release of this information could subject these individuals to unnecessary public attention,

criticism, harassment, and possible danger to their lives or physical safety for cooperating in a

law enforcement activity, or for being mentioned in connection with an official criminal

investigation.  Id.  ¶ 7.  See also Congressional News Syndicate v. Dep't of Justice, 438 F. Supp.

538, 541 (D.D.C. 1977) ("an individual whose name surfaces in connection with an investigation

may, without more, become the subject of rumor and innuendo").  Third, plaintiff has presented

no public interest to be counter balanced against the privacy interests at stake.  Bordley ¶ 6.

Notably, the information at issue simply does not meet the basic purpose of FOIA, i.e., to shed

light on an agency's performance of its statutory duties.  See Albuquerque Publishing Co., 726 F.

Supp. at 855-56 (no public interest in disclosure of sensitive information DEA obtained about

individuals and their activities, where such material would not shed light on DEA's conduct with

respect to the investigation).  For these reasons, the USMS properly withheld the names of a

federal law enforcement officer, doctors, doctors' employees and plaintiff's associates pursuant

to Exemption 7(C).

### B.    Plaintiff Failed to Appeal EOUSA's Response to his FOIA Request.[6]

On July 23, 2007, EOUSA received a referral from the Secret Service of documents

responsive to plaintiff's FOIA request.  Boseker Decl.¶ 13.  By letter dated July 13, 2007,

EOUSA notified Mr. Keys that it had processed the referred records, was releasing two pages in

---

[6]Plaintiff has filed two separate FOIA requests with EOUSA – one dated January 16, 2004 (FOIA No. 04-300) and one dated April 5, 2007 (FOIA No. 07-1300).  Boseker Decl. ¶¶ 6-12.  EOUSA provided responses to both of plaintiff's requests, neither of which plaintiff has ever appealed.  Id. ¶¶ 8, 12.

part, and withholding four pages in their entirety pursuant to 5 U.S.C. section 552(b)(3) in

conjunction with Federal Rule of Criminal Procedure 6(e), (b)(5), (b)(7)(C), and the Privacy Act,

5 U.S.C. § 552a(j)(2).  Boseker Decl. ¶ 14.  Plaintiff was informed of his right to appeal this

determination within 60 days to the Office of Information and Privacy ("OIP").  Id.  No appeal

has been filed concerning EOUSA's determination.  Id. ¶

Prior to filing a lawsuit, a FOIA requester is required to fully exhaust his administrative

remedies.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A

FOIA requester is deemed to have failed to exhaust administrative remedies whenever the

requester does not comply with the administrative process set forth under the FOIA, including:

(1) failure to provide the required proof of identity, Summers v. United States Dep't of Justice,

999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being

sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) failure to comply with fee

requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996);

and (4) **failure to administratively appeal a denial of information**, Oglesby v. United States

Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990).  Where a FOIA plaintiff attempts to obtain

judicial review without first properly undertaking full administrative exhaustion, his lawsuit is

subject to immediate dismissal for lack of subject matter jurisdiction.  Id.  Here, plaintiff has

never appealed EOUSA's response concerning his FOIA request.  He has therefore failed to

exhaust his administrative remedies and dismissal is required as it concerns this set of

documents.

20

**_____C.    The FBI and BOP Have Released All of the Referred Information to Plaintiff.**

By letter dated July 18, 2007, the Secret Service referred seven pages to FBIHQ for its review and direct response to plaintiff.  Hardy Decl. ¶ 4.  By letter dated August 10, 2007, FBIHQ provided plaintiff its release determination concerning these pages.  Id. ¶ 5.  Of the seven pages processed, the FBI released six pages in full and one page with a single exemption pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. section 552(j)(2) and FOIA Exemptions 6 and 7(C), 5 U.S.C. sections 552(b)(6) and (b)(7)(C).  Id. ¶ 5; see also Hardy Decl., Ex. B.  Upon further review, FBIHQ determined that the single exemption claimed by the FBI was in fact an alias used by plaintiff and should be released.  Hardy Decl. ¶ 6.  By letter dated June 10, 2008, the FBIHQ released all FBI information to plaintiff.  Id. ¶ 7; see also Hardy Decl., Ex. C.

On July 20, 2007, the BOP received several documents referred from the Secret Service that were found to have originated with the BOP and were being referred for a release determination to be made directly to plaintiff.  Baumgartel Decl. ¶ 3.  This material was catalogued as BOP FOIA Request Number 2007-08236.  Id.  The materials referred to BOP consisted of a letter dated August 12, 2002 from Warden Art F. Beeler to District Judge Ralph W. Nimmons and a July 31, 2002, Forensic Evaluation of plaintiff consisting of seven pages.  Id.  This request was processed and a release determination made on June 24, 2008.  Id.; see also Baumgartel Decl., Ex. 1.[7]  Of the seven pages referred, BOP determined that these "seven pages

_____

[7]The Secret Service referred additional documents to BOP on June 9, 2008.  Baumgartel Decl. ¶ 4.  These records consisted of a December 14, 2001 fax from the United States Pretrial Services agency to the Secret Service, which included plaintiff's PSR and a September 5, 2001 memorandum from United States Probation and Pretrial Services to District Court Judge Catherine C. Blake entitled "Notice of Violation - Warrant Requested."  Id.  Since these documents were not provided by or originate with BOP, BOP could not make a release

of information are releasable to you in their entirety . . . ."  Baumgartel Decl., Ex. 1.

Plaintiff has now been provided with all information that had been referred to the FBI and the BOP and there was no information that was withheld.[8]  Accordingly, there remains no dispute concerning the FBI and BOP documents and summary judgment is warranted.  See NYC Apparel FZE v. United States Customs & Border Protection, 484 F. Supp. 2d 77, 86 (D.D.C. 2007) ("'[A]gency entitled to summary judgment if no material facts are in dispute and if it demonstrates that each document that falls within the class requested has been produced . . . or is wholly[, or partially] exempt [from disclosure].'") (quoting Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001)).

---

determination regarding these documents.  Id.  The Secret Service subsequently referred these documents to the United States Probation and Pretrial Services Agency.  2d Ulmer Decl. ¶ 9.

[8]As it concerns plaintiff's PSR, the BOP has a policy that "expressly and categorically prohibits inmates from possessing or receiving copies of their . . . PSR or the Statement of Reasons ("SOR") portion of their Judgment in a Criminal Case."  Baumgartel Decl. ¶ 5.  This prohibition is addressed by Program Statement 1351.05, Release of Information, section 12(a)(2)(d).  Id.; see also Baumgartel Decl., Ex. 2.  This policy was adopted by the BOP as a safety measure due to the type of information that is often contained in PSRs and SORs of inmates.  Id. ¶ 6.  Prior to adoption of this policy, inmates would often request to see copies of the PSR/SORs of other inmates to determine their assistance to the government, financial resources, or community affiliations.  Id.  Additionally, inmates have been noted as using these documents to establish government informants, gang members, former law enforcement officials or pedophiles.  Id.  All of these affiliations may endanger the life and safety of the inmate should they become known.  Id.  However, despite the prohibition against inmates obtaining and possessing copies of their PSR or SOR, when an inmate makes a FOIA/PA request for these documents, they are afforded access to the records and an opportunity to personally review these documents.  Id. ¶ 7.  Specifically, an inmate may request to review their PSR or SOR simply by submitting a request to their Unit Team.  Id.  They are in turn afforded a reasonable opportunity to review these documents and make any necessary handwritten notes concerning the information.  Id.  Should an inmate require submission of their PSR to a court, the BOP has also implemented procedures to ensure this is accomplished pursuant to an inmate's request.  Id.  The District of Columbia Circuit has clearly held that FOIA does not entitle an inmate to have a copy of his PSR and has affirmed that inmates need only be provided with "a meaningful opportunity" to review their PSRs.  Martinez v. Bureau of Prisons, 444 F.3d 620, 625 (D.C. Cir. 2006).

**D.      The Secret Service has Processed the Documents Originating from the United States Probation and Pretrial Services Agency.**

Based on USPPSA's June 25, 2008 letter to plaintiff in which it informed plaintiff that USPPSA was exempt from the FOIA, the Secret Service determined that it would need to directly respond to plaintiff's FOIA request as it concerned the documents that had been referred to USPPSA.  2d Ulmer Decl. ¶ 10.  Therefore, pursuant to applicable regulations, the Secret Service, after consultation with USPPSA, determined that the four page memorandum to the Court dated September 5, 2001, and the one page facsimile transmittal sheet could be released to plaintiff.  Id.  These documents were released to plaintiff by letter dated July 3, 2008.  Id.; see also Ex. H (Letter dated July 3, 2008).  The name of a Secret Service employee found on the facsimile transmittal sheet has been withheld pursuant to 5 U.S.C. § 552(b)(7)(C) as information in law enforcement records the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  2d Ulmer Decl. ¶ 10.  Plaintiff's PSR was not released as there is a BOP policy that prohibits inmates from possessing or receiving copies of their PSRs.  Id.; see also Baumgartel Decl. ¶ 7.

The Secret Service properly redacted the name of a Secret Service employee found on a facsimile transmittal sheet pursuant to Exemption 7(C).  This information was contained in a law enforcement record.  2d Ulmer Decl. ¶ 10.  In addition, disclosing the name of this employee could unreasonably invade this employee's privacy and is the type of information routinely withheld under Exemption 7(C).  See supra at 18 & n.4.  Notably, the information at issue does not meet the basic purpose of FOIA, i.e., to shed light on an agency's performance of its statutory duties.  See Albuquerque Publishing Co., 726 F. Supp. at 855-56 (no public interest in disclosure

of sensitive information DEA obtained about individuals and their activities, where such material would not shed light on DEA's conduct with respect to the investigation).   Therefore the agency properly redacted the name of a Secret Service employee.

Finally, as it concerns plaintiff's PSR, the Secret Service properly refused to release this document to plaintiff.  The District of Columbia Circuit has clearly held that FOIA does not entitle an inmate to have a copy of his PSR and has affirmed that inmates need only be provided with "a meaningful opportunity" to review their PSRs.  Martinez v. Bureau of Prisons, 444 F.3d 620, 625 (D.C. Cir. 2006).  In this case, the Baumgartel declaration sets forth the applicable BOP policy and explains how plaintiff can view a copy of his PSR at the facility where he is incarcerated.  Baumgartel Decl. ¶ 7.  Therefore, the Secret Service has not wrongfully withheld any documents from plaintiff under the FOIA.

**CONCLUSION**

For the reasons set forth above, defendant is entitled to summary judgment as it concerns the documents that it referred to other agencies that were responsive to plaintiff's FOIA request.


