UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS,
    Plaintiff,

v.                                      Civil Action NO.07-465(AK)

DEPARTMENT OF HOMELAND SECURITY
    Defendant.
_____/

PLAINTIFF OPPOSITION TO CONSOLIDATION
IN RESPONSE TO COURT'S ORDER
OF JUNE 24, 2008

    Before this Court is Plaintiff's action regarding department of Homeland Security's premature submission to the Court that it had completely complied with Plaintiff's request and therefore dismissal was necessary.

    This was not the case, in fact, the Plaintiff informed the Court that defendants were simply patronizing/appeasing Plaintiff with "stale" information that was non=responsive to his request for itemized listing of losses for each bank allegedly victimized

**RECEIVED**

JUL 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
   U.S. DISTRICT COURT

by Plainfiff's alleged conduct.

Plaintiff have been given "the run-arround" since 2003 and the Department of Homeland Security appears to have little impact on the executive office of the United States Attorney of the Jacksonville office of the United States Attorney's office's repeated refusal to comply with its request.

Therefore, it is essential that these actions remain <u>separate</u> and <u>distinct</u> as consolidation may prove to dilute the direct compulsion of the Jacksonville U.S. Attorney's office (the source of the information).

Plaintiff further explains that the U.S. Attorney's office (the source) mis-directed Plaintiff in 2003 to seek its information from the U.S. Secret Services's Office. The Secret Service then delayed and re-directed Plaintiff back to U.S. Attorney's Office after admitting that the information sought is available via Jacksonville's U.S. Attorney's Office.

<u>CONCLUSION</u>

Plaintiff strongly opposes consolidation because, although the issue appears to be related, they must remain separate in order to remove the "third-party" element and allow a direct compulsion by the Court directing the Jacksonville Office or U.S. Attorney

to comply with the action compelling disclosure in civil action no. 08-726.

The action under 07-465 is merely asking the Dept. of Homeland Security to explain its "referal procedure" relating to other agencies.

The mere explanation of the procedure will undoubtedly fall short of compelling the Jacksonville U. S. Attorney's office to disclose the specific requested information.

Therefore, your Plaintiff respectfully opposes the consolidation of cases and would ask the Court to deny this request in the interest of justice and to preserve the integrity of the judicial process.

Done this <u>6th</u> day of July, 2008.

Respectfully Submitted,

Darren L. Keys
#33000-037
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

CERTIFICATI OF SERVICE
------------------------

I hereby certify that a true, complete, and correct copy of this pleading has been forwarded to:

Michelle Johnson, A.U.S.A.
555 4th St. N.W. Room E4212
Washington, DC 20530

on this 6th day of July, 2008.

Respectfully Submitted,

*[signature]*

Darren L. Keys
#33000-037
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

-4-