IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARREN LAMONT KEYS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Civil Action No. 07-465 (AK) |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO
CONSOLIDATE RELATED CASES**

Defendant, the United States Department of Homeland Security ("DHS" or the "agency") hereby files its reply in further support of its motion to consolidate related cases.

In his opposition to defendant's motion,[1] plaintiff does not deny that the subsequent lawsuit he has recently filed concerns the same Freedom of Information Act ("FOIA") request sent by plaintiff in June 2003 to the DHS. According to plaintiff, all that is pending before this Court is his "action regarding [DHS'] premature submission to the Court that it had completely complied with Plaintiff's request and therefore dismissal was necessary." Pl.'s Opp'n, at 1. Plaintiff contends that he has been given the "run-around" since 2003 and that DHS "appears to have little impact on the executive office of the United States Attorney of the Jacksonville office" as that office has, according to plaintiff, "repeated[ly] refus[ed] to comply with its request." Id. at 2. For this reason, plaintiff contends, "it is essential that these actions remain separate and

---

[1] Plaintiff has titled his pleading as his "Opposition to Consolidation in Response to Court's Order of June 24, 2008" ("Pl.'s Opp'n"). On that date, the Court ordered that plaintiff file his response to defendant's motion to consolidate no later than July 11, 2008.

distinct as consolidation may prove to dilute the direct compulsion of the Jacksonville U.S. Attorney's office (the source of the information)." Id.  Thus, plaintiff opposes consolidation because "although the issue appears to be related . . ." these cases must, according to plaintiff, "remain separate in order to remove the 'third party' element and allow a direct compulsion by the Court directing the Jacksonville Office or U.S. Attorney to comply with the action compelling disclosure in civil action no. 08-726." Id. at 2-3.  Plaintiff's contentions are without merit and should not prevent consolidation of the current action with his more recently filed action in civil action no. 08-726.

    First, plaintiff does not contend that there are separate FOIA requests at issue.  See Complaint filed in Civil Action No. 08-726, at 2 ("In June 2003, plaintiff filed a [FOIA] request to Secret Service . . . ."), at 5 ("Department of Homeland Security, during its 'Delayed - Fast Ball' approach to complying with Keys F.O.I.A. Suit, contacted the U.S. Attorney's Office in Jacksonville and asked them for any information responsive to Keys' request.  U.S. Attorney's Office in Jacksonville, failed or refused response.  Keys now asked for Mandamus relief.").  Thus, as the allegations in plaintiff's most recently filed complaint reveal, at issue in this case and his newly filed complaint is the identical FOIA request that was directed to DHS/the Secret Service.

    Second, the issue that is pertinent to plaintiff's recently filed complaint concerning the documents referred to the U.S. Attorney's office has been recently briefed in this case.  As part of its search for documents, DHS referred documents to the Executive Office for United States Attorneys ("EOUSA").  Defendant's Brief in Further Support of its Motion for Summary Judgment as Ordered by the Court ("Def.'s Supp. MSJ"), at 7-9.  The EOUSA processed the

documents that had been referred to it, and those documents were released to plaintiff. See Def.'s Supp. MSJ, Declaration of John F. Boseker ("Boseker Decl.") ¶¶ 14-15.[2] Plaintiff can challenge the sufficiency of any response made by EOUSA in this litigation; he should not be permitted to institute a new action based on an issue that is encompassed in his pending complaint. Indeed, the relief plaintiff seeks in his newly filed complaint is relief he can seek in this litigation. See Complaint filed in Civil Action No. 08-726, at 8 (Plaintiff seeks an order requiring the "government's response to the Department of Homeland Security as they have tried to comply but have been precluded by U.S. Attorney's Office in Jacksonville . . . .").

For the reasons set forth above, and in defendant's initial motion, consolidation pursuant to Federal Rule of Civil Procedure 42 is warranted. See Fed. R. Civ. P. 42 (court may consolidate actions involving "a common question of law or fact . . . ."). See also Blasko v. WMATA, 243 F.R.D. 13, 15 (D.D.C. 2007) ("Actions that involve the same parties are apt candidates for consolidation. . . . Moreover, consolidation is particularly appropriate when the actions . . . arise from the same series of events or facts.") (citations omitted); Judicial Watch Inc. v. Department of Energy, 207 F.R.D. 8 (D.D.C. 2002) (granting motion to consolidate FOIA actions where requests, although sent by different parties, were both directed to the same agency and concerned the same documents).

---

[2]Furthermore, although plaintiff's complaint filed in civil action number 08-726 appears to solely concern the FOIA request he submitted to the DHS in June 2003, the Boseker declaration also addresses two separate requests made by plaintiff in 2004 and 2007 directly to the EOUSA, explains the responses that were provided to plaintiff, and reveals that plaintiff has never appealed those determinations. Id. ¶¶ 8, 12.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July, 2008, I caused the foregoing Defendants's Reply in Further Support of Its Motion to Consolidate Related Cases to be served on plaintiff *pro se*, postage prepaid, and addressed as follows:

Mr. Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590

/s/
MICHELLE N. JOHNSON
Assistant United States Attorney