UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DARREN LAMONT KEYS**,

              Plaintiff,

v.

**DEPARTMENT OF HOMELAND SECURITY**,

              Defendant.

Civil Action No. 07-465 (AK)

**MEMORANDUM ORDER**[1]

Pending before the Court are Defendant's Motion to Consolidate Related Cases [31], Plaintiff's Opposition [39], and Defendant's Reply [40]. Defendant seeks to consolidate the instant litigation with Civil Action No. 08-726.

**I.  Background**

The instant action concerns a Freedom of Information Act ("FOIA") request that *pro se* Plaintiff Darren Lamont Keys submitted to the United States Secret Service on June 20, 2003 in which Plaintiff sought all records in the agency's files concerning him. (Mem. Op. [20] 1-2.) On September 26, 2007, this Court granted summary judgment in favor of Defendant. (Order [21].) Specifically, the Court found that: (1) Defendant met its burden of demonstrating that it conducted an adequate search for responsive records; (2) Defendant established that it properly

---

[1] By consent of the parties, this case was referred to the undersigned Magistrate Judge for all purposes and trial pursuant to 28 U.S.C. § 636(c). *See* "Consent to Proceed Before a United States Magistrate Judge for All Purposes" [13].

withheld responsive documents under FOIA Exemptions 2, 7(C), and 7(E); and (3) Defendant met its burden of proving that it has disclosed all reasonably segregable, nonexempt material. (Mem. Op. 5, 6, 12.)

Plaintiff appealed this Court's decision on October 31, 2007.  (Notice of Appeal [23].) On April 28, 2008, the United States Court of Appeals for the District of Columbia Circuit remanded the case to this Court "for a statement of reasons for the grant of summary judgment with regard to the documents referred by the appellee to other agencies for processing under the Freedom of Information Act."  (Order of 4/28/08.)  The parties are currently briefing the issues raised by the Court of Appeals' remand order.

On June 6, 2008, Defendant moved to consolidate this case with Civil Action No. 08-726. In that case Plaintiff is suing the Department of Homeland Security and the Department of Justice for claims stemming from the same 2003 FOIA request that is the subject of the instant litigation.  Specifically, Plaintiff is asking the Court to compel the United States Attorney's Office in Jacksonville, Florida to provide information in their files that is responsive to Plaintiff's FOIA request.[2]  (Compl. in 08-cv-726 [1].)  Plaintiff opposes consolidation of these actions. (Pl.'s Opp'n [39] 3.)

---

[2] During the initial search for responsive records, the Secret Service located a file indexed to Planitiff's name in the Secret Service Field Office in Jacksonville. (Mem. Op. 2.)  The Jacksonville Field Office forwarded the files to the Secret Service's Freedom of Information / Privacy Act office, which determined that the files were responsive to Plaintiff's request.  (*Id*.)

**II.    Discussion**

Federal Rule of Civil Procedure 42(a) provides, in relevant part, that a court may order the consolidation of cases pending before it when those cases involve "common questions of law or fact." *See also* Local Civil Rule 40.5(a)(3) ("cases are deemed related when they involve common issues of law or fact"). Courts have discretion to determine whether consolidation is appropriate under Rule 42(a). *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001). The party filing a motion for consolidation has the burden of persuading the court that consolidation is warranted. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Watkinson v. Great Atl. & Pac. Tea Co.*, 585 F. Supp. 879, 883 (E.D. Pa. 1984). Even if cases involve common issues of fact or law, consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is also not appropriate if the cases are at different stages of litigation. *Watkinson*, 585 F. Supp. at 883; *Kligo v. Bowman Transp. Inc.,* 570 F. Supp. 1509, 1513 (N.D. Ga. 1983).

Even assuming, *arguendo*, that Plaintiff's two lawsuits involve common questions of law or fact because they both arise from his 2003 FOIA request, the Court finds that consolidation of the actions is not appropriate because the cases are at different stages of litigation. In the instant case, the Court ruled on Defendant's dispositive motions nearly ten months ago and Plaintiff's appeal of that ruling is currently pending before the Court of Appeals. Once this Court provides the Statement of Reasons that the Court of Appeals requested in their April 28, 2008 Order, that appeal will proceed. On the other hand, Civil Action No. 08-726 is in its infancy. Plaintiff filed his Complaint in that case after he had already appealed the Court's grant of summary judgment

in the instant litigation. Defendants have yet to file an Answer[3] and no scheduling order has been entered. The Court will not exercise its discretion to consolidate cases that are at such vastly different points in litigation.[4]

### III.    Conclusion

For the foregoing reasons, it is this  22nd  day of July, 2008, hereby

**ORDERED** that Defendant's Motion to Consolidate Related Cases [31] is **denied**.

                                                                        /s/
                                                    ALAN KAY
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] On June 16, 2008, United States District Judge Ellen S. Huvelle granted Defendants' Motion for an Enlargement of Time in which to respond to the Complaint and ordered Defendants to file their response with ten days after this Court resolves the pending Motion to Consolidate. (Minute Order dated 6/16/08.)

[4] Even if this Court were inclined to grant Defendant's Motion, it is likely that a problem would arise regarding this Court's jurisdiction over the consolidated cases. In the present case, both parties consented to proceed before a Magistrate Judge for all purposes and trial and the case was randomly reassigned to this Court. By contrast, in Civil Action No. 08-726, the parties have not yet the signed consent notice required by Local Civil Rule 73.1(b). On June 25, 2008, a letter was sent to the parties asking if they consented to the referral of Civil Action No. 08-726 to this Court for all purposes and trial. The parties have yet to respond, but if either party withholds consent - as it is their right to do under the Local Rules - this Court would not have jurisdiction over Civil Action No. 08-726 and consolidation would likely strip this Court of its jurisdiction over the present case.