IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARREN LAMONT KEYS
    Plaintiff,

v.                                                    Civil No. 07-0465 AK

DEPARTMENT OF HOMELAND SECURITY
    Defendant.
_____/

PLAINTIFF'S OPPOSITION AND MOTION
TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDEGMENT

In responde to this Court's May 28, 2008 order, the Department of Homeland Security(DHS) has filed a well-written, but cumbersome, motion for summary judgment.

The Government's motion must fail as it is fatally flawed, in that, this information request orginated with the U.S. Attorney's Jacksonville office which "passed-the-buck" by directing plaintiff Keys to U.S. Secret Service, who delayed responding for 5 years only to "determine that the information and documents at issue would be best handled by the originating agencies." 2d Ulmer Decl. Par 4.  See also pg. 17 of 28 of Government's brief in support.

**RECEIVED**

JUL 2 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The resolution of this case boils down to one question <u>whether this agency's referral leads to improper withholding under the McGehee tess</u>. See <u>Peralta v. United States Attorney's Office</u>, 136 F.3d 169, 175-176 (D.C. Cir. 1998) (Emphasis Added).

<u>McGehee's</u> admonition that the agency (DHS) receiving the initial request 'cannot simply refuse to act on the ground that the documents originated elsewhere' ... indeed imposes a duty on that agency, but that agency may aquit itself through referral, [if] the referral does not lead to [i]mproper withholding under the <u>McGehee</u> test." Id 136 F.3d at 175-76.

### Improper Withholding Under McGehee

This referral leads to improper withholding under the <u>McGehee</u> test because:

1) DHS misstate that five separate agencies "processed Plaintiff's request and no documents have been "improperly" withheld."

Keys recalls no response from the U.S. Attorney's executive office or local Jacksonville as the government inaccurately declared Keys only recalls receiving responses from the:

- ° F.B.I.
- ° B.O.P.
- ° U.S.S.S.; and
- ° U.S.M.S.,

-2-

none of which were responsive to the needs of Plaintiff as this entire action stems from the government's (U.S. Attorney's Jacksonville Office's) withholding of pertinent disclosable information that shed light on the Jacksonville U.S. Attorney's Office's dishonorable performance of it's statutory duties.

### (DHS) Fails McGehee Test

The DHS's referral fails the McGehee test because it leads to and perpetuates "improper withholding."

A system adoped by agency for deadline with documents of a particular kind constitutes 'withholding' of those documents if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them." See McGehee, 697 F.2d at 1110.

### Shed Light On Performance as to Investigation

In this case, Keys simply requested information which shed light on the performance of the U.S. Attorney and U.S. Secret Service's conduct with respect to the investigation.

### Non-Exempt Information

As early as 2001, Keys began asking the Jacksonville United States Secret Service and U.S. Attorney's Office to disclose all photos used in the government's case in chief, all signature cards,

all loan and credit card applications allegedly signed by Plaintiff, all claims by each bank alleged to have been defrauded; and itemized list of the alleged losses (including each transaction photo, report, and insurance claims). Keys has also requested a copy of all records of payments made on the allegedly fraudulent loans.

The government bagan its withholding by stating that Plaintiff was not allowed to have the requested information because he was incarcerated. This was hardly a proper "withholding."

The Plaintiff complained repeatedly, on the record, that he was being denied this information. The Court instructed Keys to get with his attorney.

The Court instructed counsel to have Keys brought to the Court's interviewing rooms to review all information received from government. This was never done.

Next Keys filed motions and even a civil action against counsel to compel counsel to turn over the information in his possession. The Court ordered counsel to turn over information. The information counsel truned over, only after payment for copies, did not include any of the information requested. This was evidence of the government's withholding.

Assuming arguendo, that the government would have us believe that it is proper to withhold this information. Keys respectfully directs the Court's attention to 5 USC § 552(b)(7)(c)

> exemption 7(c) exempts from mandatory disclosure
> under the FOIA information that has been compiled
> for law enforcement purposes when disclosure
> "could reasonbly be expected to constitute an unwarranted
> invasion of personal privacy."

Keys urges that the records requested does not constitute an unwarranted invasion of privacy because these records were the allegedacts of the plaintiff in obtaining loans and credit card accounts from various banks and therefore it is not an "unwarranted invasion of privacy" because the information directly pertains to the palintiff and the records that he allegedly created.

Next, Keys overcomes any concern as to the Identity of Law enforcement on the documents, this is overcome by "Redaction" as the Government has long and consistently, simply "Blanked Out" identifying information if any were included. However, most of these documents will be Bank generated, therefore without law enforcement identifiers, and should there be concern as to the Bank investigators, this information was both public during trial and disclosed by the government in its "inconclusive" discovery.

Finally, the government, in its motion, states that "plaintiff failed to appeal EOUSA's response to his FOIA request." This is inaccurate because Plaintiff does not recall ever rceiving any response from EOUSA and believes none was ever sent. This is believed to be yet another attempt at "Improper-Witholding" of the requested information.

Therefore, the government's motion must fail and therefore be stricken.

WHEREFORE, Keys respectfully prays this Honorable Court enters an Order Dismissing and/or denying the government's motion and compelling performance of disclosure in the Interest of justice and to preserve the integrity of the Judicial Process.

Done this 17th day of July, 2008.

Respectfully Submitted,

Darren Keys
33000-037
FCI Williamsburg
P.O. Box 340
Salters, S.C. 29590

## CERTIFICATE OF SERVICE

I Hereby Certify that a true and correct copy of this Motion to Strike has been forwarded to:

Rudolph Contreras, Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Streeet, N.W. Room E4212
Washington, D.C. 20530

on this 17th day of July, 2008.

Respectfully Submitted,

Darren Keys