IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARREN LAMONT KEYS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-0465 (AK) |
| ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL REPLY BRIEF IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AS ORDERED BY THE COURT**

Pursuant to the Court's Order dated May 28, 2008, defendant, the Department of Homeland Security, respectfully files this supplemental reply brief regarding the process it utilized to refer documents responsive to plaintiff's Freedom of Information Act, 5 U.S.C. 552 ("FOIA") request to the agencies from which the documents had originated.

Plaintiff's "opposition and motion to strike defendant's motion for summary judgment" ("Pl.'s Opp'n")[1] readily supports defendant's argument that it properly referred documents responsive to plaintiff's FOIA request to the agencies from which those documents had originated. Specifically, none of plaintiff's complaints regarding the referral process employed in this case warrant a finding that defendant failed to adhere to the standards in McGehee v. CIA, 697 F.2d 1095 (D.C. Cir. 1983).

First, plaintiff contends that he "recalls no response from the U.S. Attorney's executive office or local Jacksonville [office] . . . ." Pl.'s Opp'n at 2; see also id. at 5 ("Plaintiff does not

---

[1] The Court denied plaintiff's request to strike defendant's pleading in a Minute Order dated July 25, 2008. See Docket Entry dated July 25, 2008.

recall ever [receiving] any response from EOUSA and believes none was ever sent."). These unsworn statements, made in plaintiff's reply brief, that he can not "recall" any such response are inadequate to refute defendant's sworn-to declaration, submitted by Mr. John F. Boseker, that EOUSA provided a response and that plaintiff failed to exhaust his administrative remedies concerning this request. See Defendant's Brief in Further Support of its Motion for Summary Judgment as Ordered by the Court ("Def.'s Mem.") at 19-20; see also Declaration of John F. Boseker ("Boseker Decl.") ¶¶ 13-14.[2]

Second, plaintiff apparently argues that Exemption 7(C) should not be held applicable because "the records requested does [sic] not constitute an unwarranted invasion of privacy because the records were the alleged [ ] acts of the plaintiff in obtaining loans and credit card accounts from various banks . . . [and therefore] the information directly pertains to the [plaintiff] and the records that he allegedly created." Pl.'s Opp'n at 5. While plaintiff does not identify the precise records to which he refers, it is apparent that Exemption 7(C) was properly invoked in this instance. Exemption 7(C) was claimed by two agencies, the United States Marshals Service ("USMS") and the Secret Service concerning documents originating from the Bureau of Prisons. As described in further detail in the declaration of Declaration of William E. Bordley ("Bordley Decl."), the USMS asserted Exemption 7(C) to withhold the name of a federal law enforcement officer, the names of doctors, doctors' employees, and third-party individuals associated with plaintiff. Bordley Decl. ¶ 3. These redactions were applied to four pages of a five-page letter

---

[2] Additionally, to the extent plaintiff's arguments are premised on the alleged failure of the U.S. Attorney's Office in Jacksonville to provide documents responsive to his FOIA request, this Court has held that this request should be addressed separately in the subsequent lawsuit plaintiff has filed concerning this FOIA request. See Memorandum Opinion dated July 22, 2008 (Docket Entry No. 41).

prepared by the psychologist.  Id.  No redactions were made on the fifth page of the letter or the one page Secret Service report.  Id.  No further information was withheld and USMS released all reasonably segregable information to plaintiff.  Id.; see also Bordley Decl., Ex. B.  Plaintiff does not refute, or even address, these specific assertions by Mr. Bordley.  Furthermore, as it concerns the Secret Service's assertion of Exemption 7(C), this assertion was made solely in reference to the name of a Secret Service employee found on a facsimile transmittal sheet.  2d Ulmer Decl. ¶ 10.  Plaintiff does not specifically address this argument and his vague and general assertions are insufficient to support a finding that there has been any impermissible withholding in this matter.

The remainder of plaintiff's assertions are not worthy of lengthy discussion.  Plaintiff appears to refer to documents he requested from the attorney who prosecuted his criminal case and contends that his requests were not heeded.  Pl.'s Opp'n at 3-4.  However, plaintiff fails to tie these oral requests for documents to the specific FOIA requests at issue in this case.  Nor does plaintiff provide any argument or evidence worthy of credence that would support his contention that, to date, he has not been provided with all information responsive to his FOIA requests or that any claimed exemption has been wrongfully asserted.  In short, defendant is entitled to summary judgment as it concerns the referral procedure it employed in this case.  See, e.g., Sussman v. United States Marshals Service, 494 F.3d 1106, 1118 (D.C. Cir. 2007) ("Sussman mistakenly reads McGehee as barring referrals outright. . . . [The] agency may acquit itself through a referral, provided the referral does not lead to improper withholding under the McGehee test.") (citations omitted).

## CONCLUSION

For the reasons set forth above and in defendant's initial supplemental brief, defendant is

entitled to summary judgment as it concerns the documents that it referred to the agencies from which documents responsive to plaintiff's FOIA request originated.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

**COUNSEL FOR DEFENDANT**

Of Counsel:

Andrea Hagen
Attorney
Office of the Chief Counsel
950 H Street, NW
Suite 8300
Washington, DC 20223

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Supplemental Reply Brief in Further Support of Its Motion for Summary Judgment as Ordered by the Court and all supporting materials in support of the motion, were mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Darren Lamont Keys
R33000-037
F.C.I. Williamsburg
Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590

on this 5th day of August, 2008

                                          /s/
                                   MICHELLE N. JOHNSON