Respectfully submitted,


   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910

24

Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

**COUNSEL FOR DEFENDANT**

Of Counsel:

Andrea Hagen
Attorney
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Brief in Further Support of Its Motion for

Summary Judgment as Ordered by the Court and all supporting materials in support of the

motion, were mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid,

addressed to:


Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590


on this 7th  day of July 2008



_____
                              /s/
                    MICHELLE N. JOHNSON

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DARREN LAMONT KEYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0465 (AK) |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, et al. | ) |
| | ) |
| Defendants. | ) |

<u>SECOND DECLARATION OF CRAIG W. ULMER</u>
<u>SPECIAL AGENT IN CHARGE, CAPITOL HILL</u>
<u>AND INTERAGENCY LIAISON AND</u>
<u>FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,</u>
<u>UNITED STATES SECRET SERVICE</u>

I, Craig Ulmer, hereby make the following declaration:

1.      I am the Special Agent in Charge of the Capitol Hill and Interagency

Liaison and Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret

Service (hereinafter Secret Service), Department of Homeland Security (DHS).  I have been

assigned as the Secret Service FOI/PA Officer since August 6, 2007, and have been employed

with the Secret Service as a Special Agent (GS-1811) since April 28, 1985.

2.      DHS regulations, Title 6, Code of Federal Regulations, Section 5.4, and Appendix

A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as

to whether to grant FOIA requests for Secret Service records (68 FR 4056, 4058, and 4069).

DHS regulations, Title 6, Code of Federal Regulations, Section 5.22, and Appendix A, II(I)(3)

(68 FR 4056, 4065, and 4069) likewise vest authority in the FOI/PA Officer, Secret Service, to

make initial determinations as to whether to grant requests for access to Secret Service records

made under the Privacy Act of 1974, title 5 of the United States Code, section 552a ("Privacy Act").

3.    This declaration is submitted in response to the Court's Order dated May 28, 2008, pertaining to the documents referred by the Secret Service to various other agencies.

4.    As indicated in my first declaration, dated August 13, 2007, some documents found in the files responsive to plaintiff's access request contained information that had originated with other federal agencies.  As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), these documents were referred to the agency or components best able to determine whether this information should be released to plaintiff.  Under 6 C.F.R. § 5.4(c), the originating agency ordinarily is presumed to be the best able to determine whether to disclose the information.  In addition, since the responsive records contain information relating to a law enforcement investigation, under 6 C.F.R. § 5.4(d), the Secret Service is required to refer to the originating agency or component responsible for responding to the request with respect to information originating from that agency or consult with that originating agency.  In this case, the Secret Service determined that the information and documents at issue would be best handled by the originating agencies.  Consequently, documents responsive to plaintiff's access request that contained information originating with other federal agencies were referred to the entity the Secret Service believed originated the information.

5.    By letter dated July 18, 2007, the Secret Service referred responsive material that originated with the United States Marshals Service (Marshals Service) to that entity for direct response to the plaintiff.  A copy of this letter is attached as Exhibit A.  On August 2, 2007, the Marshals Service advised the Secret Service that by letter dated July 23, 2007 they had responded

2

to plaintiff with regard to the responsive documents referred to that entity. A copy of this letter, with enclosure, is attached as Exhibit B.

6.      As outlined in my first declaration, by letter dated July 18, 2007, the Secret Service referred responsive material that originated with the Executive Office of United States Attorney (EOUSA) to that agency for direct response to plaintiff. By letter dated July 31, 2007, EOUSA provided the Secret Service with a copy of its response to plaintiff with regard to responsive documents referred to EOUSA. A copy of this letter, with enclosure, is attached as Exhibit C.

7.      As outlined in my first declaration, by letter dated July 18, 2007, the Secret Service referred responsive material that originated with the Federal Bureau of Investigation (FBI) to that agency for direct response to plaintiff. By letter dated August 10, 2007, the FBI responded to plaintiff with regard to responsive documents referred to the FBI. A copy of a facsimile, dated June 9, 2008 providing the Secret Service with this enclosure is attached as Exhibit D.

8.      As outlined in my first declaration, by letter dated July 18, 2007, the Secret Service referred ten pages of responsive material that originated with the Federal Bureau of Prisons (BOP) to that agency for direct response to plaintiff. By facsimile on June 26, 2008, BOP provided the Secret Service with a signed copy of its response to plaintiff, dated June 24, 2008, regarding seven pages of the responsive material referred to BOP. A copy of this letter, without enclosures, is attached as Exhibit E. By facsimile on June 26, 2008, BOP provided the Secret Service with a copy of its response, dated that same date, to plaintiff regarding the remaining three pages containing responsive material referred to BOP. A copy of this letter,

3

without enclosures, is attached as Exhibit F.

9.      As outlined in my first declaration, by letter dated July 18, 2007, the Secret Service referred responsive material that we believed to have originated with the Court Services and Offender Supervision Agency to that agency for direct response to the plaintiff. This material consisted of a four page memorandum to the court dated September 4, 2001, an 11 page Pretrial Sentencing Report (PSR) and a one page fax transmittal page for a total of 16 pages. The Court Service and Offender Supervision Agency returned this material to the Secret Service on June 4, 2008, and informed the Secret Service that this material did not originate with the Court Services and Offender Supervision Agency. This material was subsequently referred to BOP on June 9, 2008. The Secret Service was informed on June 23, 2008, by BOP that these documents were not BOP documents and that BOP was not the proper entity to address these documents. Consequently, by e-mail dated June 23, 2008, the Secret Service referred these documents to the United States Probation and Pretrial Services Agency ("USPPSA"). USPPSA has provided with the Secret Service with a copy of its June 25, 2008, response to plaintiff regarding this documents in which it explains that USPPSA is not subject to the FOIA . A copy of this letter is attached as Exhibit G.

10.     Based on USPPSA's June 25, 2008, letter to the plaintiff, the Secret Service determined it would need to directly respond to plaintiff's FOIA request as it concerned these documents. Therefore, pursuant to applicable regulations, the Secret Service, after consultation with USPPSA, determined that the four page memorandum to the Court dated September 5, 2001, and the one page facsimile transmittal sheet referenced in paragraph 9 above, could be released to plaintiff. These documents were released to plaintiff by letter dated July 3, 2008. A

4

copy of this letter, with enclosures, is attached as Exhibit H.  The name of a Secret Service employee found on the facsimile transmittal sheet has been withheld pursuant to Title 5, United States Code, section 552(b)(7)(C), as information in law enforcement records the disclosure of which could reasonably be expected to constitute and unwarranted invasion of personal privacy. The Secret Service did not release with this letter the 11 page PSR because BOP and the USPPSA informed the Secret Service of BOP's strict policy that inmates not receive copies of their PSR.

I declare under penalty of perjury that the foregoing is true and correct.

July 7, 2008
_____
Date

Craig W. Ulmer
Special Agent in Charge,
Liaison Division, Office of Government and
Public Affairs and Privacy Acts Officer
United States Secret Service

# EXHIBIT A



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

U.S. Marshals Service                                    JUL 1 8 2007
Edward Bordley, Associate General Counsel
Office of General Counsel
CS-3, 12th Floor
Washington, D.C. 20530-1000

Requester:      Darren Keys

File Number:    20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service
(USSS) has located the following:

☐       Documents which originated within your agency that are being referred to you for review and direct response
to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend
our files. We will advise the requester that your agency will respond directly regarding this matter.

☐       Documents which originated within your agency that are being referred to you for review and direct response
to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend
our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the
documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted
information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy
Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐       USSS documents which contain information that originated within your agency. Please review this information
[bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed.
Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the
requester.

☒       USSS documents which contain information that originated within your agency. Please process this
information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents
have been processed and may be released by your agency. The requester has been provided a duplicate of these
documents excluding the information which originated within your agency. In addition, the requester has been provided
appeal rights for any USSS exemptions claimed.

☒       Please furnish us a copy of your final response to the requester regarding these documents.

☐       Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838.
Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)


EXHIBIT
A

# EXHIBIT B

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

July 23, 2007

MEMORANDUM

TO:                    Peter Schulara, Acting Special Agent in Charge
                       Freedom of Information and Privacy Act Branch
                       245 Murray Drive, Building 410
                       Department of Homeland Security
                       U. S. Secret Service
                       Washington, DC 20223

FROM:                  William E. Bordley
                       Associate General Counsel/FOIPA Officer
                       Office of General Counsel

SUBJECT:               **Requester: Darren Keys**
                       **Your File Number 20030615**

      Your agency recently referred documents to the U. S. Marshals Service with regard to the above Freedom of information/Privacy Act request.

      Attached for you information is a copy of our response to the requester.

      Should you have any questions with regards to this disclosure, please contact Nancy Robinson at (202) 307-9071.

PRIVACY ACTS OFFICER
FREEDOM OF INFORMATION

2007 AUG -2 P 4:49

U.S. SECRET SERVICE
RECEIVED



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

July 23, 2007

Darren Lamont Keys
33000-037
Federal Correctional Institution
PO Box 1000
Loretto, PA  15940-1000

> **Re:  Freedom of Information/Privacy Act Request No. 2007USMS10769**
> **Subject of Request:  Self**

Dear Requester:

The United States Marshals Service is responding to your request for records in this agency's files pertaining to the above subject.

Pursuant to your request, [] the Marshals Service conducted a search of its files and located documents which are responsive, or [X] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you.  The paragraphs checked below apply:

[] All documents located or [] all documents referred from another agency are being released to you without deletions.

[X] Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a.  The U. S. Secret Service (USSS) has applied exemptions b2, 7(C) and 7(F) to withhold their information.  If you are dissatisfied with the U. S. Secret Service's action on this request, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223.  If you do decide to file an administrative appeal, please explain the basis of your appeal.  Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[] Our search located document(s) which originated with or contain(s) information which originated with (an)other component (s) of the Department of Justice or with (an)other government agency(ies).

> [] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

[] Records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

[] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this (partial) denial by writing to the Director, Office of Information and Privacy, Office of Information and Privacy, Suite 11050, 1425 New York Avenue, N.W., Department of Justice, Washington, D.C. 20530-0001, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,

William E. Bordley
Associate General
Counsel/FOIPA Officer
Office of General Counsel

Enclosures
Number of Documents Located or referred from another agency:          6
Number of Documents Released:          6
Number of Documents Referred to another agency:          ___
Number of Documents Withheld:          ___

Freedom of Information Act          Privacy Act
5 U.S.C. § 552          5 U.S.C. § 552a

Exemptions cited

[] (b)(1)   [X] (b)(2)   [] (b)(3)   [] (d)(5)   [] (j)(2)
[] (b)(4)   [] (b)(5)   [] (b)(6)   [] (k)(1)   [] (k)(2)
[] (b)(7)(A)   [] (b)(7)(B)          [] (k)(5)   [] (k)(6)
[X] (b)(7)(C)   [] (b)(7)(D)
[X] (b)(7)(E)   [X] (b)(7)(F)

Description of Information Withheld:

[] Administrative marking(s)
[] Names of and/or information on government employees
[X] Names of and/or information pertaining to third-party individual(s)
[] Confidential source information
[] Other: Techniques

# EXHIBIT C

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

2003 0615

JUL 3 1 2007

REFERRAL AGENCY: Dept of Homeland Security/U.S. Secret Service

FOIA/PA CONTACT: Peter Schuria

REFERRAL AGENCY Request No.: 2002-30615

EOUSA Request No.: 07-2311-R

Requester: Darren Keys

Subject: Self / Middle District of Florida

Dear Mr. Schuria:

     This office received a referral from your office on July 23, 2007

     Attached, for your information, is a copy of our final response to the above requester who sought records from your agency.

Sincerely,

William G. Stewart II
Assistant Director

FOIA/PA Unit Analyst: Patricia Ray (202) 514-0402

Attachment(s)

Form No. 045 - 11/02


EXHIBIT
C

U.S. Department of Justice
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: Darren Keys   Request Number: 07-2311-R

Government Component that referred material: U. S. Secret Service/Dept of Homeland Security

Dear Requester:

This is in reply to your Freedom of Information Act/Privacy Act request of July 22, 2003. Records were referred to us by the government component above for direct response to you.

The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access. Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information. The exemptions cited are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ X ] (j)(2) |
| [  ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [  ] (k)(2) |
| [ X ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| Rule 6(e) FRCP | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

We have reviewed approximately 120 page(s) of material:

___ page(s) are being released in full (RIF);

2 page(s) are being released in part (RIP);

4 page(s) are withheld in full (WIF) and ~~page(s) are non-responsive~~

The remaining pages are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

Form No. 024 - 2/06

# EXHIBIT D

**FD-448**
Revised
10-27-2004

### FEDERAL BUREAU OF INVESTIGATION
# FACSIMILE COVER SHEET

| PRECEDENCE | | |
|---|---|---|
| ○ Immediate | ○ Priority | ◉ Routine |

| CLASSIFICATION | | | | |
|---|---|---|---|---|
| ○ Top Secret | ○ Secret | ○ Confidential | ○ Sensitive | ◉ Unclassified |

### TO

| Name of Office: **United States Secret Service** | Facsimile Number: **202-406-5154** | Date: **06/09/2008** |
|---|---|---|
| Attn: **Arnetta James** | Room: | Telephone Number: **202-406-9148** |

### FROM

| Name of Office: **FBIHQ** | | Number of Pages: (including cover) **2** |
|---|---|---|
| Originator's Name: **Peggy L. Bellando** | Originator's Telephone Number: **202-324-4780** | Originator's Facsimile Number: **202-324-3409** |
| Approved: | | |

### DETAILS

Subject:
**Darren Lamont Keys**

Special Handling Instructions:

Brief Description of Communication Faxed:
**Disclosure letter dated August 10, 2007**

### WARNING

Information attached to the cover sheet is U.S. Government Property. If you are not the intended recipient of this information disclosure, reproduction, distribution, or use of this information is prohibited (18.USC. § 641). Please notify the originator or local FBI Office immediately to arrange for proper disposition.



EXHIBIT
D

# EXHIBIT E



**U.S. Department of Justice**

Federal Bureau of Prisons

JUN 2 4 2008                         *Washington, DC 20534*

Darren Keys                          For Further Inquiry Contact:
Register Number 33000-037            Federal Bureau of Prisons
FCI Williamsburg                     320 First Street. N.W.
P.O. Box 340                         Room 841, HOLC Building
Salters, Sc 29590                    Washington, D.C. 20534
                                     Attn: FOI/Privacy Office

RE:  Request for Information, FOIA Request No. 2007-08236
     USSS File Number 20030615

Dear Mr. Keys:

     Pursuant to your Freedom of Information Act (FOIA) request
to the United States Secrete Service (USSS), seven pages of
information which originated with the Bureau of Prisons (BOP)
have been referred to this agency for processing and direct
response to you.  A subsequent referral of records to the BOP was
made on June 9, 2008, which included your Presentence
Investigative Report (PSR).

     After a careful review, it has been determined that seven
pages of information are releasable to you in their entirety and
are enclosed herein.  This includes an August 12, 2002 letter
from Warden A. F. Beeler to District Judge Ralph W. Nimmons and a
Forensic Evaluation concerning yourself dated July 31, 2002.

     In regard to the referral of your PSR, the BOP has a policy
which expressly and categorically prohibits inmates from
possessing or receiving copies of their PSR, while incarcerated.
This prohibition is addressed by Program Statement 1351.05,
_Release of Information,_ §12(a)(2)(d).  However, the Bureau does
provide inmates access to this document which is maintained in
their Central File.  Please make the appropriate arrangements to
personally review this document through your Unit Team.  The Unit
team will afford you a reasonable opportunity to review your PSR
and make any necessary notes.



**EXHIBIT**

E



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 10, 2007

Mr. Darren Lamont Keys
***33000-037
Federal Corrections Institution Williamsburg
Post Office Box 340
Salters, SC 29590

Request No.: 1086042-000
Subject: Self

Dear Mr. Keys:

While processing your Freedom of Information-Privacy Acts (FOIPA) request, the Department of Homeland Security, United States Secret Service located FBI information in their records. This material was referred to the FBI for direct response to you.

Enclosed are copies of the referred material. Deletions have been made pursuant to Title 5, United States Code, Section(s) 552/552a as noted below. See the enclosed form for an explanation of these exemptions.

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

7 page(s) were reviewed and 7 page(s) are being released.

You may appeal any denials by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

Enclosure(s)

# EXHIBIT F



**U.S. Department of Justice**

Federal Bureau of Prisons

_____

**JUN 2 6 2008**

*Washington, DC 20534*

Darren Keys
Register Number 33000-037
FCI Williamsburg
P.O. Box 340
Salters, Sc 29590

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 841, HOLC Building
Washington, D.C. 20534
Attn: FOI/Privacy Office

RE:   Request for Information, FOIA Request No. 2007-08236
      USSS File Number 20030615

Dear Mr. Keys:

     Pursuant to your Freedom of Information Act (FOIA) request
to the United States Secrete Service (USSS), three additional
pages which originated with the USSS were referred for review and
direct release by the BOP. These documents contain information
concerning your forensic evaluation and incarceration with the
BOP.

     Upon review of these documents it has been determined to
release these documents to you. These records are being released
in the format as they were received; no redactions of these
records have been made by the BOP.

     We trust this information is of assistance to you. If you
have any questions or concerns please contact Wm E. Baumgartel,
Paralegal Specialist.

                       Sincerely,

                       Wanda M. Hunt
                       Chief, FOIA/PA Section

Enclosures: 3 pages
cc:  File



**EXHIBIT**

F

We trust this information is of assistance to you.  If you
have any questions or concerns please contact Wm E. Baumgartel,
Paralegal Specialist.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

Enclosures: 7 pages
cc:  File

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
# PROBATION & PRETRIAL SERVICES OFFICE

WILLIAM F. HENRY
CHIEF

**PROBATION OFFICES**

230 W. PRATT STREET
SUITE 400
BALTIMORE, MD 21201
410-962-4740

9240 EDMONSTON ROAD
SUITE 200
GREENBELT, MD 20770
301-344-8910

**PRETRIAL OFFICES**

101 W. LOMBARD STREET
SUITE 1625
BALTIMORE, MD 21201
410-962-4528

6500 CHERRYWOOD LANE
SUITE 130
GREENBELT, MD 20770
301-344-4575

June 25, 2008

Darren Lamont Keys
Register Number 33000-037
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

**RE:    Your Request to the U.S. Secret Service Dated July 22, 2003**

Dear Mr. Keys:

Our office was recently contacted by the U.S. Secret Service regarding your request for all information contained in their files pursuant to the Freedom of Information and Privacy Acts. Since two of the documents contained in their file originated from our office, we were contacted regarding their release. One of the documents is your Presentence Report and the other is a memo to the court regarding your violations of supervision.

The courts are excluded from the Freedom of Information and Privacy Acts. Thus, we will not be sending you these documents. Also, the Bureau of Prisons' policy prohibits inmates from possessing or receiving copies of their Presentence Report while in custody. However, inmates are able to review their Presentence Report as a copy is maintained in the institution.

If you have any questions, please contact me at the below address or at 410-962-4969.

Sincerely,

Karen Sellinger
Deputy Chief U.S. Probation Officer

cc:    William Henry, Chief U.S. Probation Officer
Arnetta James, Assistant Disclosure Office, U.S. Secret Office

EXHIBIT
G

# EXHIBIT H



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
Communications Center
245 Murray Lane, S.W.
Building T-5
Washington, D.C. 20223

JUL −3 2008

Darren Keys, #33000-037
F.C.I. Williamsburg
P. O. Box 340
Salters, SC 29590

File Number: 20030615

Dear Mr. Keys:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service on June 30, 2003, for information pertaining to yourself.

Please be advised that this is a supplemental response to your request.

The Secret Service originally referred 16 pages of responsive documents to the U. S. Probation and Pretrial Services. It has now been determined that five pages of these documents can be released to you.

The name of a Secret Service employee found in one page of the enclosed documents is being withheld pursuant to Title 5, United States Code, Section 552b(7)(C), as information in law enforcement records the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

With respect to the additional 11 pages, the Pretrial Services Report (PSR), this material is not being released to you since Bureau of Prisons (BOP) policy expressly and categorically prohibits inmates from possessing or receiving copies of their PSR.

Sincerely,

Craig W. Ulmer
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

Enclosure: FOIA and Privacy Act Exemption List



**EXHIBIT**

H

BCC:  Chron File (177.060/177.070)
      Subject File

CULMER  7/3/2008

# U.S. DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### PRETRIAL SERVICES OFFICE
### JACKSONVILLE DIVISION

## FACSIMILE DOCUMENT TRANSMISSION FORM

NUMBER OF PAGES TRANSMITTED, INCLUDING COVER SHEET: *16*



TO: (_____) U.S. Secret Service  *per (USSS)*
        Jacksonville Division        *b7c*

FAX #: (904) 296-0188

FROM:    **U.S. PRETRIAL SERVICES**
         311 W MONROE ST RM 301A
         P.O. BOX 4399
         JACKSONVILLE FL 32202-4242
    TEL    904-232-3545 ext. 27
           1-800-786-0182
    FAX    904-232-3963

DOCUMENT DESCRIPTION:    PSI ON DARREN LAMONT KEYS.

Message:    Thank you.

DATE:    December 14, 2001    BY: Patrick Sheridan, USPSO

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the above address via the United States Postal Service.

### U.S. Probation and Pretrial Services
# MEMORANDUM

**DATE:** September 5, 2001

**TO:** The Honorable Catherine C. Blake
United States District Judge

**FROM:** W. Scott Smith
U.S. Probation Officer

**RE:** KEYS, Darren L.
Docket No.: 1:98CR00144
Exp. Date: 12/22/2002

**SUBJ:** Notice of Violation - Warrant Requested

**Sentencing Information:**

On October 1, 1998, Darren L. Keys appeared before Your Honor for sentencing subsequent to conviction for the offense of Fraudulent Use of Unauthorized Access Devices. He was sentenced to the Custody of the Attorney General for a period of 27 months, with 3 year(s) Supervised Release to follow, with the following special conditions imposed: 1) The defendant is instructed to pay a Special Assessment in the amount of $100; 2) The defendant is instructed to pay restitution in the amount of $264,781.42; 3) The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer; and 4) The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

Supervision began on December 23, 1999.

**Subsequent Court Action:**

On June 14, 2000, a status report was sent to Your Honor outlining noncompliant behavior, including positive urine samples and missed counseling sessions. The Court agreed with the U.S. Probation Officer to share employment information with pertinent law enforcement agencies.

On August 1, 2000, a status report was sent to Your Honor outlining noncompliant behavior, including failure to pay restitution. The Court agreed with the U.S. Probation Officer's request to allow the defendant to complete a six to twelve month drug treatment program and restructure the defendant's payment plan if necessary.

RIF

06/04/2008 10:34 FAX                                                                    022/024

Case 1:07-cv-00465-AK    Document 37-2    Filed 07/07/2008    Page 30 of 32
12/14/01  FRI 16:51 FAX 904 232 3963          US PRETRIAL SVC                            011
09/07/01  FRI 11:08 FAX                                                                  003

KEYS, Darren L.
Violation Report
Page 2

## Adjustment to Supervision/Violations Alleged:

The defendant's adjustment to supervision has been poor. Last year, the defendant submitted several urine samples which tested positive for cocaine, he failed to pay restitution as required and he failed to attend mental health and drug counseling sessions on a regular basis. The defendant was permitted to attend a six to twelve month drug program in Philadelphia under the condition that he contact his USPO biweekly, mail in monthly reports and complete the program. The defendant failed to submit to random urine tests and he failed to attend drug and mental health counseling sessions as required by the program. The defendant failed to complete the Stop and Surrender Drug Program and he absconded from supervision. He travelled out of state without permission and was recently arrested by the U.S. Secret Service and charged with Identity Fraud (see attached Indictment).

Based on the above, this officer alleges the following violations of supervision:

1.    The defendant is in violation of Standard Condition #1 which states that the defendant shall not leave the judicial district without permission the probation officer. On or about August 30, 2001, the U.S. Probation Office was notified by the Secret Service that the defendant was arrested by them, in Jacksonville, Florida. The defendant was not given permission to be in Florida.

2.    The defendant is in violation of Standard Condition #2 which states that the defendant shall submit a truthful and complete written report within the first five days of each month. The defendant stated on each and every monthly report that he did not miss any counseling sessions, lived in Philadelphia and did not have any contact with any person with a criminal record. Records at the drug program show that the defendant did miss numerous counseling sessions. The Secret Service indicates that the defendant has been in Florida at least since early June 2001. The Secret Service indicates that the defendant acted in concert with Anthony Jones, a convicted felon.

3.    The defendant is in violation of Standard Condition #6 which states that the defendant shall notify the probation officer ten days prior to any change of residence or employment. Information from the U.S. Secret Service indicates that the defendant was living in Jacksonville, Florida at least since June 2001. The defendant did not request or receive permission to move from 3123 13th Street, Philadelphia, PA 19133.

4.    The defendant is in violation of Standard Condition #8 which states the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered. The defendant tested positive for cocaine on April 12, 2000, May 24, 2000, May 30, 2000, June 12, 2000 and June 20, 2000.

RIF

KEYS, Darren L.
Violation Report
Page 3

5. The defendant is in violation of Standard Condition #9 which states that the defendant shall not associate with persons engaged in criminal activity, and shall not associate with a felon unless granted permission by the probation officer. The defendant engaged in new criminal activity with Anthony Johnson, a convicted felon. Mr. Johnson is under federal supervision with the District of Delaware.

6. Standard Condition #14 which states that the defendant shall, as directed by the probation office, notify third parties of any risk that may be occasioned by criminal record or personal history, and shall permit the probation officer to confirm compliance. The U.S. Secret Service indicates that the defendant obtained employment with the Hyatt Hotel in Philadelphia, whereupon he committed fraud. The defendant is aware that any employment in which he has access to people's personal information is forbidden, unless the employer is aware of the defendant's criminal history and grants the defendant permission to work for them. Furthermore, the defendant stated that he was unemployed while attending Stop and Surrender Drug Program, Philadelphia, PA.

7. The Special Condition which states the defendant is instructed to pay restitution in the amount of $264,781.42, at a rate of $100 per month. To date, the defendant has paid $275, leaving an arrearage of $1,625,

8. The Special Condition which states the defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. The defendant was originally ordered to attend outpatient mental health and drug treatment at the University of Maryland; however, he missed at least ten counseling sessions. The defendant was ordered to complete the Stop and Surrender Drug Program, Philadelphia, PA; however, he failed to do so.

9. The Special Condition which states the defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. The defendant failed to take prescribed psychotropic medication while under supervision. The defendant failed to follow up on mental health treatment at the Stop and Surrender Drug Program, Philadelphia, PA.

10. The Statutory Condition which states the defendant shall not commit any federal, state, or local crime. On or about August 15, 2001, the defendant was arrested by the U.S. Secret Service and charged with Count One, Conspiracy to Defraud the United States, in violation of Title 18 U.S.C. § 371 and Counts Two and Three, Fraud and Related Activity in Connection with Identification Documents and Information, in violation of Title 18 U.S.C. §§ 1028(a)(7) & 2 (see attached Indictment).

RIF

**KEYS, Darren L.**
**Violation Report**
**Page 4**

**Recommendation:**

Based on the violations stated above, this officer respectfully recommends a warrant be issued for the arrest of Darren L. Keys for alleged violations of supervised release.

I have attached a Form 12 for the Court to execute, should Your Honor concur.

Should Your Honor have any questions or concerns, this officer is available at (410) 962-3659.

Mr. Keys's last known address is 3619 Loch Raven Blvd, Baltimore, MD 21218. Presently, he is incarcerated in the Duvall County Jail, 500 E. Adams St., Jacksonville, FL.

Mr. Keys was represented at sentencing by Gary W. Christopher, Office of the Federal Public Defender, Tower II, Suite 1100, 100 South Charles Street, Baltimore, MD 21201-2705.

The Government was represented at sentencing by Harvey Ellis Eisenberg, 6625 United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201.

Attachments: Probation Form 12
                Indictment

RIF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darren Lamont Keys, )<br><br>Plaintiff, )<br><br>v. )<br><br>DEPARTMENT OF HOMELAND SECURITY, et al, )<br><br>Defendant. )<br>) | Case No: 07-00465 |

## DECLARATION

I, William E. Bordley, hereby make the following Declaration under penalty of perjury pursuant to

28 U.S.C. § 1746.

1. I am an Associate General Counsel and the Freedom of Information/Privacy

Act (FOI/PA) Officer of the United States Marshals Service (USMS), assigned to the Headquarters,

Office of General Counsel, in Arlington, Virginia. I am experienced with the procedures for

responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and

the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the

USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all

FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS

policy.

2. On July 20, 2007, the USMS received from the Department of Homeland Security, United

States Secret Service (USSS), six pages of information consisting of a one-page USSS report,

undated, and a five-page psychological evaluation addressed to U. S. Magistrate Judge Howard

Snyder, dated September 24, 2001, which was located by the USSS during its processing of

plaintiff's Freedom of Information Act request to that agency. The USSS report contained

information provided to the USSS by the USMS and the psychological evaluation was conducted

in the USMS office in Jacksonville, Florida per the order of Judge Snyder. These documents were

referred to the USMS for disclosure determination and direct response to plaintiff in accordance

with 28 C.F.R. § 16.4(c). (See Exhibit A)

   3.  By letter dated July 23, 2007, the USMS released the six pages of documents to

plaintiff with limited information redacted and withheld pursuant to exemption 7(C) of the

Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(C). The USMS asserted exemption 7(C)

to withhold only the name of a federal law enforcement officer, the names of doctors, doctor's

employees, and third-party individuals associated with the plaintiff. These redactions were

applied to four pages of a five page letter prepared by the psychologist. No redactions were taken

by the USMS on the fifth page of the letter or the one page USSS reports  No other information

was withheld and the USMS released all reasonably segregable information to plaintiff. (See

Exhibit B)

   4.  The six pages of documents referred by USSS are records maintained by the

USMS in the Prisoner Processing and Population Management/Prisoner Tracking System

(PPM/PTS), JUSTICE/USM-005 system of record. Records maintained in this system are

compiled for law enforcement purposes in connection with the USMS receipt, processing,

transportation and custody of prisoners. See Rule 4, Fed. R. Cr. Procedure,

18 U.S.C. § 4086, 28 U.S.C. § 566, and 28 C.F.R. § 0.111(j) and (k). As such, this system of

records is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2).

See 28 C.F.R. § 16.101(a),(q). Therefore, the six pages of documents referred to the USMS by

USSS in connection with plaintiff's request were processed pursuant to the FOIA, 5 U.S.C. § 552.

   5.  Exemption 7(C) allows an agency to withhold records or information compiled

for law enforcement purposes to the extent that the production of such records or information

could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C.

Section 552(b). This exemption was applied to withhold only the name of a federal law enforcement officer, the names of doctors, doctors employees, and the names of plaintiff's associates from four of the pages released to plaintiff by the USMS.

6.     Plaintiff presented no public interest to warrant disclosing the identities of federal law enforcement officers with whom he may or may not have come into contact while in USMS custody, and the USMS could discern no legitimate public interest that would be served by disclosing this information. To the contrary, the release of the identities of law enforcement personnel could subject these individuals to unwarranted public attention, harassment, and annoyance, and would thereby impair the effectiveness of these employees in carrying out their official duties. Therefore, the public interest weighs in favor of non-disclosure to foster the privacy and the efficient performance of official duties regarding the receipt, processing, transportation and custody of prisoners. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. Section 552(b)(7)(C).

7.     Similarly, release of the names of doctors, employees of doctors and associates of the plaintiff could expose these individuals to unnecessary public attention, criticism, harassment, and possible danger to life or physical safety for cooperating in a law enforcement activity, or for being mentioned in connection with an official criminal investigation. Further, plaintiff provides no indication as to how disclosure of such information would meet the basic purpose of the FOIA, i.e., to shed light on an agency's performance of its statutory duties, nor can the USMS discern any public interest in disclosure which would outweigh the privacy of these individuals. Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, could reasonably be expected to constitute an unwarranted invasion of personal privacy since no legitimate public interest would be served by disclosure. 5 U.S.C. § 552(b)(7)(C).

8.    In summary, the six pages of documents referred by USSS to the USMS for

disclosure determination were released to plaintiff, as described above, with limited information

deleted pursuant to exemption 7(C).  All non-exempt portions of the responsive documents have

been segregated and released to plaintiff.

I declare under penalty of perjury pursuant to 28 U.S.C, Section 1746, that the foregoing

is true and correct to the best of my information and belief.

_____

WILLIAM E. BORDLEY

Dated:  June 13, 2008

4

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Scharla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

U.S. Marshals Service
Edward Bordley, Associate General Counsel
Office of General Counsel                                   JUL 18 2007
CS-3, 12th Floor
Washington, D.C. 20530-1000

Requester:     Darren Keys

File Number:   20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service
(USSS) has located the following:

☐       Documents which originated within your agency that are being referred to you for review and direct response
to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend
our files. We will advise the requester that your agency will respond directly regarding this matter.

☐       Documents which originated within your agency that are being referred to you for review and direct response
to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend
our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the
documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted
information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy
Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐       USSS documents which contain information that originated within your agency. Please review this information
[bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed.
Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the
requester.

☒       USSS documents which contain information that originated within your agency. Please process this
information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents
have been processed and may be released by your agency. The requester has been provided a duplicate of these
documents excluding the information which originated within your agency. In addition, the requester has been provided
appeal rights for any USSS exemptions claimed.

☒       Please furnish us a copy of your final response to the requester regarding these documents.

☐       Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838.
Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

Exhibit A



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Darren Keys - #33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

File Number: 20030615

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service on June 30, 2003, for information pertaining to yourself.

Enclosed are copies of documents from Secret Service records. The referenced material was considered under both the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, approximately 279 page(s) were withheld in their entirety. An enclosure to this letter explains the exemptions in more detail.

☒ If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

☐ (b) (1)     ☒ (b) (2)     ☐ (b) (3) Statute:
☐ (b) (4)     ☐ (b) (5)     ☐ (b) (6)          ☐ (b) (7) (A)     ☐ (b) (7) (B)
☒ (b) (7) (C)     ☐ (b) (7) (D)     ☒ (b) (7) (E)     ☐ (b) (7) (F)     ☐ (b) (8)

### Section 552a (Privacy Act)

☐ (d) (5)     ☒ (j) (2)     ☐ (k) (1)     ☒ (k) (2)     ☐ (k) (3)     ☐ (k) (5)     ☐ (k) (6)

The following checked item(s) also apply to your request:

☒ Some documents originated with another government agency(s). These documents were referred to that agency(s) for review and direct response to you.

☐          page(s) of documents in our files contain information furnished to the Secret Service by another government agency(s). You will be advised directly by the Secret Service regarding the releasability of this information following our consultation with the other agency(s).

☐ Other:          .

☐ Fees:

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Peter Schurla
Acting Special Agent In Charge
Acting Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List
BCC:     Official File (177.060/177.070)
              Chron. File
              Subject File
              EOUSA
              FBI
              FBOP
              US PRETRIAL
              USMS

PSchurla/ 6/20/2007

DOCUMENT2



**U.S. Department of Justice**

**United States Marshals Service**

*Office of General Counsel*

*Washington, DC 20530-1000*

July 23, 2007

Darren Lamont Keys
33000-037
Federal Correctional Institution
PO Box 1000
Loretto, PA  15940-1000

 Re:  **Freedom of Information/Privacy Act Request No. 2007USMS10769**
 **Subject of Request:  Self**

Dear Requester:

  The United States Marshals Service is responding to your request for records in this agency's files pertaining to the above subject.

  Pursuant to your request, [] the Marshals Service conducted a search of its files and located documents which are responsive, or [X] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you.  The paragraphs checked below apply:

[] All documents located or [] all documents referred from another agency are being released to you without deletions.

[X] Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. The U. S. Secret Service (USSS) has applied exemptions b2, 7(C) and 7(F) to withhold their information. If you are dissatisfied with the U. S. Secret Service's action on this request, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, DC  20223.  If you do decide to file an administrative appeal, please explain the basis of your appeal.  Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[] Our search located document(s) which originated with or contain(s) information which originated with (an)other component (s) of the Department of Justice or with (an)other government agency(ies).

 [] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

*Exhibit B*

[] Records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

[] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemption(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this (partial) denial by writing to the Director, Office of Information and Privacy, Office of Information and Privacy, Suite 11050, 1425 New York Avenue, N.W., Department of Justice, Washington, D.C. 20530-0001, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,

William E. Bordley
Associate General
Counsel/FOIPA Officer
Office of General Counsel

Enclosures
Number of Documents Located or referred from another agency:      6
Number of Documents Released:                                     6
Number of Documents Referred to another agency:                  ___
Number of Documents Withheld:                                    ___

| Freedom of Information Act | Privacy Act |
|---|---|
| 5 U.S.C. § 552 | 5 U.S.C. § 552a |

Exemptions cited

[] (b)(1)  [X] (b)(2)  [] (b)(3)  [] (d)(5)  [] (j)(2)
[] (b)(4)  [] (b)(5)  [] (b)(6)  [] (k)(1)  [] (k)(2)
[] (b)(7)(A)  [] (b)(7)(B)      [] (k)(5)  [] (k)(6)
[X] (b)(7)(C)  [] (b)(7)(D)
[X] (b)(7)(E)  [X] (b)(7)(F)

Description of Information
Withheld:

[] Administrative marking(s)
[] Names of and/or information on government employees
[X] Names of and/or information pertaining to third-party individual(s)
[] Confidential source information
[] Other: Techniques

## FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are—

(b)(1)  specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2)  related solely to the internal rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by another statute;

(b)(4)  privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5)  predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and  contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6)  personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and , in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

### PRIVACY ACT
### 5 U.S.C. § 552a

(d)(5)  Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

Further, an agency may exempt from the access provisions and other provisions of the Privacy Act:
(j)(2)  Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1)  Material specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2)  Material compiled during civil investigations for law enforcement purposes;

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    Civ. No. 07-465 (AK)
                                   )
UNITED STATES DEPARTMENT OF        )    Consolidated from Civ. No. 08-726 (ESH)
HOMELAND SECURITY, et al.,         )
                                   )
            Defendants.            )
_____    )

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)      I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ").  I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2)      Due to the nature of my official duties, I am personally familiar with the FOIA/PA

request(s) made to EOUSA by Mr. Keys, and a referral of records from the U.S. Secret Service

("USSC") which forms the basis for this litigation.  By way of prefacing all that is below, there

are three separate files involved, three separate determinations, and no administrative appeals of

any of those determinations prior to commencing the above-referenced action.

3)      My official duties include: having the authority to make final disclosure

determinations on records requested by an individual using the FOIA/PA, to assure compliance

with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et

seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)    My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)    The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

### FOIA No. 04-300

6)    On January 29, 2004, EOUSA received a letter dated January 16, 2004, from Mr. Keys for records pertaining to himself. **Exhibit A attached.**

7)    By letter dated February 11, 2004, EOUSA notified Mr. Keys of the deficiency in his request, the need to provide EOUSA with the particular location within the U.S. Attorney's offices throughout the country, that he wished to have searched, until which time, he was not deemed to have a valid request. He was provided with notice of his right to appeal this determination within 60 days to the Office of Information and Privacy ("OIP"). **Exhibit B attached.**

8)    Mr. Keys neither provided this office with the location to be searched, nor appealed the determination to OIP prior to commencing this action.

**FOIA No. 07-1300**

9)    On April 19, 2008, EOUSA received a letter dated April 5, 2007 from Mr. Keys, in which he requested specific information (i.e., Oath of office, bond information) on an Assistant United States Attorney, Kathleen O'Malley, U.S. Attorney's Office for the Middle District of Florida, and a list of all attorneys in that office. **Exhibit C attached.**

10)    By letter dated May 11, 2007, EOUSA notified Mr. Keys that it had received his request, assigned it the above FOIA file number, and was proceeding to search for the requested records. **Exhibit D attached.**

11)    On June 21, 2007, EOUSA notified Mr. Keys that it was providing him with a full release of records (two pages) located as a result of the aforesaid search. Mr. Keys was provided with his right to appeal this determination within 60 days to the OIP. **Exhibit E attached.**

12)    No appeal has been filed of this EOUSA determination prior to Mr. Keys commencing the above-captioned action.

**FOIA No. 07-2311-R**

13)    On July 23, 2007, EOUSA received a referral from the USSS of documents, the result of the USSS processing of records in response to a July 22, 2003 request made directly to USSS. **Exhibit F attached.**

14)    By letter dated July 31, 2007, EOUSA notified Mr. Keys that it had processed the referred records, was releasing two pages in part, withholding 4 pages in their entirety by application of 5 U.S.C. § 552 (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e), (b)(5), (b)(7)(C), and Privacy Act 5 U.S.C.§ 552a(j)(2).  He was further notified that the remainder of the 120 reviewed pages were public records, which could be obtained, if desired, by making a separate written request, and would be subject to possible copying fees.  Mr. Keys was

provided with his right to appeal this determination within 60 days to the OIP. **Exhibit G attached.**

15)    No appeal has been filed of this EOUSA determination prior to Mr. Keys commencing the above-captioned action.

16)    Each step in the handling of Mr. Keys requests (and referral) has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26 , 2008.


JOHN F. BOSEKER

Senior Attorney Advisor, EOUSA

DARREN LAMONT KEYS 33000-037 F.P.C. Maxwell A.F.B., Montgomery, Alabama 36112

EOUSA/PA

04 JAN 29 PM 4:22

**Freedom of Information and Privacy Officer**
Executive Office for United States Attorneys
Robert Kennedy Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

RE: Information Essential to Appeal/
    Freedom of Information Request

January 16, 2004

Dear Sir/Madam:or Marie O'Rourke A.D.

    This will serve as my request , pursuant to the freedom of Information Act ( 5 U.S.C. Sections 552 and 552(a)and all provisions therein ) for full disclosure of of all records and/or documents contained in your agency's file , specifically mentioned under my name and/or Identifier to me or my name. I am also requesting any and all pictures and/or copies thereof relating to this case and any other case my name where my name is being used, etc..

    I am Also particularly requesting copies of all correspondence to and from United States Probation office as it relates to my name , Specifically between the dates of  September 2001 and September 2003.

CERTIFICATION OF IDENTITY

    I HEREBY CERTIFY, under penalties of perjury pursuant to 28 U.S.C. §

GOVERNMENT
EXHIBIT
A

1746, that I am the true Darren Keys, Born May 07, 1963, Social Security Number 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 and I am also accepting responsibility for payment of copies of said information above that allowed at no charge.


Respectfully Submitted,

Darren L. Keys

1/16/04

**U.S. Departn      t of Justice**

FEB 11 2004

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Darren Lamont Keys

Request Number: 04-300

Subject of Request: Self

Dear Requester:

Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which <u>prosecution or litigation</u> occurred.

By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a free waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you.

(Page 1 of 2)
Form No. 003B - 9/01

GOVERNMENT
EXHIBIT
B
EOUSA

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
        United States Department of Justice
            Flag Building, Suite 570
            Washington, D.C.  20530

    Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

                        Sincerely,

                        Marie A. O'Rourke

                        Marie A. O'Rourke
                        Assistant Director

Darren Keys
Reg.# 33000-037
FCI Williamsburg
P.O.BOX 340
Salters, SC  29590
Without Recousse

RECEIVED

2007 APR 19  PM 3: 16

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

April 5, 2007

Honorable Maria A. O'Rourke
Assistant Director
Freedom of Information - Privacy Act Staff
600 E. Street N.W., Room 7300
Washington, D.C.   20530

RE: Request for Records

Dear Mrs. O'Rourke:

    I write directly to you, as you are very knowledgeable in the
matter of U.S. Attorney records, as such, I humbly emplore you to
assist me by providing a copy of the following: information relat-
ing to Assistant United States Attorney, Kathleen O'Malley of the
Jacksonville Florida Office:

    (1) Oath of Office;

    (2) Any bond information; and

    (3) Listing of all attorneys in Jacksonville who were
        empowered and authorized to appear before the Grand
        Jury in the Middle District of Florida at Jacksonville
        Florida, from 2000-2004.

                              Respectfully Submitted,
                              Without Prejudice

                              Darren Keys/Authorized
                              Agent





**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*

*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester: <u>Darren Keys</u>          Request No.: ___07-1300___          MAY 11 2007

Subject: <u>AUSA O'Malley (Oath of Ofc.)/FLM</u>

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

     If you wish to revise your request to try to reduce fees, you may use the attached form. <u>If you do not wish to incur fees for your request as it is now stated, please submit this form (or your letter revising your request) to us immediately so that your request, and fees, can be limited.</u>

               Sincerely,

               *William G. Stewart*

               William G. Stewart II
               Assistant Director

GOVERNMENT
EXHIBIT
D
EOUSA

Form No. 001 - 3/07

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: Darren Keys          Request Number: 07-1300

Subject of Request:  AUSA O'Malley (Oath of Ofc) / Middle District of Florida     JUN 2 1 2007

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

All of the records you seek are being made available to you. We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This is a full release.

[   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

[   ]   See additional information attached.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the     **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001** . Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

RECEIVED

2007 JUL 23  P.1 3: 19

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY UNIT

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Executive Office for United States Attorneys
William G. Stewart, II, Acting Assistant Director
FOIA/Privacy Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530-0001

Requester:    Darren Keys

File Number:    20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☒    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)





**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Darren Keys - #33000-037
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

File Number: 20030615

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service on June 30, 2003, for information pertaining to yourself.

Enclosed are copies of documents from Secret Service records. The referenced material was considered under both the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, approximately 279 page(s) were withheld in their entirety. An enclosure to this letter explains the exemptions in more detail.

☒  If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

☐ (b) (1)          ☒ (b) (2)          ☐ (b) (3) Statute:
☐ (b) (4)          ☐ (b) (5)          ☐ (b) (6)          ☐ (b) (7) (A)          ☐ (b) (7) (B)
☒ (b) (7) (C)      ☐ (b) (7) (D)      ☒ (b) (7) (E)      ☐ (b) (7) (F)          ☐ (b) (8)

### Section 552a (Privacy Act)

☐ (d) (5)    ☒ (j) (2)    ☐ (k) (1)    ☒ (k) (2)    ☐ (k) (3)    ☐ (k) (5)    ☐ (k) (6)

The following checked item(s) also apply to your request:

☒  Some documents originated with another government agency(s). These documents were referred to that agency(s) for review and direct response to you.

☐  _____ page(s) of documents in our files contain information furnished to the Secret Service by another government agency(s). You will be advised directly by the Secret Service regarding the releasability of this information following our consultation with the other agency(s).

☐  Other: _____

☐ Fees:

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Peter Schurla
Acting Special Agent In Charge
Acting Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List
BCC:      Official File (177.060/177.070)
          Chron. File
          Subject File
          EOUSA
          FBI
          FBOP
          US PRETRIAL
          USMS

PSchurla/ 6/20/2007

DOCUMENT2

## FREEDOM OF INFORMATION ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

**Provisions of the Freedom of Information Act do not apply to matter that are:**

(b) (1)    (A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b) (2)    related solely to the internal personnel rules and practices any agency;

(b) (3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b) (4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b) (5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b) (6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b) (7)    records or information compiled for law enforcement purposes, but only to the extent that the information: (A) could reasonable be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication;; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy;  (D) could reasonable be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b) (8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for regulation or supervision of financial institutions;

(b) (9)    geological and geophysical information and data, including maps, concerning wells.

## PRIVACY ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

**The provisions of the Privacy Act do not apply to:**

(d) (5)    material compiled in reasonable anticipation of civil action or proceeding;

(j) (2)    material reporting investigative efforts pertaining to enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    material is currently and properly classified pursuant to an Executive Order in the interest of national defense or foreign policy;

(k) (2)    material compiled during investigations for law enforcement purposes;

(k) (3)    material maintained in connection with providing protective services to the President of the United States or other individuals pursuant to section 3056 of Title 18;

(k) (5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or for access to classified information, but only to the extent that the disclosure of such material would reveal the identity of the person who furnished information to the Government under an express promise that the identity of the source would be held in confidence, or prior to the September 27, 1975, under an implied promise that the identity of the source would be held in confidence;

(k) (6)    testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service the disclosure of which would compromise the objectivity or fairness of the testing or examination process;

THE UNITED SATATES DISTRICT COURT
FOR THE DISTRICT. OF COLUMBIA

DARREN LAMONT KEYS(c) 33000-037
F.C.I. Williamsburg
P.O.  Box 340
Salters, SC 29590

POSTAL REGISTRY NO.
7005 3110 0003 7968 6127

CIVIL CASE NO._____

BY SPECIAL VISITATION

-Against-

"WITHIN  ADMIRALTY" 28
USC §§ 1333 or 1337

JEANETTE WILLIAMS,
FREEDOM OF INFORMATION BRANCH
DEPARTMENT OF HOMELAND SECURITY
_____/

MADAMUS

SUPPORTING
AFFIDAVIT OF POVERTY

Darren Lamont Keys, being duly sworn according to law, deposes
and says:

1. I am the Plaintiff-Movant in the above styled action;

2. I bringthis action in good faith;

3. This Mandamus seek  to compel an Employee of the United States
to perform their duty owed to plaintiff by virtue of 28 USC §1361;

4. I have exhausted my administative remedies, in that, I have:

      (a) timely filed this request almost four years ago on June
30, 2003 ;

5. The(b)ffimely filed a request for expedited handling;

      (c) timely filed a Tort Claim grieving the delay

5. I personally earn a total of $22.00 per month and currently, as of december 11, 2006, have a total of $22.47 in my inmate account- $15 of which is earmarked for the Fee of Notary Public and $25.00 is due for Inmate Financial Responsibility Program (IFRP)which will leave me with a negative balance and cause the B.O.P. to punish me for not having the $25.00 to pay the (IFRP);

6. I may or may not receive any funds from family ("Inconsistent Charities") as support has not been consistent and Christmas will certain add to the reasons why they don't have money to send;

7. because of my poverty, I am unable to pay the costs of this action, to give security thereafter;

8. I have been recently granted Forma Pauperis Status by U.S. Supreme Court as well as Middle District of Florida; and

9. I understand that any statement made by me in this Affidavit that is not true, correct, and complete to the best of my knowledge and beliefs will subject me to penlaties of perjury.

Dated: Decemebr 11, 2006.

NOTARY UNAVAIBLE

I DeclARE UNder penalties of PerjURY UNder 28 USC $1746 That the Above facts are TRUE, Correct, and complete to the best

NOATRY PUBLIC

OF my Knowledge and Recollection.

Respectfully Submitted,
Without Prejudice
Authorized Agent

Darren Lamont Keys,
secured Party

## CERTIFICATE OF SERVICE


I HEREBY CERTIFY,  that a true, correct, and complete copy of the

foregoing has been forwarded to:

    United States Attroney's Office
    333 Constitution Avenue
    Washington, DC 20001

on this __11th day of Decemeber, 2006.


                        Respectfully Submitted,
                        Without Prejudice

                        Darren Lamont Keys,
                        Authorized Representative
                        F.C.I. Williamsburg
                        p.o. Box 340
                        Salters, SC 29590

DARREN LAMONT KEYS REG. NO. 33000-037
FEDERAL CORRECTIONS INSTITUTION
P.O. BOX 1000
LORETTO PA. 15940-1000


Department of Homeland Security
United States Secret Service
Freedom of Information and Privacy Branch
950 H Street, N.W. Suite 3000
Washington D.C. 20223

File Number: 2003615

July 22, 2003


Dear FIOA/PA Officer:Jeanette Williams

This letter is Statement of Declaration Pursuant to 28 U.S.C. 1746
that I under penalties of perjury am the true DARREN LAMONT KEYS
and have attached FOIA/PA request for fulfillment by your agency.


Also per your written request, I am hereby formally AGREEING to
pay for duplication costs that may be incurred in filling my
request. I understand that I may receive the first 100 pages at
no charge and subsequent pages are $.10¢ per page under § 5.29,
up to $ 25.00.


I believe I have satisfied the necessary requirements to have
my request processed and possibly expedited. Please forward any and
all files , papers , pictures, documents, etc. to me at the above
address. I remain , of course,

Respectfully Yours,

DARREN LAMONT KEYS

Authorized by the Act of
July 27, 1955, to administer
oaths (18 USC 4004).

FCI-LORETTO
BOX 1000
Loretto, PA. 15940

DATE:__7/22/03_____

NAME:_Darren Lamont Keys___
REG.# 33000-037_____
DOB:__05-07-1963_____
POB:__Baltimore, Md._____
SSN:__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_____

"ATTN: FOI/PA OFFICER"

TO WHOM IT MAY CONCERN:

.This letter constitutes my request for discloser of all information contained within your files or under the control of your agency pursuant to both the Freedom of Information and Privacy Acts, Title 5 U.S.C. §§ 552 & 552a.

I request disclosure of all documents, records, and files pertaining to me in addition to other materials identified by, or in reference to, a personal identifier assigned to my name, including but not limited to the following: reports, correspondence, cabels, memoranda, telegrams, letters, transcripts, and communications; including, inquires, notes, notations, and memoranda of, or relating to, telephone and inter-office conversations, meetings, conferences, instructions, (verbal & writen), questionaries, diaries, statements, appointment books, computer inputs/outputs, microfilm, photographs, analysis, evaluations, minutes, notes, record of interviews, and/or other subject matter that may cross reference material pertaining to me. All such records should reflect date; originator; addressee; authorizer; title; subject matter; references; status/action and custodian/location. This should apply to and include materials reproduced by electronic; xerographic; or photographic means.

Pursuant to the provisions of the FOIA and Privacy Act to permit me maximum access to these records within 10 working days after receipt by you of this request, this letter is herby submitted. If any material is deemed exempt, I request specific statements regarding the data deleted or withheld, a full statement for the reason and the specific. for same. In addition, a list (Rosen list) of all particulars of the documentation denied.

My personal identification data is noted .above with my current address. Please acknowledge receipt hereof and forward the material requested within the statutory period, as time is of the essence due to a liberty issue.

MY PRIOR RESIDENCE WAS:
_3619 Loch Raven Blvd._
Baltimore, Md. 21218

Respectfully submitted,

_Donnie Norris, Case Manager_
Authorized by the Act of
July 27, 1955, to administer
oaths (18 USC 4004).

By,_Darren Keys_



U.S. Departm    of Justice

Executive Office for United States Attorneys

Freedom of Information/Privacy Act Staff

600 E Street, N.W., Room 7300

Washington, D.C. 20530

202-616-6757  Fax 202-616-6478

Requester: <u>Darren Keys</u>  Request Number: <u>07-2311-R</u>

Government Component that referred material: <u>U. S.  Secret Service/Dept of Homeland Security</u>

Dear Requester:

JUL 3 1 2007

    This is in reply to your Freedom of Information Act/Privacy Act request of <u>July 22, 2003</u>. Records were referred to us by the government component above for direct response to you.

    The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access. Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information. The exemptions cited are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                                        <u>Section 552a</u>

[   ] (b)(1)        [   ] (b)(4)        [   ] (b)(7)(B)        [ X ] (j)(2)
[   ] (b)(2)        [ X ] (b)(5)        [ X ] (b)(7)(C)        [   ] (k)(2)
[ X ] (b)(3)        [   ] (b)(6)        [   ] (b)(7)(D)        [   ] (k)(5)
<u>Rule 6(e) FRCP</u>        [   ] (b)(7)(A)        [   ] (b)(7)(E)        [   ] _____
_____                            [   ] (b)(7)(F)

    We have reviewed approximately <u>120</u> page(s) of material:

  _ page(s) are being released in full (RIF);
  <u>2</u> page(s) are being released in part (RIP);
  <u>4</u> page(s) are withheld in full (WIF) and
  ~~page(s)~~

    The remaining pages are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

    Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

Form No. 024 - 2/06



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN LAMONT KEYS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-465 (AK)<br>)<br>)<br>)<br>)<br>) |

## <u>DECLARATION OF DAVID M. HARDY</u>

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation, Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my current capacity as Section Chief of RIDS, I supervise approximately 190 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded 7 pages referred to FBIHQ by the Department of Homeland Security ("DHS"), United States Secret Service ("USSS"), located in response to the FOIA/Privacy Act request made by plaintiff Darren Lamont Keys.

## CORRESPONDENCE RELATED TO DHS, USSS REFERRAL

(4)    By letter dated July 18, 2007, DHS, USSS referred 7 pages to FBIHQ for its review and direct response to the plaintiff. **(See Exhibit A.)**

(5)    By letter dated August 10, 2007, FBIHQ provided to plaintiff its release determination in regard to the DHS, USSS referral. Of the 7 pages processed, the FBI released 6 pages in full and one page contained a single exemption by the FBI pursuant to Privacy Act Exemption (j)(2), 5 U.S.C.§ 552a(j)(2) and FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). **(See Exhibit B.)**

(6)    Upon review, FBIHQ has determined that the single exemption withheld by the FBI was in fact an alias used by plaintiff and should be released. By letter dated June 10, 2008,

2

FBIHQ released all FBI information to the plaintiff. **(See Exhibit C.)**

## **CONCLUSION**

(8)    The FBI has provided plaintiff all FBI information in the documents referred by

DHS, USSS to the FBI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through C attached hereto are true and correct copies.

Executed this __13th__ day of June, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREN LAMONT KEYS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 07-465 (AK) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# EXHIBIT A

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Federal Bureau of Investigation
David M. Hardy, Chief Record
Information Dissemination Section
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

JUL 1 8 2007

Requester:    Darren Keys

File Number:    20030615

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☒    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Judith Cabbell at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DARREN LAMONT KEYS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-465 (AK)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 10, 2007

Mr. Darren Lamont Keys
**33000-037
Federal Corrections Institution Williamsburg
Post Office Box 340
Salters, SC  29590

Request No.: 1086042-000
Subject: Self

Dear Mr. Keys:

While processing your Freedom of Information-Privacy Acts (FOIPA) request, the Department of Homeland Security, United States Secret Service located FBI information in their records. This material was referred to the FBI for direct response to you.

Enclosed are copies of the referred material. Deletions have been made pursuant to Title 5, United States Code, Section(s) 552/552a as noted below. See the enclosed form for an explanation of these exemptions.

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

7 page(s) were reviewed and 7 page(s) are being released.

You may appeal any denials by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

Enclosure(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS,                          )
                                             )
            Plaintiff,                       )
                     v.                      )
                                             )    Civil Action No. 07-465 (AK)
DEPARTMENT OF HOMELAND SECURITY,             )
                                             )
            Defendant.                       )
                                             )

# EXHIBIT C



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

Mr. Darren Lamont Keys                                June 10, 2008
**330000-037
Federal Corrections Institution Williamsburg
Post Office Box 340
Salters, SC  29590

                                        Request No.:  1086042-000
                                        Subject:  Self

Dear Mr. Keys:

       While processing your Freedom of Information-Privacy Acts (FOIPA) request, the Department of
Homeland Security, United States Secret Service located FBI information in their records.  This material
was referred to the FBI for direct response to you.

       Initially, the August 10, 2007 release sent to you withheld information pursuant to Privacy Act
Exemption (j)(2), 5 U.S.C. § 552a(j)(2), and FOIA Exemptions 6, and 7(C), 5 U.S.C. §§ 552 (b)(6) and
(b)(7)(C).  Upon reexamination, it has been determined that all pages should be released in their entirety
and are being provided to you at this time.

       The FBI regrets any inconvenience this may have caused.

                                Sincerely yours,

                                David M. Hardy
                                Section Chief
                                Record/Information
                                  Dissemination Section
                                Records Management Division

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Darren Lamont Keys          )
                            )
          Appellant,        )
                            )
      v                     )          No. 07-5364
                            )
U.S. Department of Homeland Security, et al.,  )
                            )
          Appellees.        )
                            )
_____)

## DECLARATION OF WM E. BAUMGARTEL

I, Wm E. Baumgartel, hereby declare and state the following:

1.    I am currently employed as a Senior Paralegal Specialist for the Federal Bureau of Prisons ("BOP") in Washington, D.C.  Specifically, I work in the Freedom of Information Act Section (FOIA Section), Legal Administrative Branch of the Office of General Counsel.  I have been employed in my current position since April 2006, and have been employed with the Bureau of Prisons since August 1993.

2.    As part of my duties I have access to the files and database used to maintain and catalog requests filed with the BOP pursuant to the Freedom of Information Act ("FOIA").

3.    On July 20, 2007, the FOIA Section received several documents referred from the United States Secrete Service.  These records were found to have originated with the BOP and

therefore being referred for a release determination directly to Darren Lamont Keys. This material was cataloged as BOP FOIA Request Number 2007-08236. The materials referred to the BOP consist of a August 12, 2002, letter from Warden Art F. Beeler to District Judge Ralph W. Nimmons and a July 31, 2002, Forensic Evaluation of Darren Lamont Keys. This request was processed and a release determination made on June 24, 2008. A true and accurate copy of the response letter to BOP FOIA Request Number 2007-08236, is provided as Attachment 1.

4.     On June 9, 2008, the Secrete Service provided additional records to the BOP FOIA Section regarding Darren Lamont Keys. These records consist of a December 14, 2001, fax from U.S. Pretrial Services to the Secrete Service. Included in this fax was a Presentence Report (PSR) for Darren Keys and a September 5, 2001, memorandum from U.S. Probation and Pretrial Services to District Judge Catherine C. Blake "Notice of Violation – Warrant Requested." Since these documents were not provided by or originate within the BOP, we cannot make a release determination on them. However, as will be outlined *infra*, inmate Keys may request and review his PSR at the facility where he currently incarcerated.

5.     The BOP has a policy which expressly and categorically prohibits inmates from possessing or receiving copies of their Presentence Investigation Report ("PSR") or the Statement of Reasons ("SOR") portion of their Judgement in a Criminal Case. This prohibition is addressed by Program Statement 1351.05, Release of Information, §12(a)(2)(d). A true

2

and accurate copy of the relevant portions from this policy are provided as Attachment 2. In relevant part this policy states:

> Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgements in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.) Inmates violating this provision are subject to disciplinary action.

6.   This policy was adopted by the BOP as a safety measure due to the nature of the information sometimes contained in the PSRs and SORs of certain inmates. Prior to adoption of this policy inmates would often request to see copies of another inmates PSR or SOR so as to determine their assistance to the government, financial resources, or community affiliations. Additionally, inmates have been noted as using these documents to establish government informants, gang members, former law enforcement officials or pedophiles. All of these affiliations may endanger the safety and life of the inmate should they become known within the general prison population.

7.   Despite this prohibition against inmates from obtaining and possessing copies of their PSR or SOR, when an inmate makes a FOIA/PA request for these documents they are afforded access to the records and an opportunity to personally review these documents. Specifically, Inmates may request to review their PSR or SOR simply by submitting a request to their Unit Team. They are in turn afforded a reasonable opportunity to review

theses documents and make any necessary hand written notes concerning the information

contained therein. Should an inmate require submission of their PSR to a court, the BOP

has also implemented procedures to ensure this is accomplished pursuant the inmates's

request.



Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct to the best of my knowledge.

Executed this 24th day of June 2008.

Wm E. Baumgartel
Senior Paralegal Specialist
Legal Administration Branch
Federal Bureau of Prisons

4



**U.S. Department of Justice**

Federal Bureau of Prisons

JUN 2 4 2008                    *Washington, DC 20534*

Darren Keys                              For Further Inquiry Contact:
Register Number 33000-037                Federal Bureau of Prisons
FCI Williamsburg                         320 First Street. N.W.
P.O. Box 340                             Room 841, HOLC Building
Salters, Sc 29590                        Washington, D.C. 20534
                                         Attn: FOI/Privacy Office


RE:  Request for Information, FOIA Request No. 2007-08236
     USSS File Number 20030615

Dear Mr. Keys:

     Pursuant to your Freedom of Information Act (FOIA) request
to the United States Secrete Service (USSS), seven pages of
information which originated with the Bureau of Prisons (BOP)
have been referred to this agency for processing and direct
response to you.  A subsequent referral of records to the BOP was
made on June 9, 2008, which included your Presentence
Investigative Report (PSR).

     After a careful review, it has been determined that seven
pages of information are releasable to you in their entirety and
are enclosed herein.  This includes an August 12, 2002 letter
from Warden A. F. Beeler to District Judge Ralph W. Nimmons and a
Forensic Evaluation concerning yourself dated July 31, 2002.

     In regard tc the referral of your PSR, the BOP has a policy
which expressly and categorically prohibits inmates from
possessing or receiving copies of their PSR, while incarcerated.
This prohibition is addressed by Program Statement 1351.05,
<u>Release of Information</u>, §12(a)(2)(d).  However, the Bureau does
provide inmates access to this document which is maintained in
their Central File.  Please make the appropriate arrangements to
personally review this document through your Unit Team.  The Unit
team will afford you a reasonable opportunity to review your PSR
and make any necessary notes.

We trust this information is of assistance to you.  If you
have any questions or concerns please contact Wm E. Baumgartel,
Paralegal Specialist.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

Enclosures: 7 pages
cc:  File



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | OGC |
| **NUMBER:** | 1351.05 |
| **DATE:** | 9/19/2002 |
| **SUBJECT:** | Release of Information |

## PART ONE: [GENERAL PROVISIONS AND PROCEDURES]

1. **[PURPOSE AND SCOPE § 513.30. This subpart establishes procedures for the release of requested records in possession of the Federal Bureau of Prisons ("Bureau"). It is intended to implement provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, and to supplement Department of Justice (DOJ) regulations concerning the production or disclosure of records or information, 28 CFR part 16.]**

The Freedom of Information Act (FOIA) and the Privacy Act (PA) interact with each other in two areas:

- When any person requests access to records about himself or herself, both statutes become potentially applicable;

- When any person requests access to another individual's record through the FOIA, the Privacy Act may prohibit the disclosure of that record unless FOIA requires it.

The determination of what information may be released requires Bureau staff to have a basic understanding of both the FOIA and the Privacy Act, as well as a working knowledge of DOJ and Bureau policy. Bureau staff also should be aware that the Privacy Act establishes criminal penalties and civil liabilities for unauthorized disclosures. The appropriate Regional Counsel shall be contacted when staff are uncertain whether requested information may be disclosed.

Staff shall become familiar with the policy governing release of information, with special emphasis upon those areas with direct application to the employee's job.

Information requests submitted by the union pursuant to 5 U.S.C. § 7114 will be addressed in accordance with this provision and relevant case law.

**[Bold Type - Rules]**
Regular Type - Implementing Information

11. [GOVERNMENT CONTRACTORS § 513.36

   a.  No Bureau component may contract for the operation of a
record system by or on behalf of the Bureau without the express
written approval of the Director or the Director's designee.

   b.  Any contract which is approved shall contain the standard
contract requirements promulgated by the General Services
Administration (GSA) to ensure compliance with the requirements
imposed by the Privacy Act.  The contracting component shall have
the responsibility to ensure that the contractor complies with
the contract requirements relating to privacy.

   PART TWO: [INMATE REQUESTS TO INSTITUTION FOR INFORMATION]

12.  [INMATE ACCESS TO INMATE CENTRAL FILE § 513.40.  Inmates are
encouraged to use the simple access procedures described in this
section to review disclosable records maintained in his or her
Inmate Central File, rather than the FOIA procedures described in
§§ 513.60 through 513.68 of this subpart.  Disclosable records in
the Inmate Central File include, but are not limited to,
documents relating to the inmate's sentence, detainer,
participation in Bureau programs such as the Inmate Financial
Responsibility Program, classification data, parole information,
mail, visits, property, conduct, work, release processing, and
general correspondence.  This information is available without
filing a FOIA request.  If any information] (in the disclosable
section) [is withheld from the inmate, staff will provide the
inmate with a general description of that information and also
will notify the inmate that he or she may file a FOIA request.

   a.  Inmate Review of His or Her Inmate Central File.  An inmate
may at any time request to review all disclosable portions of his
or her Inmate Central File by submitting a request to a staff
member designated by the Warden.  Staff are to acknowledge the
request and schedule the inmate, as promptly as is practical, for
a review of the file at a time which will not disrupt institution
operations.]

   Further guidance is contained in the Program Statement on
Central File, Privacy Folder, and Parole Mini-Files.

   When an inmate makes a request to institution staff to review
his or her Inmate Central File, he or she shall be advised to
make arrangements pursuant to local procedures.

   ●    Because local processing reduces unnecessary FOIA
        requests, staff shall advise an inmate to make a
        request for Inmate Central File records to the FOIA/PA
        Section of the Office of General Counsel only when the
        inmate wishes to review exempt information.

PS 1351.05
9/19/2002
Page 13

- Staff shall not discuss with the inmate the types or nature of nondisclosable documents maintained in his or her Privacy Folder.

Before any document in the Inmate Central File is disclosed to the inmate to whom the documents pertain, or to a third party with the prior written consent of the inmate, the following review shall take place:

(1) **Bureau Documents**. If the document is a Bureau document (generated by Bureau staff) and is not a court-ordered study, staff are to determine whether the document should be withheld from disclosure under Section 7 of this Program Statement and further guidance set forth below.

- Staff shall place in the inmate's Privacy Folder any document that is to be withheld from disclosure.

- Staff shall place all other documents in the disclosable portion of the Inmate Central File, which is all of the Inmate Central File except for the Privacy Folder.

Guidelines for some specific Bureau documents are provided below:

(a) **Progress Reports**. All Progress Reports prepared:

- After October 15, 1974, are subject to release and are to be placed in the disclosable section of the Inmate Central File.

- Between February 15 and October 15, 1974, are subject to release except for the recommendation section, which shall be reviewed for disclosure in accord with Section 7 of this Program Statement.

- Before February 15, 1974, shall be reviewed for disclosure in accord with Section 7 of this Program Statement.

(b) **Psychiatric Reports**

- A psychiatric report written at the request of the U.S. Parole Commission is subject to release and shall be placed in the disclosable section of the Inmate Central File. This report should be written in non-technical language so that it can be understood by non-professionals.

PS 1351.05
9/19/2002
Page 14

● Other psychiatric, psychological, or evaluative
reports Bureau staff prepared may also be made
available to the U.S. Parole Commission and shall
be inserted in the Privacy Folder.  A summary of
the document must be placed in the Inmate Central
File.  The summary may be placed in the Progress
Report prepared in connection with the inmate's
parole hearing.  The summary shall be sufficiently
detailed to permit the inmate to respond, at the
Parole Hearing, to the substance of the withheld
information.

(c) **Medical Records**.  See Section 14 of this Program
Statement.

(d) **Discipline Records**.  Discipline records, such as Unit
Discipline Committee (UDC) and Discipline Hearing Officer (DHO)
packets (including the UDC/DHO report, incident report, notice of
hearing, list of inmate rights at UDC/DHO hearing, notice of
placement in Administrative Detention, and investigative
memoranda), shall be maintained together in the Privacy Folder
only if a portion of an investigation or other discipline record
contains non-disclosable materials.  Copies of all releasable
documents shall be placed together in the disclosable section of
the Inmate Central File.

(2) **Non-Bureau Documents**

(a) **FBI/National Crime Information Center (NCIC)
Information**.  The NCIC prohibits the Bureau from disclosing NCIC
identification records to an inmate.

Procedures for an inmate to request a copy of his or her
FBI/NCIC identification record directly from the FBI are
contained in 28 CFR 513.10 through 513.12.

(b) **Documents from Other Federal Agencies**.  If a document
originates in another Federal agency (including other components
of the Department of Justice), it shall be placed in the Privacy
Folder, except as provided in section 12, first paragraph
(28 CFR 513.40).

When a request for records includes a document from
another Federal agency, the document shall be referred to the
originating Federal agency for a determination of its
releasability (see Attachment D for a suggested format to request
disclosure instructions from the originating agency).  For
documents originating from Federal courts or probation offices,
see subsection (d) below.

(c) **Documents from Non-Federal Agencies**. If a document has been received from a source outside the Federal government (e.g., a state agency), it shall be placed in the Privacy Folder, except as provided in section 12, first paragraph (28 CFR 513.40).

When a request for records includes a document from a non-Federal agency, Bureau staff must make a determination of its releasability in consultation with the non-Federal organization (see Attachment D). If the originating non-Federal agency recommends non-disclosure, and Bureau staff determine that non-disclosure is appropriate under 28 CFR 513.32, staff shall document the rationale for non-disclosure and place the document in the Privacy Folder.

(d) **Documents from Federal Courts and Probation Offices**

(1) **Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).** Inmates violating this provision are subject to disciplinary action.

This prohibition applies only to the SOR portion of an inmate's Judgment in a Criminal Case. The rest of the Judgment document remains releasable unless circumstances or policy dictate otherwise. PSRs and SORs received by mail will be treated as contraband, and handled according to the Mail Management Manual.

This prohibition does not apply to inmates in Bureau of Prisons custody with a need to review their PSRs prior to sentencing. For example, a pretrial inmate scheduled for sentencing may possess and review the PSR in preparation for sentencing. After sentencing, however, the inmate is prohibited from retaining a copy of the PSR.

The Bureau implemented this policy for the following reasons.

- Many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, etc.

- The Bureau has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc.

- Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody. Likewise, inmates providing PSRs and SORs containing harmful information are faced with the same risks of harm.

Inmates needing a copy of their PSRs or SORs for filing as an attachment in a court case may obtain, complete, and submit to the court an Inmate Request For Certification or Judicial Notice of Pre-sentence Report and/or Statement of Reasons form (BP-S757.013). The form, which includes instructions for completion, must be available to inmates in the housing units and law libraries.

Although prohibited from obtaining or possessing photocopies, federal inmates are entitled under the FOIA to access their own PSRs (see United States Department of Justice v. Julian, 486 U.S. 1 (1988)) and SORs. Inmates must be provided reasonable opportunities to access and review their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.). Inmates are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files. **To facilitate inmate access and review, PSRs and SORs should ordinarily be maintained in the disclosable portion of the central file unless significant safety and security concerns dictate otherwise.**

In addition to the above procedures, other provisions of the FOIA may require limiting inmate access to PSRs and SORs. Third party requests for inmate PSRs and SORs should be handled according to Section 29 of this Program Statement.

Staff must maintain PSRs as follows:

- A PSR prepared **on or after December 1, 1975,** is to be placed in the disclosable portion of the Inmate Central File.

- A PSR prepared **before December 1, 1975,** is to be returned to the sentencing court with a cover letter indicating that the PSR is being returned based on the Supreme Court's decision in Julian and the fact that the PSR was not prepared with the expectation of release. No copy of the returned PSR is to be maintained at the institution, although relevant material from the PSR may be incorporated into other documents.

PS 1351.05
9/19/2002
Page 17

● Documents which the sentencing court has sealed or otherwise labeled as not disclosable to the inmate must be placed in the privacy folder.  Questions regarding such documents should be referred to the Regional Counsel.

(2) **Documents Other than Federal PSIs.**  Generally, documents originating in a Federal court or probation office shall be placed in the Privacy Folder if the documents are clearly marked to indicate that disclosure to the inmate is unadvisable.  Other documents, such as a court-ordered study the Bureau prepared, shall be referred to the requesting court for that court's instructions as to disclosure.  A copy of the document shall be maintained in the Privacy Folder until a final determination is made regarding its disclosure.

When Bureau staff reclassify a document from non-disclosable to disclosable, subsequent to any information request encompassing that document, staff shall place the reclassified document in the disclosable section of the Inmate Central File.

[b.  **Procedures for Inmate Review of His or Her Inmate Central File.**

(1)  Prior to the inmate's review of the file, staff are to remove the Privacy Folder which contains documents withheld from disclosure pursuant to § 513.32.

(2)  During the file review, the inmate is to be under direct and constant supervision by staff.  The staff member monitoring the review shall enter the date of the inmate's file review on the Inmate Activity Record and initial the entry.  Staff shall ask the inmate to initial the entry also, and if the inmate refuses to do so, shall enter a notation to that effect.

(3)  Staff shall advise the inmate if there are documents withheld from disclosure and, if so, shall advise the inmate of the inmate's right under the provisions of § 513.61 to make a FOIA request for the withheld documents.]

28 CFR 513.32 refers to Section 7 of this Program Statement.
28 CFR 513.61 refers to Section 27 of this Program Statement.
The Inmate Activity Record refers to form BP-381.

13.  [**INMATE ACCESS TO INMATE CENTRAL FILE IN CONNECTION WITH PAROLE HEARINGS** § 513.41.  A parole-eligible inmate (an inmate who is currently serving a sentence for an offense committed prior to November 1, 1987) may review disclosable portions of the Inmate Central File prior to the inmate's parole hearing, under the general procedures set forth in § 513.40.  In addition, the following guidelines apply:]